**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: CLASS ACTION SETTLEMENT**
**ADMINISTRATION LITIGATION**

MDL No. 3162

<span style="color:red">**FILED**</span>

**TRANSFER ORDER**

<span style="color:red">December 12, 2025</span>

<span style="color:red">Clerk, U.S. District & Bankruptcy
Court for the District of Columbia</span>

**Before the Panel**:\*  Plaintiffs in the Eastern District of Pennsylvania *Baker* action move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Pennsylvania or, alternatively, the Southern District of New York.  This litigation consists of five actions pending in four districts, as listed on Schedule A.  In addition, the parties have informed the Panel of five related actions pending in four districts.[1]

All responding plaintiffs support centralization but ask the Panel to separate and remand under Section 1407(a) the "digital payment kickback" claims in the *Baker* action.  These plaintiffs request centralization in the Northern District of California.  Six defendants[2] (including all common defendants) support centralization of all claims, including the digital payment kickback claims, in the Southern District of New York.  Defendant Kroll Settlement Administration LLC, which is named only in the *Rieger* action, takes no position on centralization but argues against selection of the Southern District of Florida—a district no party suggested—as the transferee district for this litigation.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of the District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual questions arising from an alleged scheme by three of the largest settlement claims administrators (Angeion, Epiq, and JND) to divert settlement deposits to two banks (Huntington and Western Alliance) in return for kickbacks in the form of interest and investments earned on the settlement deposits that otherwise

---

\* Judge Madeline Cox Arleo did not participate in the decision of this matter.  Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] These defendants are: Angeion Group LLC; Digital Settlement Technologies LLC; Epiq Systems, Inc.; JND Legal Administration; Huntington National Bank; and Western Alliance Bank.

- 2 -

would have been distributed to plaintiffs and class members or used to pay down the costs of class administration services. Plaintiffs in all five actions seek to represent substantially similar nationwide classes and assert similar claims under federal antitrust law, the Racketeering Influenced and Corrupt Organizations Act (RICO), and common law. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Although the non-moving plaintiffs support centralization, they ask us to separate and remand the digital payment kickback claims asserted in *Baker*. These claims involve an alleged scheme in which three providers of digital payment cards, gift cards, and virtual payment cards (Tremendous LLC, Blackhawk Network Holdings, Inc., and Digital Settlement Technologies LLC d/b/a Digital Disbursements Payments) induced the claims administrators to use their respective digital payment platforms by sharing a portion of the "breakage" (*i.e.*, revenue gained through unredeemed gift cards and unclaimed payment cards) with them. Breaking this litigation apart is not warranted. "Transfer under Section 1407 does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant where, as here, the actions still arise from a common factual core." *In re FTX Cryptocurrency Exch. Collapse Litig.*, 677 F. Supp. 3d 1379, 1381 (J.P.M.L. 2023). The digital payment kickback allegations involve the same claims administrator defendants and many of the same underlying settlements as the bank kickback allegations. Separating these claims would result in those defendants litigating, and many of the same witnesses testifying, in multiple districts. *Cf. In re Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Prods. Liab. Litig.*, 717 F. Supp. 3d 1370, 1374 (J.P.M.L. 2024) ("Separation and remand in effect would require plaintiffs in those actions to prosecute two actions for their alleged injury in two separate courts."). In contrast, centralization of these actions in their entirety will streamline proceedings and avoid the possibility of duplicative discovery and pretrial scheduling conflicts.

Furthermore, separation and remand may not be practicable. Section 1407(a) does not "authorize the Panel to transfer one issue raised by a claim . . . while remanding another issue raised by the same claim." *In re Air Crash Disaster at Duarte, Cal. on June 6, 1971*, 346 F. Supp. 529, 530 (J.P.M.L. 1972). Arguably, plaintiffs in *Baker* do not assert separate "claims" regarding the digital payment kickback scheme. None of plaintiffs' claims is directed solely to the "fintech" defendants or to the digital payment kickback allegations. Moreover, separation and remand would be required not just for *Baker*, but also for the potential tag-along actions, which also assert digital payment kickback claims, further complicating the litigation.

The District of the District of Columbia is an appropriate transferee district for this litigation. This district has very few pending MDLs, has the capacity and resources to successfully guide this litigation, and offers a convenient forum for parties and witnesses. More importantly, the Honorable John D. Bates, who sits in this district, has extensive experience with both class actions and multidistrict litigation. Though a related action is not currently pending in the District of the District of Columbia, that is not a bar to centralization there. *See In re Bard IVC Filters Prods. Liab. Litig.*, 122 F. Supp. 3d 1375, 1376–77 (J.P.M.L. 2015) (centralizing fifteen actions in the District of Arizona though no constituent action was pending in that district). We are confident that Judge Bates will steer this litigation on a prudent and expeditious course.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable John D. Bates for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton            Matthew F. Kennelly
David C. Norton                Roger T. Benitez
Dale A. Kimball

**IN RE: CLASS ACTION SETTLEMENT**
**ADMINISTRATION LITIGATION**                    MDL No. 3162

**SCHEDULE A**

Northern District of California

WHALEN, ET AL. v. EPIQ SYSTEMS, INC., ET AL., C.A. No. 3:25−04522
RIEGER v. EPIQ SYSTEMS, INC., ET AL., C.A. No. 3:25−04793

Southern District of Florida

TEJON v. EPIQ SYSTEMS, INC., ET AL., C.A. No. 1:25−22453

Southern District of New York

WHALEN v. EPIQ SYSTEMS, INC., ET AL., C.A. No. 1:25−04499

Eastern District of Pennsylvania

BAKER v. ANGEION GROUP LLC, ET AL., C.A. No. 2:25−02079