**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE CLASS ACTION SETTLEMENT ADMINISTRATION LITIGATION**<br><br>**This Document Relates To:**<br>**ALL CASES** | **Misc. Action No. 25-179 (JDB);**<br>**MDL Docket No. 3162** |

**CASE MANAGEMENT ORDER NO. 1 –**
**INITIAL PRE-TRIAL SCHEDULE**

In light of the case management conference held on March 27, 2026 [ECF No. 103], the

parties' Joint Proposed Initial Case Management Order [ECF No. 115], the Court's Initial

Procedure Order [ECF No. 8], and the entire record herein, it is hereby **ORDERED**:

1.       INITIAL PRE-TRIAL SCHEDULE—The following schedule shall govern

pre-trial proceedings:

| Event | Deadline |
|---|---|
| Early Discovery* Opens<br>*as defined infra ¶ 4 of this Order | May 1, 2026 |
| Plaintiffs File their Consolidated Master Complaint | May 18, 2026 |
| The Parties File a Proposed Protective Order, ESI Protocol, and FRE 502(d) Order (if any) | June 15, 2026 |
| The Parties Serve Initial Disclosures | June 15, 2026 |
| The Parties Complete Rule 26(f) Conferences | June 30, 2026 |

| Event | Deadline |
|---|---|
| Defendants File their Motions to Dismiss | July 17, 2026 |
| The Parties File a Rule 26(f) Report & General Discovery Plan | July 31, 2026 |
| The Parties Complete Early Discovery | August 1, 2026 |
| Plaintiffs File Oppositions to Defendants' Motions to Dismiss and/or an Amended Consolidated Master Complaint[1] | September 15, 2026 |
| Defendants File Replies in Support of their Motions to Dismiss | October 30, 2026 |

2.      JULY 2026 CASE MANAGEMENT CONFERENCE—A case management conference in this matter is set for **July 28, 2026, at 10:30 a.m.** in Courtroom 30A of E. Barrett Prettyman United States Court House, 333 Constitution Ave. NW, Washington, D.C.  This conference shall address outstanding issues or disputes regarding Early Discovery, Initial Disclosures, proposed protective, ESI, and Federal Rule of Evidence 502(d) orders, and the parties' forthcoming Rule 26(f) report and discovery plan.  The case management conference will also address the timing of future conferences.

If any counsel or party wishes to participate remotely, such person shall confer with all counsel from their side and identify one designee to contact chambers of the undersigned judge and request remote access by not later than three business days in advance of the conference. Chambers will send a videoconference line to each side's designee, and that designee shall

---

[1] If plaintiffs elect to file an Amended Consolidated Master Complaint instead of Oppositions to Defendants' Motions to Dismiss, the parties shall meet and confer upon a new proposed motion to dismiss briefing schedule.  And the parties shall submit their new proposed briefing schedule to the Court by not later than 14 days after plaintiffs file their Amended Consolidated Master Complaint.

distribute the line to their side's interested counsel and parties. All remote participants shall be online by not later than 10:25 a.m. on the date of the conference.

3.      JULY 2026 JOINT STATUS REPORT—The parties shall submit a Joint Status Report to the Court, by not later than **July 20, 2026,** outlining the discovery or other disputes, if any, to be addressed at the July 28, 2026, management conference.  The Joint Status Report shall briefly summarize the parties' positions on each dispute.

4.      EARLY DISCOVERY—As contemplated by Federal Rule of Civil Procedure 16.1 and its committee notes—and as is proper and proportional here—the parties may conduct limited Early Discovery during the pendency of motion to dismiss briefing.  Early Discovery may include third-party discovery, and shall take the form of interrogatories pursuant to Federal Rule of Civil Procedure 33 and/or requests for production pursuant to Federal Rule of Civil Procedure 34. Requests for admission, depositions, and other forms of discovery are not permitted during Early Discovery.  All Early Discovery shall also be subject to the following substantive limitations:

A.      Early Discovery must pertain to the underlying class actions (i) expressly identified by their case name or number in the complaints filed in the 12 cases consolidated in this litigation as of March 27, 2026, (ii) where the court with jurisdiction over the underlying class action issued an order granting final approval of the action's settlement prior to March 28, 2026[2];

---

[2] At the Initial Case Management Conference held on March 27, 2026, the Court informed the parties that it intended to permit Early Discovery into only "closed" class actions.  The Court left ambiguous, however, whether approval of a final settlement agreement, completion of funds dispersal, or some other action "closed" a class action.

The Court resolves that ambiguity today, ordering that the parties may take Early Discovery—subject to the other limitations provided herein—related to underlying class actions where the court with jurisdiction over the class action granted final approval of a settlement agreement resolving the action prior to March 28, 2026.  Restricting the scope of discovery to class actions with final, approved settlement agreements prevents this Court from intruding upon the jurisdiction of other courts that have not yet approved the settlement administration structures and agreements that plaintiffs challenge in this litigation.

B.     Early Discovery must pertain to (i) contracts or agreements entered into by defendants in this litigation, or by plaintiffs' counsel in the underlying class actions, relating to the handling or disbursement of settlement funds; or (ii) negotiation of such contracts or agreements; **and**

C.     Early Discovery may not seek bank records; accounting records; transmittals; or any records not tied to either (i) an existing contract or agreement, or (ii) the negotiation of such a contract or agreement.

The Court reminds the parties that they must meet and confer on any discovery dispute prior to filing a motion to compel or bringing the dispute to the Court's attention at a hearing.

Finally, the Court underscores that the scope of Early Discovery is not determinative of the scope of general discovery in this action, should it progress past the motion to dismiss phase. Nor is the scope of Early Discovery indicative of the Court's views on Rule 23(c)(1)(B) class definition(s). As the parties have acknowledged, discussion of class certification is both legally and factually premature at this early juncture. And any future class certification motion(s) would necessarily raise jurisdictional and merits issues not germane to the Court's Early Discovery Order.

5.     CONSOLIDATED COMPLAINT—Plaintiffs shall file a single consolidated master complaint, which shall be the superseding and legally operative complaint, not merely an administrative complaint summarizing individual complaints. See Gelboim v. Bank of America Corp., 574 U.S. 405, 413 n.3 (2015).

6.     PROTECTIVE ORDER, ESI ORDER, AND FRE 502(D) ORDER—The parties shall meet and confer and submit joint proposed protective, ESI, and Federal Rule of Evidence 502(d) Orders. If the parties are unable to reach agreement on an order, they shall file a joint submission setting forth each party's proposed language and a brief statement of each party's

position with respect to any disputed provisions.  The parties' joint proposed ESI Order shall include a protocol governing the format and timing for production of privilege logs, consistent with the Federal Rules and this court's local rules and guidelines for ESI discovery.

The Court again reminds the parties of their ongoing obligation to take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation.  See Initial P. Order No. 1 [ECF No. 8] ¶ 7.

7.      INITIAL DISCLOSURES—The parties shall make their initial disclosures in the scope and form provided by Federal Rule of Civil Procedure 26(a)(1).

8.      LEADERSHIP APPOINTMENTS—The Court has appointed Lead Counsel, an Executive Committee, and a Leadership Development Committee for the plaintiffs, and defendants have identified their Liaison Counsel.  See Leadership Appt. Orders [ECF Nos. 111–12, 117].

9.      COMMON BENEFIT WORK—Plaintiffs shall submit a proposed Common Benefit Case Management Order by not later than May 25, 2026.  The proposed Common Benefit Order must address standards and procedures for fair and equitable sharing of common benefit work and expenses among plaintiffs and their counsel, including reasonable and necessary third-party vendor expenses.

**SO ORDERED.**

_____/s/_____
JOHN D. BATES
United States District Judge

Dated:  <u>April 30, 2026</u>