**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE CLASS ACTION SETTLEMENT ADMINISTRATION LITIGATION** | **Misc. A. No. 25-179 (JDB)** |
| | **MDL No. 3162** |
| **This document relates to: ALL CASES** | |

**[PROPOSED] COMMON BENEFIT ORDER NO. 1
PROTOCOLS FOR PLAINTIFFS' COUNSEL
COMMON BENEFIT WORK AND EXPENSES**

On April 9, 2026, the Court appointed Plaintiffs' Lead Counsel ("Lead Counsel"), Plaintiffs' Executive Committee ("PEC") and Plaintiffs' Leadership Development Committee ("LDC"). *See* Dkt. No. 111. This Common Benefit Order No 1. ("Order") is entered to provide standards and procedures for the fair and equitable sharing among Plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit for all Plaintiffs in this complex, multi-district litigation. By this Order, the following protocols shall govern all common benefit work and expenses in this Action, including, among other issues, the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses,

and/or costs; staffing; and rules for attendance at court hearings or other related proceedings in this Action.[1]

The principles governing the award of common benefit fees are derived from the United States Supreme Court's common benefit doctrine, as initially established in *Trustees v. Greenough*, 105 U.S. 527 (1881), and as refined in cases including *Central Railroad & Banking Co. of Georgia v. Pettis*, 113 U.S. 116 (1885), *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939), *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970), and *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980).

In addition, the Court's authority to award common benefit fees derives from its equitable authority and its inherent managerial power over this coordinated multidistrict litigation pursuant to 28 U.S.C. § 1407(b). S*ee, e.g., In re Vioxx*, 802 F. Supp. 2d 740, 770 (E.D. La. 2011); *In re Diet Drugs*, 582 F.3d 524 (3d Cir. 2009); *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1008 (5th Cir. 1977); and Manual for Complex Litigation, §14.121.

This Order applies to all cases now pending in MDL 3162, as well as to any cases later filed in, transferred to, or removed to this Court and included as part of MDL 3162, and to all Participating Counsel as further described herein.

---

[1] Nothing in this Order shall be interpreted to affect any proceedings other than those involving the authorities, duties, responsibilities, guidelines, and rules of and for Plaintiffs' counsel, as discussed herein.

### ADOPTION OF CASE MANAGEMENT PROTOCOLS FOR COMMON BENEFIT WORK PERFORMED

The Court hereby adopts the following protocols and guidelines for the management of case-staffing, timekeeping, expense reimbursement, and related common benefit issues. The recovery of common benefit attorneys' fees and expense reimbursements will be limited to "Participating Counsel."

"Participating Counsel" shall be defined as Lead Counsel and PEC (along with members and staff of their respective firms), LDC, any other counsel specifically authorized by Lead Counsel or this Court to perform work that may be considered for common benefit compensation, and/or any other counsel who have been specifically approved by Lead Counsel or this Court as Participating Counsel prior to incurring any such common benefit expenses.

## I.    COMPENSABLE COMMON BENEFIT WORK

"Common Benefit Work" is work performed and expenses incurred that inure to the common benefit of Plaintiffs in this MDL after the entry of the Court's order appointing leadership on April 9, 2025. Dkt. 111. All services rendered on behalf of the Class must be specifically authorized by Lead Counsel in writing prior to work being performed. Submission of monthly time reports and expenses does not constitute acceptance of the reported time and expenses.

3

### A. Eligibility for Common Benefit Fees and/or Expenses

Only Participating Counsel can perform common benefit work or incur expenses for the common benefit, receive or have access to common benefit work product, and seek common benefit fees and reimbursement of common benefit expenses. Other than as said herein, only Participating Counsel will be entitled to receive any common benefit work product or make a claim (or recover) for any common benefit fees and expense reimbursements.

This Order establishes the guidelines regarding the submission and compensability of common benefit time and expenses. Participating Counsel will only be eligible to receive common benefit attorney's fees and expense reimbursement if the time expended, costs incurred, and activity in question were (a) for the common benefit of the Class, (b) appropriately authorized (as defined in this section), and (c) timely and properly submitted. Compliance with these guidelines is required for common benefit time and expenses to be eligible for compensation but it does not create a presumption that such time and expenses will be compensated or reimbursed. The final determination of any allocation of common benefit fees and expenses, if any, will be made by the Court.

Lead Counsel will ensure proper compliance by all Participating Counsel (and authorized Non-Participating Counsel) with this Order.

### B. Authorization for Common Benefit Work

4

Only authorized common benefit work is eligible for consideration for compensation. Authorized common benefit work is an assignment made or authorized by Lead Counsel, subject to the provisions of this Order. Authorization for common benefit work must be given prior to the commencement of the work and must be in writing (e.g., by email). Blanket authorizations (e.g., "general discovery," "expert work," or "depositions") or authorizations unlimited in time will not be accepted. Time spent developing or processing individual issues in any case for an individual client will not be considered for common benefit and it should not be submitted. Time spent on unauthorized work should not be submitted and will not be compensable.

## II.   ASSESSMENTS

The timing and amount of common benefit assessments shall be determined by Lead Counsel and shall include for consideration items such as a) leadership position; b) number of hours previously billed; and, c) to a lesser degree, held costs. Failure to pay assessments will be grounds for removal from Leadership Appointments made in previous Court orders or other common benefit assignments. The Lead Counsel shall also maintain records of receipts and all disbursements of advanced litigation expenses.

Once notice of an assessment is received, the assessed leadership firms will have thirty (30) days to deposit their respective assessments into the Litigation

Fund.[2] If a firm has not deposited its assessment after thirty (30) days, then Participating Counsel from that firm will be ineligible for common benefit work while the firm is delinquent in its assessment and any common benefit work performed while the firm is in arrears will not be eligible for compensation. If a firm fails to deposit its assessment within sixty (60) days of receiving notice of an assessment, and the firm does not demonstrate to the satisfaction of Lead Counsel good cause for such delinquency, Participating Counsel from that firm may be rendered ineligible for any compensation for common benefit work or expenses.

The assessed funds must be held in an interest-bearing account at a federally insured banking institution as designated and approved by Lead Counsel. The account(s), to be known as the Litigation Fund, will be maintained by Lead Counsel with primary oversight by Lead Counsel and the Court. Any funds to be paid out of such account(s) may be paid only at the direction of the Lead Counsel. Lead Counsel shall apply for and receive a Federal Tax ID number for the Litigation Fund.

## III.    LITIGATION FUND PAYMENTS

The purpose of the Litigation Fund is to pay the costs necessary to fund the litigation ("Shared Costs").  Shared Costs include, but are not limited to:

1.    Deposition and court reporter costs;

---

[2] The Court expects all assessed law firms to contribute their assessments on a timely basis. That said, the Court recognizes that exceptional circumstances may occasionally arise, in which case Lead Counsel is authorized to determine the best course of action.

2.    Expert witness and consultant fees and expenses;

3.    Court-appointed Special Master(s) fees and expenses, should any be appointed;

4.    Fees and costs for retained vendors performing work on behalf of all plaintiffs, including but not limited to Electronically Stored Information document depository and review platform; and,

5.    Translation services (if any).

In the event there is a dispute regarding whether a cost is appropriately a Shared Cost to be paid from the Litigation Fund, Lead Counsel will make the final determination to pay or reject the expense or deem it as a held cost.

Lead Counsel, in communication with the PEC, will solicit legitimate bids for all potential vendor services with a Request for Proposal. Vendor bids shall be sealed and not shared with vendors seeking to bid for services. Any vendor submitting a bid for services shall agree to disclose and provide any sub-contractor agreements, mark-ups of sub-contractor services, and any financial interests in or relationships with any party to this litigation.  Financial interest disclosures shall be made in writing at the time of bid submission and, if any financial interest or relationship is identified, Lead Counsel shall promptly file such disclosure with the Court prior to execution of any contract with that vendor. All vendor invoices submitted for payment shall set forth clearly: costs, markups, sufficient description to allow a

reviewer to understand specifically what work was completed, and must be accompanied by a statement from the submitting vendor that the vendor has reviewed the invoice and that the invoice (a) adequately describes and reflects the work performed, and (b) is reasonable for the work performed. All vendors must also agree that any contractual dispute unable to be resolved by Lead Counsel and the vendor shall be resolved by the Court, with all parties waiving any rights to appeal. All proposed contracts or agreements with third-party vendors and experts must be reviewed and approved by Lead Counsel for that vendor or expert to be eligible for payment from the Litigation Fund.

To be eligible for payment from the Litigation Fund, all invoices for professional services, such as experts or other consultants, must comply with the following guidelines:

1. Invoices should reflect time worked in one-tenth (.10) hour increments;

2. Invoices should contain a sufficient description to allow a reviewer to understand specifically what work was completed; and,

3. Invoices must be accompanied by a statement from the submitting vendor, expert, or submitting party that the vendor, expert, or attorney has reviewed the invoice and that the invoice (a) adequately describes and reflects the work performed, and (b) is reasonable for the work performed.

Failure to follow these procedures will result in the non-payment of such invoices. Requests for payment or reimbursement of Shared Costs from the Litigation Fund must be submitted by the 20th of the month using the centralized system selected by Lead Counsel with the Court's approval. A template for submission will be provided to Participating Counsel upon selection of a time and expense vendor. Any request for payment or reimbursement of Shared Costs from the Litigation Fund must be accompanied by a certification attesting that the subject expense was for the common benefit and was approved by Lead Counsel. Lead Counsel will determine whether such invoices are appropriately Shared Costs to be paid from the Litigation Fund. If the invoice is deemed to be an appropriate Shared Cost and meets the requirements set forth in this section, Lead Counsel will make payment on or before the last day of the following month.

## IV.    TIME AND EXPENSE RECORD SUBMISSION

Each lawyer or staff member working on common benefit activities must submit a separate report of his/her time and expense records every month using the template that will be provided to Participating Counsel upon selection of a time and expense vendor. Report periods close on the last day of each month, and records for time worked or expenses incurred during that period must be submitted by the 20th day of the following month, regardless of whether that day falls on a holiday or

weekend.[3] For example, all time and expense entries for common benefit activities performed in May would be due June 20th.

Common benefit time and expense entries must be submitted directly into a centralized system selected by Lead Counsel. No other form of submission for time and expenses will be accepted. All time and expense entries must be accompanied by a certification that the time and/or expenses are true, accurate, approved by Lead Counsel (if required), and compliant with this Court's orders. The failure to secure authority to incur common benefit time and expenses, to maintain and timely provide such records, or to provide a sufficient description of the activity will be grounds for denying the recovery of common benefit attorney's fees or reimbursement of held costs or common benefit expenses. Failure to provide time and expense records as set forth herein will result in a waiver of the same unless, due to extenuating circumstances, a specific extension is granted in writing prior to the due date by Lead Counsel.

## V.    TIME AND EXPENSE REVIEW AND REPORTING

The forms and records detailing both time and expenses will be subject to periodic review by Lead Counsel, whose appointment includes the performance of such services as set forth in this Order. Lead Counsel will work to ensure accuracy

---

[3] For the first reporting period following entry of this Order, submissions shall include all time and expenses incurred in connection with common benefit activities dating back to April 9, 2026, the date of the Court's initial leadership appointment order. *See* Dkt. 111.

of time and expense submissions, as well as their compliance with the Court's orders. The purpose of the Lead Counsel's substantive review is to have time and expenses reviewed and accepted or rejected as eligible for common benefit compensation as the litigation progresses and not wait for a substantive review until near the end of the litigation. It is the Court's intent to avoid, as much as possible, any disputes over the classification of time and expenses as common benefit and the value of same.

The Court directs Lead Counsel to provide the Court with semi-annual reports regarding the administration of the Litigation Fund, time submitted for work performed for the common benefit, as well as any other issues related to common benefit administration.

## VI.   COMMON   BENEFIT   TIME   AND   EXPENSE   ENTRY REQUIREMENTS AND LIMITATIONS

### A. Requirements and Limitations for Held Costs

Held Costs are costs incurred in connection with authorized common benefit work but that will be carried by each law firm through the pendency of the litigation. Only reasonable expenses, consistent with the limitations discussed herein and incurred in connection with authorized common benefit work, will be eligible for reimbursement. Compliance with the below guidelines merely renders Held Costs eligible for potential future reimbursement. In no event will Held Costs be reimbursed without a Court order. All expense submissions for Held Costs must include (a) the date the expense was incurred, (b) the category of the expense, (c)

11

the amount of the expense, (d) the person who incurred the expense, (e) a short but specific description of the expense, and (f) a receipt verifying the amount of the expense. Attorneys must keep receipts for all expenses. If a receipt is not available, copies of cancelled checks or credit card statements reflecting the date of the expense, nature of the expense, and amount of expense may be submitted.[4] If neither a receipt nor credit card statement is available, counsel must submit a declaration outlining the details of the expense.

### 1. Travel Limitations

#### a. Airfare

Reasonable and appropriate airfare will be reimbursed and is subject to audit and review. Airfare deemed excessive or which is not related to an assigned task or judicial requirement will not be reimbursed. Only the lowest-price available coach airfare at time of booking for a reasonable itinerary will be eligible for reimbursement. Notwithstanding the foregoing, first-class airfare is allowed for cross-country flights that exceed four (4) hours total flight time or for international flights. Airfare expense submissions must be supported by invoice or receipt for airfare that shows class of airfare purchased, name of traveler, destination, and description of assigned task or judicial requirement necessitating air travel. If first-

---

[4] Credit card statements being submitted for airfare must show all the components of the expense outlined in "Airfare" (below) including the class of fare purchased.

class is flown but not authorized, only coach fare is reimbursable, and proof of applicable coach fare must be provided. The use of private aircraft will not be reimbursable except for (a) the specific attorney(s) authorized by Lead Counsel to attend the event necessitating such travel, and (b) at the cost of the lowest-price available coach airfare for that itinerary.

### b.  Hotel

Reasonable and appropriate hotel accommodations will be reimbursed. Hotel accommodations deemed excessive or which are not related to an assigned task or judicial requirement will not be reimbursed.

### c.  Meals

Meal expenses must be reasonable. Meal expense submissions must identify the attendees for that meal. Meals will not be reimbursed for spouses or Non-Participating Counsel or other persons.

### d.  Cash Expenses

Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed, as long as the expenses are reasonable and properly itemized.

### e.  Rental Automobiles

Luxury automobile rentals will not be fully reimbursable. If luxury automobiles are selected, then the difference between the luxury and non-luxury

vehicle rates must be shown on the travel reimbursement form, and only the nonluxury rate may be claimed, unless the larger sized vehicle is needed to accommodate several Participating Counsel or materials necessary to be transported to a deposition or trial. Rental automobile expense submissions must be supported by receipts or credit card statements. Such rentals are limited to travel pursuant to an assigned or required task by Lead Counsel related to this litigation.

### f.  Private Drivers and Hired Cars

Expenses for private transfers will only be reimbursed that average taxi/ride share rates for the city in which the transferred incurred. Waiting or idle time will not be reimbursed.

### g.  Mileage

Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the Internal Revenue Service as of the date of the trip.

### 2.  Non-Travel Limitations

### a.  Firm Overhead Costs

Firm overhead costs (including but not limited to expenses for office supplies or equipment, standard phone or internet service, maintenance of firm's website,

etc.) are not reimbursable as common benefit expenses. Electronics or supplies reusable elsewhere are considered overhead and not common benefit.

### b. Client Recruitment

Expenses for advertising or other expenses for the purpose of marketing, client recruitment, or client acquisition are not reimbursable as common benefit expenses.

### c. Shipping, Overnight, Courier, and Delivery Charges

All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

### d. Postage Charges

A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

### e. Photocopying

The maximum copy charge for internal copying is $0.20 per page for black and white copies and $0.35 per page for color copies. Digital scans are only reimbursed at the photocopying rates. Both photocopying and digital scans must be submitted with a contemporaneous log or other supporting documentation for the expense incurred.

### f. Computerized Legal Research

Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services.

### B. Requirements and Limitations for Common Benefit Work

Authorized common benefit work includes assignments made or authorized by Lead Counsel. Plaintiffs' counsel who seek to recover Court-awarded common benefit attorney's fees and expenses in connection with this litigation must keep a daily contemporaneous record of their time and expenses, noting with specificity the hours, location, and particular activity (such as "conducted deposition of John Doe"). Time entries that are not sufficiently detailed may not be considered for common benefit compensation. To be eligible for compensation, each time entry must include (a) the amount of time worked in one-tenth (.1) hour increments, (b) the name of the attorney/paralegal performing the task, (c) the law firm name, (d) the professional level/title of the attorney or paralegal performing the task, (e) a description of the particular common benefit activity performed (with sufficient detail to permit meaningful review), (f) the appropriate litigation task code, and (g) the name of the member of Lead Counsel firm who authorized the activity in question. Compliance with the below guidelines merely renders work eligible for potential future

16

compensation. Fee awards, if any, will be determined by the Court. Examples of authorized and unauthorized common benefit work include, but are not limited to:

### 1. Depositions

Participating Counsel may attend any deposition, space permitting. However, if such counsel has not been designated as one of the authorized questioners or otherwise authorized to attend the deposition by Lead Counsel, the time and expenses will not be considered common benefit work. For counsel who are designated by Lead Counsel to take or defend a deposition, such counsel may have the assistance of one other attorney from his/her firm at the deposition, whose time may be considered common benefit time and whose expenses may be compensable. Reasonable time spent in preparation for a deposition may be considered common benefit work, provided that such preparation is directed or authorized by the counsel designated by Lead Counsel to first-chair the deposition.

### 2. Periodic MDL Conference Calls

Periodic MDL conference calls are held so that individual attorneys are kept up-to-date on the status of the litigation, and participation by listening to such calls is not common benefit work. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that is a reason to listen in on those calls. The attorneys designated by Lead Counsel to run or participate in those calls are working for the common benefit by keeping other

lawyers informed and educated about the case, and their time will be considered for the common benefit. Nothing in this paragraph should be construed to prevent members of the PEC from submitting common benefit time for participation in PEC communications that are germane to all members of the PEC and are necessary to fulfill their PEC obligations.

### 3.   Periodic Status Conferences

Regular status conferences are held so that the litigation continues to move forward efficiently and legal issues are resolved with the Court. Individual attorneys are free to attend any status conference held in open court to keep apprised on the status of the litigation and participation, but attending and listening to such conferences is not common benefit work. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit time or expense. The attorneys designated by Lead Counsel to address issues that will be raised at a given status conference or requested by the Lead Counsel to be present at a status conference are working for the common benefit and their time and expenses will be considered for common benefit. Similarly, Lead Counsel, as well as any other attorney whose attendance at a status conference is specifically requested by the Court may submit their time and expense for evaluation as common benefit time and expense.

### 4.  Committee Meetings or Calls

For purposes of committee phone calls or other meetings, a presumption exists that only one participant per firm will qualify for common benefit time, unless a committee contains more than one attorney otherwise authorized by the Lead Counsel.

### 5.  Identification and Work Up of Experts

Participating Counsel are expected to identify experts in consultation with the Lead Counsel. If a Participating Counsel travels to and retains an expert without the knowledge and approval of the Lead Counsel, that attorney understands that the MDL may not need or use that expert and the attorney's time and expenses may not be eligible for common benefit time or expenses reimbursement.

### 6.  Attendance at Seminars

Attendance at a seminar will not be considered common benefit work.

### 7.  Document Review

Only document review specifically authorized by the Lead Counsel for the MDL and assigned to an attorney will be considered common benefit work. The review done in a designated attorney's office will be performed by appropriately trained individuals selected by the attorney. If a reviewer elects to review documents beyond the scope of the review assigned to that attorney by the Lead Counsel for the MDL, that review is not considered common benefit work. Lead Counsel will

19

receive periodic reports from the vendor(s) retained to manage the electronic production of computer billing time for depository review. Such vendor(s) should have the capability to track actual time spent by each attorney reviewing documents. Lead Counsel will review all time submissions related to document review, and document review that is duplicative of what has been assigned in the MDL may not be compensated.

### 8.  Contract Attorneys

Work by attorneys who are hired as contract attorneys will not be eligible for common benefit consideration without the prior express authorization of Lead Counsel.

### 9.  Review of Pleadings and Orders

All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by Lead Counsel to review or summarize those pleadings or orders for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel reviewing those pleadings and orders are doing so for their own benefit and the benefit of their own clients, and the review is not considered common benefit. Nothing in this paragraph should be construed to prevent the Lead Counsel, PEC, LDC, or other Participating Counsel from submitting common benefit time for

reviewing orders of the Court that are germane to all members of the leadership and are necessary for review to fulfill their committee or court appointed obligations.

### 10. Emails

All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of group or mass emails is part of that obligation. Time recorded for reviewing emails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email. For example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable. If time submissions are heavy on email review and usage with little related substantive work, that time may be heavily discounted or not compensated at all.

### 11. Written Discovery

All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of discovery responses served in this litigation is part of that obligation. Merely reviewing discovery responses for informational purposes is not common benefit work, and all counsel doing so are reviewing for their own benefit and the benefit of their own clients. Time spent on written discovery matters will be considered common benefit

21

work only where the attorney has been specifically authorized or designated by Lead Counsel to perform such work. Authorized common benefit work in this category includes: drafting written discovery requests; reviewing discovery responses to identify deficiencies and drafting deficiency letters arising therefrom; reviewing documents produced in response to discovery requests for the purpose of identifying deficiencies in the production; working with document vendors to identify, track, or address deficiencies in productions; and conferring or interacting with defense counsel regarding discovery deficiencies, disputes, or compliance, including reasonable preparation time for such conferences. All other review of discovery responses, productions, or related materials, where not performed pursuant to a specific authorization or designation by Lead Counsel, is not common benefit work and will not be compensable. Nothing in this paragraph should be construed to prevent Lead Counsel or members of the PEC from submitting common benefit time for written discovery work that is germane to all members of the leadership and is necessary to fulfill their committee or court-appointed obligations.

### 12. Pleadings, Legal Briefs, and Legal Research

All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings, briefs, and legal research prepared in this MDL is part of that obligation. Merely reading or reviewing a pleading, brief, or other legal memorandum prepared by others is not

common benefit work, regardless of the complexity of the document reviewed. Time spent on pleadings, legal briefs, and legal research will be considered common benefit work only where: (a) the attorney has been specifically authorized or directed by Lead Counsel to perform such work; and (b) the attorney performs substantive work product, which includes drafting, providing written redlines or substantive written comments to a draft pleading or brief, or preparing a legal memorandum or research memorandum at the direction of Lead Counsel. Passive review of a draft for informational purposes, or providing non-substantive feedback, does not constitute common benefit work and will not be compensable. Where Lead Counsel directs an attorney to prepare a legal research memorandum or to conduct targeted legal research in support of a specific MDL motion, brief, or strategy, such time may be considered common benefit work provided it is submitted with a description sufficient to identify the specific assignment, the directing attorney, and the work product produced. Legal research that is general in nature, duplicative of research already performed in the MDL, or not tied to a specific authorized assignment will not be considered common benefit work and will not be compensated. Nothing in this paragraph should be construed to prevent Lead Counsel or members of the PEC from submitting common benefit time for drafting, reviewing, or providing substantive written input on pleadings, briefs, or

23

legal memoranda that are germane to all members of the leadership and are necessary to fulfill their committee or court-appointed obligations.

### 13. Litigation Strategy & Analysis

All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of litigation analyses, strategic memoranda, or case assessments prepared in this MDL is part of that obligation. Merely reading or reviewing such materials prepared by others is not common benefit work, regardless of the significance of the materials reviewed.

Time spent on litigation analysis and strategy will be considered common benefit work only where the attorney has been specifically authorized or designated by Lead Counsel to perform such work. Authorized common benefit work in this category includes: developing and executing day-to-day litigation strategy on behalf of all plaintiffs; analyzing legal issues, factual developments, or discovery results in furtherance of the common litigation effort; preparing strategic memoranda or case assessments at the direction of Lead Counsel; coordinating litigation activities across Participating Counsel; and responding to case developments that require prompt strategic analysis or action on behalf of all plaintiffs. Participation in strategy meetings or calls is compensable only where the attorney has been designated by Lead Counsel to actively contribute, and not merely to listen. All other review of litigation analyses, strategic memoranda, or

case assessments performed without specific authorization or designation by Lead Counsel is not common benefit work and will not be compensable. Nothing in this paragraph should be construed to prevent Lead Counsel or members of the PEC from submitting common benefit time for litigation analysis and strategy work that is germane to all members of the leadership and is necessary to fulfill their committee or court-appointed obligations.

### 14. Paralegal Work

Work performed by paralegals will be subject to all the same procedures and requirements set forth in this Order as that performed by attorneys. In the event Participating Counsel are unsure if the task or action they are about to undertake is considered a common benefit task or action, counsel should ask the Lead Counsel in advance as to whether the time may or may not be compensable.

The Court maintains jurisdiction over this Order and will modify it as necessary going forward.

**SO ORDERED this _____ day of _____, 2026.**


_____
**JOHN D. BATES**
**UNITED STATES DISTRICT JUDGE**


25

## CERTIFICATE OF SERVICE

I, Shauna B. Itri, hereby certify that on May 22, 2026, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

/s/ Shauna B. Itri
Shauna B. Itri

26