# Appendix A

## APPENDIX A: RELEVANT STATES' CHOICE OF LAW RULES

| Type of Choice of Law Test | Relevant States | Relevant Law for Breach of Fiduciary Duty Claims |
|---|---|---|
| **Most Significant Relationship** | Florida (*See Bishop v. Fla. Specialty Paint Co.*, 389 So.2d 999, 1001 (Fla. 1980); *Bates v. Cook, Inc.*, 509 So.2d 1112, 1114 (Fla. 1987)). | *See Trumpet Vine Invs., N.V. v. Union Cap. Partners I, Inc.*, 92 F.3d 1110, 1115-1116 (11th Cir. 1996) (finding that Florida applies the most significant relationship test to tort claims such as breach of fiduciary duty). |
| | Missouri (*See Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo. 1969)). | *See E. Maine Baptist Church v. Union Planters Bank, N.A.*, 244 F.R.D. 538, 547 (E.D. Mo. 2007) ("Missouri courts apply the 'most significant relationship' test to determine the choice of law in general tort actions, including actions for breach of fiduciary duty."). |
| | New Jersey (*See P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 460 (N.J. 2008)). | *See Krys v. Aaron*, 106 F.Supp.3d 472, 479 485-486 (D.N.J. 2015) (applying New Jersey's most significant relationship choice of law analysis to the plaintiffs' breach of fiduciary duty claim). |
| **Governmental Interest Analysis** | California (*See Wash. Mut. Bank, FA v. Superior Ct.*, 15 P.3d 1071, 1080-1081 (Cal. 2001); *Sullivan v. Oracle Corp.*, 254 P.3d 237, 244-245 (Cal. 2011)). | *See Kabushiki Kaisha Megahouse v. Anjar Co. LLC*, 2014 WL 5456523, at *8 (C.D. Cal. Oct. 20, 2014) (applying California's governmental interest analysis to the plaintiff's breach of fiduciary duty claim); *Luminate Home Loans, Inc. v. Better Mortg. Co.*, 2025 WL 3641176, at *3 (S.D. Cal. Dec. 16, 2025) (same); *Marshall v. Ameriprise Fin. Servs.*, 735 F.Supp.3d 1229, 1238-1239 (E.D. Cal. 2024), *vacated and remanded sub nom. on other grounds, Marshall v. Ameriprise Fin. Services, LLC*, 2026 WL 910208 (9th Cir. Mar. 30, 2026) (same). |

| Type of Choice of Law Test | Relevant States | Relevant Law for Breach of Fiduciary Duty Claims |
|---|---|---|
| **Governmental Interest Analysis** | District of Columbia (*See Corp. Accountability Lab v. Sambazon, Inc.*, 340 A.3d 1277, 1285-1286 (D.C. 2025)). | *See Boomer Dev., LLC v. Nat'l Ass'n of Home Builders of U.S.*, 258 F.Supp.3d 1, 8 (D.D.C. 2017) (applying the District of Columbia's "modified governmental interests analysis" to the plaintiffs' breach of fiduciary duty claims). |
| **Lex Loci Delicti** | Alabama (*See Fitts v. Minn. Min. & Mfg. Co.*, 581 So.2d 819, 820, 823 (Ala. 1991)). | *See Fed. Nat'l Mortg. Ass'n v. GNM II, LLC*, 2014 WL 1572584, at *3 n.4 (M.D. Ala. Apr. 17, 2014) ("In Alabama, breach of fiduciary duty is a tort claim…Under Alabama's choice of law doctrine, torts are governed by the law where harm occurred."); *Prudential Mut. Fund Servs., LLC v. Meredith*, 2021 WL 3116819, at *4 (S.D. Ala. July 22, 2021). |
| **Place-With-the-Greatest-Interest Analysis** | New York (*See Padula v. Lilarn Props. Corp.*, 644 N.E.2d 1001, 1002 (N.Y. 1994); *Cooney v. Osgood Mach., Inc.*, 612 N.E.2d 277, 280 (N.Y. 1993)). | *See Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F.Supp.2d 273, 280 n.1 (S.D.N.Y. 2008) (finding that breach of fiduciary duty claims are analyzed under New York's interest analysis applicable to torts); *Taylor v. N.Y. Life Ins. Co.*, 2021 WL 467127, at *7 (S.D.N.Y. Feb. 9, 2021) (applying New York's interest analysis to a breach of fiduciary duty claim). |
| **Modern Flexible Interests/Contacts Analysis** | Pennsylvania (*See Griffith v. United Air Lines, Inc.*, 203 A.2d 796, 805-806 (Pa. 1964); *Taylor v. Mooney Aircraft Corp.*, 430 F.Supp.2d 417, 421-422 (E.D. Pa. 2006); *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 224 (3d Cir. 2007) (characterizing Pennsylvania's choice of law approach as "the modern flexible 'interests/contacts' choice of law doctrine")). | *See Hayes v. Am. Int'l Grp.*, 2014 WL 3746813, at *19 (E.D. Pa. July 29, 2014) (applying Pennsylvania's flexible approach to a choice of law analysis to the plaintiff's breach of fiduciary claim). |

# Appendix B

# APPENDIX B: ORGANIZED FACTS RELEVANT TO CHOICE OF LAW

| States | Plaintiffs Domiciled in State[1] | Transferred Actions Originating in State[2] | Underlying Class Actions Originating in State[3] |
|---|---|---|---|
| Alabama | Brooke Tennery, Scott Dendy. | *Tennery v. Angeion Group LLC, et al.,* (No. 2:25-cv-1982) (N.D. Al.), *see* Conditional Transfer Order, ECF No. 2; *Dendy v. Angeion Group LLC, et al.,* (No. 2:25-cv-1936) (N.D. Al.), *see* Conditional Transfer Order, ECF No. 2. | *Blue Cross Blue Shield Payment*, No. 13-CV-200000-RDP (N.D. Ala.). |
| California | Davin A. Hetland, Alan Starzinski, Chasom Brown, Sammuel Tsou, Nicole Rieger, Maya Duarte. | *Whalen, et al. v. Epiq System, Inc. et al.,* (No. 3:25-cv-4522) (N.D. Cal.), *see* Transfer Order, ECF No. 1; *Rieger v. Epiq Systems, Inc., et al.,* (No. 3:25-cv-4793) (N.D. Cal.), *see* Transfer Order, ECF No. 1; *Duarte v. Angeion Group LLC, et al.,* (No. 2:25-cv-11142) (C.D. Cal.), *see* Conditional Transfer Order, ECF No. 2. | *Brooks v. Thompson Reuters, Corp.*, No. 21-cv-01418 (N.D. Cal.); *In re ConAgra Foods, Inc., Wesson Oil Products Liability Litigation*, No. 2291 (C.D. Cal.); *In re Facebook Consumer Privacy User Profile Litig.*, No. 3:18-md-02843-VC (N.D. Cal.); *In re Facebook Internet Tracking Litig.*, No. 5:12-md-02314-EJD (N.D. Cal.); *In re Google Referrer Header Privacy Litigation*, No. 5:10-cv-4809-EJD (N.D. Cal); *In re Juul Labs Inc. Marketing, Sales Practices, and Products Liability Litigation*, No. 19-md-02913-WHO (N.D. Cal.); *In re Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-02420 (N.D. Cal.); *In re Plaid, Inc. Privacy Litigation*, No. 4:20-cv-03056 (N.D. Cal.); *In re Post Meds, Inc. Data Breach Litigation*, No. 4:23-cv-05710 (N.D. Cal.); *In re Robinhood Outage Litigation*, No. 3:20-cv-01626-JD (N.D. Cal.); *In re Scripps Health Data Incident Litigation*, No. 37-2021-00024103 (Cal. Super Ct.); *In re Smashburger IP Holder LLC*, No. 2:19-CV-00993 (C.D. Cal.); *In re Toll Roads Litigation*, No. 8:16-cv-00262 (C.D. Cal.); *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-md-02752 (N.D. Cal.); *In re Yahoo! Inc. Securities Litig.*, Nos. 17-cv-00373- |

---

[1] The names in this list are both plaintiffs from the Consolidated Class Action Complaint, as well as plaintiffs from the complaints in the transferred actions. *See* Consolidated Class Action Complaint, ECF No. 123; Transfer Order, ECF No. 1; Conditional Transfer Order, ECF No. 2; Conditional Transfer Order, ECF No. 74; Conditional Transfer Order, ECF No. 78.
[2] *See* Transfer Order, ECF No. 1; Conditional Transfer Order, ECF No. 2; Conditional Transfer Order, ECF No. 74; Conditional Transfer Order, ECF No. 78.
[3] *See* Consolidated Class Action Complaint, ECF No. 123.

| States | Plaintiffs Domiciled in State[1] | Transferred Actions Originating in State[2] | Underlying Class Actions Originating in State[3] |
|---|---|---|---|
| | | | LHK, 17-cv-01525-LHK (N.D. Cal.); *In re Zoom Video Communications, Inc. Privacy Litigation*, No. 3:20-cv-02155 (N.D. Cal.); *Jowharah Hameed-Bolden et al v. Forever 21 Retail, Inc. et al*, No. 2:18-cv-03019-GW-JPR (C.D. Cal.); *Lopez v. Apple*, No. 4:19-CV-04577 (N.D. Cal.); *Lundy v. Meta Platforms, Inc.*, No. 18-cv-6793-JD (N.D. Cal.); *Marek v. Molson Coors Beverage Company*, No. 3:21-cv-07174-WHO (N.D. Cal.); *Charles v. The Clorox Company,* No. 4:22-cv-06855-HSG (N.D. Cal.); *Prescott v. Reckitt Benckiser LLC*, No. 20-cv-02101 (N.D. Cal.); *Ross, et al. v. Panda Restaurant Group Inc., et al.,* No. 21STCV03662 (Cal. Super. Ct., L.A. Cty.);  *Seegert v. P.F. Chang's China Bistro, Inc.*, No. 37-2017-00016131 (Cal. Super. Ct.); *Slaughter v. Virgin Scent, Inc.*, No. 2:21-cv-02875 (C.D. Cal.); *Snow v. Align Technology Inc.*, No. 3:21-CV-03269-VC (N.D. Cal); *St. James v. Partnership HealthPlan of California*, No. FCS059095 (Cal. Super. Ct.); *Stoffers v. Daves, Inc.*, No. 20STCV35381 (Cal. Sup. Ct.); *Wallenstein v. Mondelez International, Inc., Mondelez Global, LLC, and Nabisco, Inc.*, No. 3:22-cv-06033 (N.D. Cal.); *Wang v. StubHub, Inc.,* No. CGC18564120 (Cal. Super. Ct.); *Woods v. Google, LLC*, No. 5:11-cv-01263-EJD (N.D. Cal.). |
| Colorado | | | *Plowden v. Similasan Corp.*, No. 1:23-cv-02511 (D. Colo.). |
| Connecticut | | | *Goldstein v. Henkel Corp, et al.*, No. 3:22-cv-00164 (AWT) (D. Conn.). |
| Florida | Marissa Porter, Roger Tejon. | *Tejon v. Epiq Systems, Inc., et al.*, (No. 1:25-cv-22453) (S.D. Fla.), *see* Transfer Order, ECF No. 1. | *Kukorinis v. Walmart Inc.*, No. 8:22-cv-02402 (M.D. Fla.); *Brodowicz v. Walmart*, No. 2021-cv-60643 (S.D. Fla.). |
| Georgia | | | *In re Equifax, Inc. Customer Data Security Breach Litig.*, No. 1:17-md-02800 (N.D. Ga.). |
| Illinois | | | *Counts,  et al. v. Arkk Food Company*, No. 1:23-cv-00236 (N.D. Ill.); *In re  Fairlife  Milk Products Marketing and Sales Practices Litigation*,  MDL  No. 2909 (N.D. Ill.); *In re TikTok, Inc. Consumer Privacy Litigation*, No. 1:20-cv-4699, MDL |

| States | Plaintiffs Domiciled in State[1] | Transferred Actions Originating in State[2] | Underlying Class Actions Originating in State[3] |
|---|---|---|---|
| | | | No. 2948 (ND. Ill.); *Vance v. Church & Dwight Co. Inc.,* No. 24LA190 (20th Judicial Cir. Ct.) (Ill.); *Donahue v. Everi Holdings Settlement,* No. 2018-CH-15419 (Ill. Cir. Ct.). |
| Kentucky | | | *Smith, et al. v. BHG XXXIV, LLC and BHG Holdings, LLC d/b/a Behavioral Health Group,* No. 24-CI-002796 (Ky. Cir. Ct., Jefferson Cnty). |
| Michigan | | | *In re Automotive Parts Antitrust Litigation,* No. 2:12-md-02311 (E.D. Mich.). |
| Missouri | Jennifer Barrett. | *Barrett v. Angeion Group LLC, et al.,* (No. 4:25-cv-891) (W.D. Mo.), *see* Conditional Transfer Order, ECF No. 2. | *In re T-Mobile Customer Data Security Breach Litig.,* No. 4:21-md-03019-BCW (W.D. Mo.); *Perry v. Schnuck Markets Inc.,* No. 2022-CC10425  (Mo. Cir. Ct.). |
| New Jersey | Donald Coughlan, Damond Hunter. | *Hunter v. Epiq Systems, Inc., et al.,* (No. 2:26-cv-2011) (D.N.J), *see* Conditional Transfer Order, ECF No. 78; *Coughlan, et al., v. Angeion Group LLC, et al.,* (No. 2:26-cv-2113) (D.N.J.), *see* Conditional Transfer Order, ECF No. 74. | *Esposito v. Cellco Partnership d/b/a Verizon Wireless,* No. MID-L-006360-23 (N.J. Super. Ct. Law. Div.*); Wallin v. Naturelo Premium Supplements LLC,* No. 3:22-cv-05950 (D.N.J.). |
| New York | Dana Smith, Jennifer Costello, Sandeep Trisal, Mary Jane Whalen. | *Whalen v. Epiq Systems, Inc., et al.,* (No. 1:25-cv-4499) (S.D.N.Y.), *see* Transfer Order, ECF No. 1. | *Ariza v. Luxottica Retail North America,* No. 17-cv-5216 (E.D.N.Y); *Culbertson et al v. Deloitte, Consulting LLP,* No. 1:2020-cv-03962 (S.D.N.Y.); *Dickens v. Thinx Inc.,* No. 1:22-cv-4286 (S.D.N.Y.); *Patora v. Colgate-Palmolive Co.,* No. 7:23-cv-01888 (S.D.N.Y.); *Dorsey v. Colgate-Palmolive Company,* No. 7:23-cv-01426 (S.D.N.Y.); *Guarnaschelli et al. v. East River,* No. 656099/2023 (Sup. Ct. N.Y.); *Holve v. McCormick & Company, Inc.,* No. 6:16-cv-06702 (W.D.N.Y.); *In re Novartis and Par Antitrust Litigation,* No.  18-cv-04361-AKH  (S.D.N.Y.); *Jenkins v. National Grid USA,* No. 2:15-cv-01219 (E.D.N.Y.); *Jimenez v. Artsana USA, Inc.,* No. 7:21-cv-07933 (S.D.N.Y.); *Lerman v. Apple Inc.,* No. 15-cv-07381(SJ)(LB) (E.D.N.Y.); *Natale v. 9199-4467 Quebec Inc. d/b/a Earth Rated Compost,* No. 2:21-cv-06775 (E.D.N.Y); *Swetz v. The Clorox Company,* No. 7:22-cv-9374-PMH (S.D.N.Y.):  *Kossel v. The Clorox Company ,* No. 7:22-cv-10450-PMH (S.D.N.Y.); *Proskin v. Tzumi Innovations LLC,* No. 1:22-cv-05919 |

| States | Plaintiffs Domiciled in State[1] | Transferred Actions Originating in State[2] | Underlying Class Actions Originating in State[3] |
|---|---|---|---|
| | | | (S.D.N.Y.); *Winston v. Peacock TV, LLC*, No. 1:23-cv-08191 (S.D.N.Y.). |
| North Carolina | | | *Dixon v. Colgate-Palmolive America Inc*, No. 1:23-cv-00038 (W.D.N.C). |
| Ohio | | | *In re Procter & Gamble Aerosol Prods. Mktg. & Sales Practices Litig.*, No. 2:22-MD-03025 (N.D. Ohio). |
| Oklahoma | London A. Whitlaw, Tammy Ables. | | *Broiler Chicken Grower Antitrust Litigation* (No. II), No. 6:20-md-02977 (E.D. Okla.). |
| Pennsylvania | Robert Thomas Barclay. | *Baker v. Angeion Group LLC, et al.*, (No. 2:25-cv-2079) (E.D. Pa.), *see* Transfer Order, ECF No. 1; *Barclay v. Angeion Group LLC, et al.*, (No. 5:25-cv-6514) (E.D. Pa.), *see* Conditional Transfer Order, ECF No. 2. | |
| Tennessee | | | *Fusion Elite All Stars v. Varsity Brands, LLC,* No. 2:20-cv-02600-SHL-tmp (W.D. Tenn.). |
| Texas | Lauren Wolf, David Allen Coleman. | | *Kostka v. Dickeys Barbecue Restaurants*, No. 3:20-cv-3424-K (N.D. Tx.). |
| Vermont | Tyler Baker. | | |
| Virginia | | | *Moog v. The Christian Broadcasting Network, Inc.*, No. 1:24-cv-00501 (E.D. Va.); *In re Capital One Customer Data Security Breach Litigation*, No. 1:19-md-02915 (E.D. Va). |

4

# Appendix C

# APPENDIX C: FIDUCIARY DUTY

| States | Factors for the Existence of a Fiduciary Relationship[1] |
|---|---|
| Alabama | *Line v. Ventura*, 38 So.3d 1, 12 (Ala. 2009) ("[A fiduciary relationship] is one in which one person occupies toward another such a position of adviser or counselor as reasonably to inspire confidence that he will act in good faith for the other's interests, or when one person has gained the confidence of another and purports to act or advise with the other's interest in mind; where trust and confidence are reposed by one person in another who, as a result, gains an influence or superiority over the other; and it appears when the circumstances make it certain the parties do not deal on equal terms, but, on the one side, there is an overmastering influence, or, on the other, weakness, dependence, or trust, justifiably reposed; in both an unfair advantage is possible. It arises in cases in which confidence is reposed and accepted, or influence acquired, and in all the variety of relations in which dominion may be exercised by one person over another." (cleaned up)). <br><br> See also *Cass v. Fuller*, 2016 WL 8078145, at \*5 (N.D. Ala. Nov. 9, 2016), *R. & R. adopted*, 2017 WL 372275 (N.D. Ala. Jan. 26, 2017) ("The plaintiff may not simply allege a trusting relationship … . [A] plaintiff must show that he trusted the other party specifically to act as a fiduciary."); *Nettles v. First Nat'l Bank of Birmingham*, 388 So.2d 916, 920-921 (Ala. 1980). |
| California | *Persson v. Smart Inventions, Inc.*, 23 Cal.Rptr.3d 335, 350-351 (Cal. Ct. App. 2005) ("[T]he 'essential elements' [of a fiduciary relationship] have been distilled as follows: 1) The vulnerability of one party to the other which 2) results in the empowerment of the stronger party by the weaker which 3) empowerment has been solicited or accepted by the stronger party and 4) prevents the weaker party from effectively protecting itself." (cleaned up)). <br><br> See also *City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 181 P.3d 142, 150 (Cal. 2008); *Oaks Mgmt. Corp. v. Superior Ct.*, 51 Cal.Rptr.3d 561, 570 (Cal. Ct. App. 2006) ("[T]his court cautioned against the 'loose characterization' of financial relationships as 'fiduciary, quasi-fiduciary or fiduciary like[.]'"). |
| Colorado | *First Nat't Bank of Meeker v. Theos*, 794 P.2d 1055, 1061 (Colo. App. 1990) ("[A]lthough a confidential relationship may arise from a multitude of circumstances, the party claiming its existence must show that he justifiably reposed a special trust or confidence in the other to act in the claimant's interest. The party claiming a confidential relationship must show, by a preponderance of the evidence, that a special trust or confidence was in fact reposed, that its reposition was justifiable, and that the other party either invited or ostensibly accepted the trust imposed." (citation omitted)); *Bailey v. Allstate Ins. Co.*, 844 P.2d 1336, 1339-1340 (Colo. App. 1992) ("[T]he relationship between an insurer and an insured is initially and fundamentally based on the insurance contract. … [O]ther elements of control or trust must enter into the relationship before a fiduciary duty will be imposed."); *see also Moses v. Diocese of Colo.*, 863 P.2d 310, 322 (Colo. 1993) (en banc). <br><br> See also *Accident & Inj. Med. Specialists, P.C. v. Mintz*, 279 P.3d 658, 663 (Colo. 2012) (en banc) ("Fiduciary relationships that derive from a special relationship of trust, reliance, influence, and control are distinguishable from business relationships involving parties dealing at arm's length for mutual benefits."); *Jarnagin v. Busby, Inc.*, 867 P.2d 63, 67 (Colo. App. 1993). |
| Connecticut | *Iacurci v. Sax*, 99 A.3d 1145, 1154 (Conn. 2014) ("This court has instructed that, '[a] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other…. The superior position of the fiduciary or dominant party affords him great |

---

[1] This table does not distinguish between "confidential" and "fiduciary" relationships. The terms are "generally synonymous" and, while some States historically distinguished the two, at this point, "no distinction appears." *In re Est. of Beal*, 769 P.2d 150, 154 (Okla. 1989). At most, all fiduciary relationships are "confidential," but not all confidential relationships are "fiduciary." *Id.* In other words, a relationship not "confidential" cannot be "fiduciary."

| States | Factors for the Existence of a Fiduciary Relationship[1] |
|---|---|
|  | opportunity for abuse of the confidence reposed in him.'" (alterations in original); *id.* at 1154-1155 ("[O]ur cases considering whether ad hoc fiduciary duties existed in business relationships have turned on the presence of a special vulnerability. … The **unique** element that inheres a fiduciary duty to one party is an elevated risk that the other party could be taken advantage of—and usually unilaterally." (emphasis in original)).<br><br>*See also Hi-Ho Tower, Inc. v. Com-Tronics, Inc.*, 761 A.2d 1268, 1279 (Conn. 2000) ("In the cases in which this court has, as a matter of law, refused to recognize a fiduciary relationship, the parties were either dealing at arm's length, thereby lacking a relationship of dominance and dependence, or the parties were not engaged in a relationship of special trust and confidence."). |
| Florida | *Real Est. Value Co. v. Carnival Corp.*, 92 So.3d 255, 262 (Fla. Dist. Ct. App. 2012) ("Where ... there is not an express fiduciary relationship, one may be implied in law based on the specific factual situation surrounding the transaction and the relationship of the parties. An implied fiduciary relationship will lie when there is a degree of dependency on one side **and an undertaking on the other side to protect and/or benefit the dependent party**." (cleaned up) (emphasis in original)); *Suzmar, LLC v. First Nat'l Bank of S. Miami*, 388 So.3d 852, 855 (Fla. Dist. Ct. App. 2023) ("One may not unilaterally impose a fiduciary responsibility on another simply by reposing trust; absent some conscious acceptance of such duties, no fiduciary relationship is created." (cleaned up)).<br><br>*See also Stonepeak Partners, LP v. Tall Tower Cap., LLC*, 231 So.3d 548, 552-553 (Fla. Dist. Ct. App. 2017) ("A fiduciary relationship does not exist in an arm['s] lengths transaction."); *Mawardi v. Cohen*, 381 So.3d 1, 3 (Fla. Dist. Ct. App. 2023). |
| Georgia | *PNC Fin. Servs. Grp., Inc. v. Gibson*, 901 S.E.2d 331, 338 (Ga. Ct. App. 2024) ("'A relationship that gives rise to a fiduciary duty exists either when a party exercises a controlling influence over the will, conduct, and interest of another or when, from a similar relationship of mutual confidence, the law requires the utmost good faith.' However, '[t]he mere fact that one reposes trust and confidence in another does not create a confidential relationship. In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is no confidential relationship by this alone.'" (citation omitted)).<br><br>*See also id.* at 339 (Plaintiff "argues that [defendant] was not simply a custodian of his self-directed IRA but was also a fiduciary and trustee. … However, the existence of a fiduciary duty 'is determined by the substantive agreement of the parties[,] not ... by labels placed on the relationship.' And, as detailed above, the parties' agreement demonstrates that [defendant] had only limited, ministerial duties." (citation omitted)). |
| Illinois | *Shrock v. Meier*, 270 N.E.3d 871, 880 (Ill. App. Ct. 2024) ("A fiduciary relationship as a matter of law arises from the existence of a particular relationship, such as an attorney-client or principal-agent relationship. A fiduciary relationship as a matter of fact comes about when one party reposes trust and confidence in another, who thereby gains a resulting influence and a superiority over the subservient party." (internal quotation marks and citation omitted)); *Asian Hum. Servs. Fam. Health Ctr., Inc. v. Asian Hum. Servs., Inc.*, 166 N.E.3d 791, 796 (Ill. App. Ct. 2020) ("'[T]rust and confidence are not enough to create a fiduciary relationship; *superiority and influence* must *result* from the trust and confidence.'" (alteration and emphasis in original)); *Benson v. Stafford*, 941 N.E.2d 386, 397-398 (Ill. App. Ct. 2010).<br><br>*See also Paskas v. Illini Fed. Sav. & Loan Ass'n*, 440 N.E.2d 194, 199 (Ill. App. Ct. 1982) ("While a high degree of contractual responsibility is imposed on banks in paying money chargeable against |

| States | Factors for the Existence of a Fiduciary Relationship[1] |
|--------|----------------------------------------------------------|
| | their depositors' accounts, no fiduciary duty will be found to exist absent facts showing that the depositor was subject to domination and influence on the part of the bank." (citation omitted)). |
| Kentucky | *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 485 (Ky. 1991) ("[A]s a general rule, we can conclude that [a fiduciary] relationship is one founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking."); *In re Sallee*, 286 F.3d 878, 893 (6th Cir. 2002) (applying state law) ("Fiduciary relationships … must evidence circumstances showing both parties agreed that one [] would be acting in the interest of the other."). <br><br> See also *Snow Pallet, Inc. v. Monticello Banking Co.*, 367 S.W.3d 1, 5 (Ky. Ct. App. 2012) ("In an arms-length commercial transaction, where each party is assumed to be protecting its own interest, no [fiduciary] duty arises."); *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 552 (Ky. 2009) ("[F]iduciary duty does not arise from the [] business duty to deal fairly nor [] a unilateral decision to repose trust and confidence[.]"); *Ballard v. 1400 Willow Council of Co-Owners, Inc.*, 430 S.W.3d 229, 242 (Ky. 2013). |
| Michigan | *Calhoun Cnty. v. Blue Cross & Blue Shield*, 824 N.W.2d 202, 213 (Mich. Ct. App. 2012) ("Fiduciary relationships [usually] arise in one of four situations: (1) when one person places trust in the faithful integrity of another, who as a result gains superiority or influence over the first, (2) when one person assumes control and responsibility over another, (3) when one person has a duty to act for or give advice to another on matters falling within the scope of the relationship, or (4) when there is a specific relationship that has traditionally been recognized as involving fiduciary duties, as with a lawyer and a client or a stockbroker and a customer." (alteration in original)); *In re Est. of Karmey*, 658 N.W.2d 796, 799 n.3 (Mich. 2003) ("Although a broad term, 'confidential or fiduciary relationship' has a focused view toward relationships of inequality. … [A] fiduciary relationship exists [] when there is confidence reposed [] and [] resulting superiority and influence[.]" (cleaned up)). <br><br> See also *Brooklyn Outdoor, LLC v. Vanderbush*, 2024 WL 1826024, at *16 (Mich. Ct. App. Apr. 25, 2024) ("Merely reposing confidence in another may not, in and of itself, create a fiduciary relationship."); *Moyer Tr. for Est. of Leonard v. Old Nat'l Bancorp*, 2019 WL 939034, at *3 (Mich. Ct. App. Feb. 26, 2019) ("When a defendant does not have 'ultimate control' over a plaintiff's business decisions, no fiduciary duty arises."); *Farabaugh v. Rhode*, 9 N.W.2d 562, 566 (Mich. 1943). |
| Missouri | *Kratky v. Musil*, 969 S.W.2d 371, 377 (Mo. Ct. App. 1998) ("[T]o establish a confidential or fiduciary relationship, the following basic elements must be proven: (1) as between the parties, one must be subservient to the dominant mind and will of the other as a result of age, state of health, illiteracy, mental disability, or ignorance; (2) things of value such as land, monies, a business, or other things of value which are the property of the subservient person must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subservient party to the dominant party; (4) there must be an automatic or habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be a showing that the subservient party places a trust and confidence in the dominant party."). <br><br> See also *Sun Aviation, Inc. v. L-3 Commc'ns Avionics Sys., Inc.*, 533 S.W.3d 720, 728 (Mo. 2017) (en banc) ("[M]ere acknowledgement of a mutual trust and confidence between the parties in an ordinary, arms-length business relationship, alone, is insufficient to give rise to the heightened duty to disclose a material fact that accompanies a fiduciary relationship."). |
| New Jersey | *In re Stroming's Will*, 79 A.2d 492, 495 (N.J. Super. Ct. App. Div. 1951) ("A confidential relation is not confined to any specific association of the parties; 'Its essentials are a reposed confidence and the |

3

| States | Factors for the Existence of a Fiduciary Relationship[1] |
|---|---|
| | dominant and controlling position of the beneficiary of the transaction'. 'It is clear that the dominance must be of the mind, and the dependence must be upon the mind rather than upon the hands and feet of the donee.' It exists when the circumstances make it certain that the parties do not deal on equal terms, but on the one side there is an overmastering influence, or, on the other, weakness, dependence or trust, justifiably reposed. It does not exist where the parties deal on terms of equality[.]" (citations omitted)).<br><br>*See also Jersey City Mun. Utilities Auth. v. Town of Dover*, 2025 WL 1442852, at \*18 (N.J. Super. Ct. App. Div. May 20, 2025) (unpublished) ("Parties of equal bargaining power may contract as they wish. [A] fiduciary relationship is not created between mutually interdependent businesses with equal bargaining positions who dealt at arms-length." (internal quotation marks and citation omitted)); *Est. of Maglione v. Gulf Oil Corp.*, 2007 WL 527940, at \*5 (N.J. Super. Ct. App. Div. Feb. 22, 2007) (unpublished). |
| New York | *AG Cap. Funding Partners, L.P. v. State St. Bank & Tr. Co.*, 896 N.E.2d 61, 68 (N.Y. 2008) ("'[E]ssential elements of a fiduciary relation are ... reliance, ... de facto control and dominance.' Stated differently, '[a] fiduciary relation exists when confidence is reposed on one side and there is resulting superiority and influence on the other.'" (alterations in original) (internal quotation marks and citations omitted)); *People v. Coventry First LLC*, 915 N.E.2d 616, 620 (N.Y. 2009).<br><br>*See also Oddo Asset Mgmt. v. Barclays Bank PLC*, 973 N.E.2d 735, 740 (N.Y. 2012) ("A fiduciary relationship is 'necessarily fact-specific' and is also 'grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions.'"); *Prickett v. N.Y. Life Ins. Co.*, 896 F.Supp.2d 236, 241-242, 250 (S.D.N.Y. 2012) (applying state law); *AG Cap. Funding Partners*, 896 N.E.2d at 67 ("[F]iduciary obligations are wholly different from the performance of ministerial functions with due care."). |
| North Carolina | *Lockerman v. S. River Elec. Membership Corp.*, 794 S.E.2d 346, 351-352 (N.C. Ct. App. 2016) ("In North Carolina, a fiduciary duty can arise by operation of law (*de jure*) or based on the facts and circumstances (*de facto*) … [I]t extends to any possible case in which a fiduciary relation exists in fact, and in which there is a confidence reposed on one side, and resulting domination and influence on the other …. The standard for finding a *de facto* fiduciary relationship is a demanding one: 'Only when one party figuratively holds all the cards—all the financial power or technical information, for example—have North Carolina courts found that the special circumstance of a fiduciary relationship has arisen.'"); *Kaplan v. O.K. Techs., L.L.C.*, 675 S.E.2d 133, 137 (N.C. Ct. App. 2009).<br><br>*See also Branch Banking & Tr. Co. v. Thompson*, 418 S.E.2d 694, 699 (N.C. Ct. App. 1992) ("[P]arties to a contract do not thereby become each other['s] fiduciaries; they generally owe no special duty to one another beyond the terms of the contract."); *Dallaire v. Bank of Am., N.A.*, 760 S.E.2d 263, 266 (N.C. 2014). |
| Ohio | *Hoyt v. Nationwide Mut. Ins. Co.*, 2005 WL 3220192, at \*7 (Ohio Ct. App. Dec. 1, 2005) ("The term 'fiduciary relationship' has been defined by the Supreme Court of Ohio as a relationship in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust. Ordinarily, a business transaction where the parties deal at arm's length does not create a fiduciary relationship. A fiduciary relationship can be created by a formal agreement or may arise de facto from an informal relationship if both parties understand that a special trust or confidence has been reposed." (citations omitted)); *Applegate v. Fund for Const. Govt.*, 592 N.E.2d 878, 881 (Ohio Ct. App. 1990). |

4

| States | Factors for the Existence of a Fiduciary Relationship[1] |
|---|---|
| | *See also Huntington Nat'l Bank v. Schneider*, 269 N.E.3d 226, 230 (Ohio 2025) ("'[O]rdinarily in business transactions where parties deal at arm's length, each party is presumed to have the opportunity to ascertain relevant facts available to others similarly situated and, therefore, neither party has a duty to disclose material information to the other.'"); *Blon v. Bank One, Akron, N.A.*, 519 N.E.2d 363, 367-368 (Ohio 1988). |
| Oklahoma | *Lowrance v. Patton*, 710 P.2d 108, 112 (Okla. 1985) ("[A] fiduciary relationship springs from an attitude of trust and confidence and is based on some form of agreement, either expressed or implied, from which it can be said the minds have been met to create a mutual obligation."); *In re Est. of Beal*, 769 P.2d 150, 155 (Okla. 1989) ("The courts before declaring [a] relationship confidential will require a … weakness on one side and strength on the other resulting in dependence or trust justifiably reposed in the stronger."); *Horton v. Hamilton*, 345 P.3d 357, 364 (Okla. 2015).

*See also Silver v. Slusher*, 770 P.2d 878, 882 n.11 (Okla. 1988) ("[Plaintiffs] are precluded from recovery … because … their relationship with [their insurer] was *stricto sensu* at arm['s] length and they did not stand *vis-a-vis* each other in any recognized form of 'special relationship.'"); *State ex rel. Oklahoma Bar Ass'n v. Clausing*, 224 P.3d 1268, 1275 n.20 (Okla. 2009). |
| Pennsylvania | *Yenchi v. Ameriprise Fin., Inc.*, 161 A.3d 811, 820-821 (Pa. 2017) ("Our courts have found fiduciary duties in circumstances where the relative position of the parties is such that the one has the power and means to take advantage of, or exercise undue influence over, the other. … We have explained that a confidential relationship 'appears when the circumstances make it certain the parties do not deal on equal terms, but, on the one side there is an overmastering influence, or, on the other, weakness, dependence or trust, justifiably reposed[.]' … '[T]he critical question is whether the relationship goes **beyond** mere reliance on superior skill, and into a relationship characterized by "overmastering influence" on one side or "weakness, dependence, or trust, justifiably reposed" on the other side,' which results in the effective ceding of control over decision-making by the party whose property is being taken." (emphasis in original)); *Wisniski v. Brown & Brown Ins. Co. of Pa.*, 906 A.2d 571, 578-579 (Pa. Super. Ct. 2006).

*See also Yenchi*, 161 A.3d at 822-823 ("Fiduciary duties do not arise 'merely because one party relies on and pays for the specialized skill of the other party.' … The superior knowledge or expertise of a party does not impose a fiduciary duty on that party or otherwise convert an arm's-length transaction into a confidential relationship." (citation omitted)). |
| Tennessee | *Foster Bus. Park, LLC v. Winfree*, 2009 WL 113242, at *12 (Tenn. Ct. App. Jan. 15, 2009) ("Under Tennessee common law, there are two principal types of fiduciary status. The first category of common law fiduciary status consists of relationships that are fiduciary *per se*, sometimes referred to as legal fiduciary, such as between a guardian and ward, an attorney and client, or conservator and incompetent. The second category consists of relationships that are not *per se* fiduciary in nature, but arise in situations where one party exercised 'dominion and control over another.' This relationship … 'is not merely a relationship of mutual trust and confidence, but rather it is one where confidence is placed by one in the other and the recipient of that confidence is the dominant personality, with ability, because of that confidence, to influence and exercise dominion and control over the weaker or dominated party.'" (internal quotation marks and citations omitted)).

*See also EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, 398 F.Supp.3d 258, 272 (M.D. Tenn. 2019), *aff'd on other grounds*, 810 F.App'x 389 (6th Cir. 2020) ("Tennessee state law cases … hold that the arm's-length nature of a transaction is incongruous with a finding of a 'relationship of trust and confidence between the parties.'"); *Oak Ridge Precision Indus., Inc. v. First Tenn. Bank Nat'l Ass'n*, 835 S.W.2d 25, 30 (Tenn. Ct. App. 1992). |

| States | Factors for the Existence of a Fiduciary Relationship[1] |
|---|---|
| Texas | *Davis v. Crawford*, 700 S.W.3d 438, 447 (Tex. Ct. App. 2024) ("In Texas, '[c]ertain formal relationships create fiduciary relationships as a matter of law.' Examples of formal fiduciary relationships include the attorney-client relationship, partnerships, and trust relationships. … Additionally, some informal relationships, 'whether moral, social, domestic, or purely personal, may also give rise to fiduciary duties where one person trusts in and relies on another.' 'But not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship.' Courts do not create fiduciary relationships lightly. For example, a fiduciary relationship will not be imposed on the parties to a business transaction unless the relationship existed 'prior to, and apart from, the agreement made the basis of the suit.' As such, mere subjective trust does not transform an arms-length transaction into an informal fiduciary relationship." (citations omitted)).<br><br>*See also Pitts v. Rivas*, 709 S.W.3d 517, 528 (Tex. 2025) ("[A] party's subjective belief that his business associate is a fiduciary is always insufficient to create such a relationship. … The fact that one businessman trusts another, and relies upon his promise to perform a contract, does not rise to a confidential relationship."). |
| Vermont | *Barrette v. Vill. of Swanton*, 2023 WL 3891034, at *19 (D. Vt. June 6, 2023) (applying state law) ("A fiduciary relationship arises 'when one person is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.' The relationship 'must have ripen[ed] into one in which [one party was] dependent on, and reposed trust and confidence in [the other party] in the conduct of its affairs.'" (alterations in original) (internal quotation marks and citations omitted)); *McGee v. Vermont Fed. Bank, FSB*, 726 A.2d 42, 44 (Vt. 1999).<br><br>*See also Barrette*, 2023 WL 3891034, at *19 ("Vermont courts are reluctant to recognize fiduciary duties outside of certain special relationships."); *Russo v. Navient Sols., LLC*, 2018 WL 1474354, at *15 (D. Vt. Mar. 23, 2018) (applying state law); *Cap. Impact Corp. v. Munro*, 642 A.2d 1175, 1177 (Vt. 1992). |
| Virginia | *Augusta Mut. Ins. Co. v. Mason*, 645 S.E.2d 290, 295 (Va. 2007) ("'A fiduciary relationship exists in all cases when special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence.'"); *HCP Laguna Creek CA, LP v. Sunrise Senior Living Mgmt., Inc.*, 737 F.Supp.2d 533, 549 (E.D. Va. 2010) (applying state law) ("A fiduciary relationship exists where a party vests the other party with significant discretion in the management of affairs on its behalf. A party may bring a claim for breach of fiduciary duty only where the duty breached is a common law duty and 'not one existing between the parties solely by virtue of the contract.' Where there is a 'typical business relationship' without evidence that the parties 'intended to create a fiduciary relationship,' the court may not create one." (citations omitted)).<br><br>*See also Legard v. EQT Prod. Co.*, 2011 WL 86598, at *14 (W.D. Va. Jan. 11, 2011), *R. & R. adopted*, 2011 WL 4527784 (W.D. Va. Sept. 28, 2011) ("The court should resist the request to turn a 'garden variety, arm's length ... transaction' into a fiduciary relationship."). |

# Appendix D

# APPENDIX D: FRAUD

| States | Elements of Fraud | Claim Requires Duty to Disclose |
|---|---|---|
| Alabama | "[T]he essential elements of fraud include: (1) a false representation, (2) concerning a material existing fact, (3) upon which the plaintiff has relied, and (4) has been damaged as a proximate result." *Taylor v. Moorman Mfg. Co.*, 475 So.2d 1187, 1189 (Ala. 1985). | "There is no duty to disclose facts when information is not requested, and mere silence does not constitute fraud in the absence of a confidential relationship." *Ray v. Montgomery*, 399 So.2d 230, 232 (Ala. 1980). |
| California | "The elements of actual fraud … may be stated as follows: (1) *a false representation* or concealment of a material fact (or, in some cases, an opinion) susceptible of knowledge, (2) made with *knowledge* of its falsity or without sufficient knowledge on the subject to warrant a representation, (3) with the *intent* to induce the person to whom it is made to act upon it; and such person must (4) act in *reliance* upon the representation (5) to his *damage*." *Reed v. King*, 145 Cal.App.3d 261, 264 (Cal. Ct. App. 1983) (emphasis in original). "Under California law, a party asserting fraud must establish that its damages are the 'proximate' or 'legal' result of the fraudulent conduct." *OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.*, 68 Cal.Rptr.3d 828, 869-870 (Cal. Ct. App. 2007). | "Concealment is a term of art which includes mere non-disclosure when a party has a duty to disclose." *Reed*, 145 Cal.App.3d at 265. |
| Colorado | *Wisehart v. Zions Bancorporation*, 49 P.3d 1200, 1204 (Colo. App. 2002) ("To prevail on a claim for fraudulent nondisclosure, a plaintiff must demonstrate, inter alia, that the defendant failed to disclose a past or present fact that he or she had a duty to disclose, with intent to induce the plaintiff to take a course of action he or she would not otherwise have taken, and that plaintiff justifiably relied on the omission."). | *See* Elements Column |
| Connecticut | "Fraud involves deception practiced in order to induce another to act to her detriment, and which causes that detrimental action …. The four essential elements of fraud are (1) that a false representation of fact was made; (2) that the party making the representation knew it to be false; (3) that the representation was made to induce action by the other party; and (4) that the other party did so act to her detriment." *Asnat Realty, LLC v. United Illuminating Co.*, 253 A.3d 56, 64 (Conn. Ct. App. 2021). | "Fraud by nondisclosure, which expands on the first three of [the] four elements [of fraud], involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there was a duty to speak." *Asnat Realty*, 253 A.3d at 64. |
| Florida | "The elements [of] a claim of fraud are: '(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation." *Pritchard v. Levin*, 305 So.3d 628, 630 (Fla. Dist. Ct. App. 2020). | "Fraud based upon a failure to disclose material information exists only when there is a duty to make such a disclosure." *Pritchard*, 305 So.3d at 630. |

| States | Elements of Fraud | Claim Requires Duty to Disclose |
|---|---|---|
| Georgia | "Fraud and deceit require that the plaintiff prove five essential elements: (1) false representation made by the defendant; (2) scienter, the intent to deceive; (3) intent to induce the plaintiff to act or refrain from acting in reliance upon the representation; (4) justifiable reliance by the plaintiff upon the representation; and (5) damages directly and proximately caused by reliance." *Middleton v. Troy Young Realty, Inc.*, 572 S.E.2d 334, 336 (Ga. Ct. App. 2002). | "An obligation to disclose must exist before a party may be held liable for fraud based upon the concealment of material facts." *Middleton*, 572 S.E.2d at 337. |
| Illinois | "To prevail on an action for fraud, plaintiff must establish by clear and convincing evidence: a false statement of material fact; knowledge by defendant that the statement is false; intent to induce the other party to act; reliance by plaintiff on that misrepresentation; and injury caused by that reliance." *Hassan v. Yusuf*, 944 N.E.2d 895, 910 (Ill. Ct. App. 2011). | "As this court has previously held, '[f]raud also may consist of the intentional omission or concealment of a material fact under circumstances creating an opportunity and duty to speak.'" *Hassan*, 944 N.E.2d at 910 (internal quotation marks omitted). |
| Kentucky | *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 641 (Ky. Ct. App. 2003) ("To prevail on a claim of fraud by omission, or fraud based on failure to disclose a material fact, a plaintiff must prove: a) that the defendants had a duty to disclose that fact; b) that defendants failed to disclose that fact; c) that the defendants' failure to disclose the material fact induced the plaintiff to act; and (d) that the plaintiff suffered actual damages."). | *See* Elements Column |
| Michigan | The six elements of fraud are: "(1) a material representation (2) that is false (3) that defendant made knowing it to be false or that it made recklessly without any knowledge of its truth and as a positive assertion; (4) with the intent that it should be acted upon by the plaintiff, (5) that it was acted upon by the plaintiff, and (6) resulted in the plaintiff's injury." *Clement-Rowe v. Michigan Health Care Corp.*, 538 N.W.2d 20, 23 (Mich. Ct. App. 1995). | "A claim of silent fraud requires a plaintiff allege that the defendant intended to induce him to rely on its nondisclosure and that defendant had an affirmative duty to disclose." *Clement-Rowe*, 538 N.W.2d at 23. |
| Missouri | "The elements of a submissible case of fraudulent misrepresentation are: 1) a false, material representation; 2) the speaker's knowledge of its falsity or his/her ignorance of the truth; 3) the speaker's intent that his/her representation should be acted upon by the hearer in the manner reasonably contemplated; 4) the hearer's ignorance of the falsity of the representation; 5) the hearer's reliance on the representation being true; 6) the hearer's right to rely thereon; and 7) the hearer's consequent and proximately-caused injuries." *Murray v. Crank*, 945 S.W.2d 28, 31 (Mo. Ct. App. 1997). | "Concealment of a fact which one has a duty to disclose serves as a substitute element for a false and fraudulent representation in the tort of fraud." *Murray*, 945 S.W.2d at 31. |

| States | Elements of Fraud | Claim Requires Duty to Disclose |
|---|---|---|
| New Jersey | "Legal fraud consists of a material misrepresentation of a presently existing or past fact made with knowledge of its falsity, with the intention that the other party rely thereon, and he does so rely to his damage." *Jewish Ctr. of Sussex Cnty. v. Whale*, 397 A.2d 712, 714 (N.J. Ch. Div. 1978), *aff'd*, 411 A.2d 475 (N.J. App. Div. 1980), *aff'd*, 432 A.2d 521 (N.J. 1981). | "The fact that no affirmative misrepresentation of a material fact has been made does not bar relief. The suppression of truth, the withholding of the truth when it should be disclosed, is equivalent to the expression of falsehood." *Jewish Ctr. of Sussex Cnty.*, 397 A.2d at 714. |
| New York | "The elements of fraud include a misrepresentation that is false and that the defendant knows is false, made to induce the other party to rely on it, justifiable reliance on the misrepresentation by the other party, and injury." *Sutton v. Hafner Valuation Grp., Inc.*, 115 A.D.3d 1039, 1041 (N.Y. App. Div. 2014). "A plaintiff must also plead that the fraud was the proximate cause of the claimed losses." *CJS Indus. Inc. v. Dolce*, 241 A.D.3d 1119, 1120 (N.Y. App. Div. 2025). | "An omission or concealment can constitute fraud, but only where the defendant had a duty to disclose the material fact alleged to be omitted or concealed." *Sutton*, 115 A.D.3d at 1041. |
| North Carolina | "The elements of fraud are well established: '(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.'" *Eberhardt v. Meletich*, 920 S.E.2d 257, 262-263 (N.C. Ct. App. 2025). | "A claim for fraud may be based on an affirmative misrepresentation of a material fact, or a failure to disclose a material fact relating to a transaction which the parties had a duty to disclose." *Eberhardt*, 920 S.E.2d at 263. |
| Ohio | "[T]he elements of fraud are: (1) a representation, or, where there is a duty to disclose, concealment of a fact; (2) that is material to the transaction at hand; (3) made falsely, with knowledge of its falsity; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury caused by the reliance." *Applegate v. Fund for Const. Govt.*, 592 N.E.2d 878, 882 (Ohio Ct. App. 1990). | "Nondisclosure of a material fact constitutes fraud only when defendant has a duty to disclose such a fact." *Applegate*, 592 N.E.2d at 882. |
| Oklahoma | "The elements of actionable fraud are that the defendant made a material representation that was false, that he knew when he made the representation that it was false, and that he made it with the intention that it should be acted upon by plaintiff, and that plaintiff acted in reliance upon it and thereby suffered detriment." *Silk v. Phillips Petroleum Co.*, 760 P.2d 174, 176-177(Okla. 1988). | "Where the peculiar circumstances give rise to a duty on the part of one of the parties to a contract to disclose material facts and the party remains silent to his or her benefit and to the other party's detriment, the failure to speak constitutes fraud." *Croslin v. Enerlex, Inc.*, 308 P.3d 1041, 1047 (Okla. 2013). |
| Pennsylvania | "[T]he elements to prove a claim for fraud or deceit are a misrepresentation, a fraudulent utterance thereof, an intention to induce action thereby, justifiable | "[F]raud by omission is actionable 'only where there is an independent duty to disclose the |

| States | Elements of Fraud | Claim Requires Duty to Disclose |
|---|---|---|
| | reliance thereon, and damage as a proximate result." *Gnagey Gas & Oil Co. v. Pa. Underground Storage Tank Indem. Fund*, 82 A.3d 485, 500 (Pa. Commw. Ct. 2013). | omitted information.'" *Gnagey Gas & Oil Co.*, 82 A.3d at 500. |
| Tennessee | *Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992) ("Actions for fraud contain four elements: (1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, and (3) an injury caused by reasonable reliance on the representation. The fourth element requires that the misrepresentation involve a past or existing fact or, in the case of promissory fraud, that it involve a promise of future action with no present intent to perform. Nondisclosure will give rise to a claim for fraud when the defendant has a duty to disclose and when the matters not disclosed are material.") (citations omitted). | *See* Elements Column |
| Texas | "A fraud cause of action requires proof of the following elements: 1) a material misrepresentation; 2) that was either known to be false when made or was asserted without knowledge of its truth; 3) which was intended to be acted upon; 4) which was relied upon; and 5) which caused injury." *Pellegrini v. Cliffwood-Blue Moon Joint Venture, Inc.*, 115 S.W.3d 577, 579 (Tex. App. 2003). | "Nondisclosure does not give rise to a fraud claim unless the circumstances first give rise to a duty to disclose the information." *Pellegrini*, 115 S.W.3d at 581. |
| Vermont | "To maintain a cause of action for fraud, plaintiff must demonstrate five elements: '(1) intentional misrepresentation of a material fact; (2) that was known to be false when made; (3) that was not open to the defrauded party's knowledge; (4) that the defrauded party act[ed] in reliance on that fact; and (5) is thereby harmed.'" *Felis v. Downs Rachlin Martin PLLC*, 133 A.3d 836, 842 (Vt. 2015). | "Under Vermont law, fraud must 'consist of some affirmative act, or of concealment of facts by one with knowledge and a duty to disclose.'" *White v. Pepin*, 561 A.2d 94, 96 (Vt. 1989). |
| Virginia | "In Virginia, common law fraud is (1) a false misrepresentation (2) of a material fact (3) made intentionally or knowingly (4) with an intent to mislead (5) upon which the plaintiffs reasonably relied, (6) resulting in damages to plaintiffs." *Walton v. Aguiliar*, 90 Va.Cir. 482 (Va. Cir. Ct. 2010). | "[T]he false misrepresentation element may be satisfied by showing a failure of a duty to disclose a material fact where the concealing party knows the other is acting upon the assumption that the fact does not exist." *Walton*, 90 Va.Cir. 482. |

4

# Appendix E

# APPENDIX E: FRAUDULENT CONCEALMENT

| States | Elements of Fraudulent Concealment, Including Requirement of Duty to Disclose |
|---|---|
| Alabama | *Chiepalich v. Chiepalich*, 392 So.3d 467, 477 (Ala. 2023) ("Fraudulent concealment is established by showing (1) a duty on the defendant to disclose a material fact; (2) that the defendant concealed or failed to disclose that fact; (3) that the defendant's concealment or failure to disclose induced the plaintiff to act or to refrain from acting; and (4) that the plaintiff suffered actual damage as a proximate result."). |
| California | *Rattagan v. Uber Techs., Inc.*, 553 P.3d 1213, 1238 (Cal. 2024) ("The required elements for fraudulent concealment are (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would have acted differently if the concealed or suppressed fact was known; and (5) plaintiff sustained damage as a result of the concealment or suppression of the material fact."). |
| Colorado | *Barnes v. State Farm Mut. Auto. Ins. Co.*, 497 P.3d 5, 11 (Colo. App. 2021) ("To establish a claim for fraudulent concealment, a plaintiff must prove (1) concealment of a material fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages."); *id.* ("To succeed on a claim for fraudulent concealment or nondisclosure, a plaintiff must show that the defendant had a duty to disclose the material information."). |
| Connecticut | *Asnat Realty, LLC v. United Illuminating Co.*, 253 A.3d 56, 64 (Conn. Ct. App. 2021) ("The four essential elements of fraud are (1) that a false representation of fact was made; (2) that the party making the representation knew it to be false; (3) that the representation was made to induce action by the other party; and (4) that the other party did so act to her detriment."); *id.* ("Fraud by nondisclosure, which expands on the first three of [the] four elements [of fraud], involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there was a duty to speak."); *Med. Device Sols., LLC v. Aferzon*, 264 A.3d 130, 162 (Conn. Ct. App. 2021) ("In the absence of [a fiduciary] duty, our Supreme Court's guidance supports the conclusion that mere nondisclosure paired with an ordinary contractual duty to disclose is insufficient to establish fraudulent concealment."). |
| Florida | *R.J. Reynolds Tobacco Co. v. Whitmire*, 260 So.3d 536, 538 (Fla. Dist. Ct. App. 2018) ("To prevail on the fraud by concealment claim, the plaintiffs had to prove the [defendants] concealed or failed to disclose a material fact; the [defendants] knew or should have known the material fact should be disclosed; the [defendants] knew their concealment of or failure to disclose the material fact would induce the plaintiffs to act; the [defendants] had a duty to disclose the material fact; and the plaintiffs detrimentally relied on the misinformation."). |
| Georgia | *Middleton v. Troy Young Realty, Inc.*, 572 S.E.2d 334, 336 (Ga. Ct. App. 2002) ("Fraud and deceit require that the plaintiff prove five essential elements: (1) false representation made by the defendant; (2) scienter, the intent to deceive; (3) intent to induce the plaintiff to act or refrain from acting in reliance upon the representation; (4) justifiable reliance by the plaintiff upon the representation; and (5) damages directly and proximately caused by reliance."); *id.* at 337 ("An obligation to disclose must exist before a party may be held liable for fraud based upon the concealment of material facts."); *Morris v. Johnstone*, 158 S.E. 308, 312 (Ga. 1931) ("Where persons sustain towards another a relation of trust and confidence, their silence when they ought to speak, or |

| States | Elements of Fraudulent Concealment, Including Requirement of Duty to Disclose |
|---|---|
| | their failure to disclose what they ought to disclose, is as much a fraud in law as an actual affirmative false representation. Mere silence on their part as to a cause, the facts giving rise to which it is their duty to disclose, amounts to a fraudulent concealment."). |
| Illinois | *Ashby v. Pinnow*, 179 N.E.3d 295, 304 (Ill. Ct. App. 2020) ("The elements needed to prove fraudulent concealment are (1) concealment of a material fact, (2) intent to induce a false belief where there exists a duty to speak, (3) that the other party could not have discovered the truth through reasonable inquiry and relied upon the silence as an indication that the concealed fact did not exist, (4) that the other party would have acted differently had it known of the concealed information, and (5) that its reliance resulted in its injury."). |
| Kentucky | *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 641 (Ky. Ct. App. 2003) ("To prevail on a claim of fraud by omission, or fraud based on failure to disclose a material fact, a plaintiff must prove: a) that the defendants had a duty to disclose that fact; b) that defendants failed to disclose that fact; c) that the defendants' failure to disclose the material fact induced the plaintiff to act; and (d) that the plaintiff suffered actual damages."); *Reuff-Griffin Decorating Co. v. Wilkes*, 191 S.W. 443, 446 (Ky. Ct. App. 1917) ("If the concealed fact is exclusively or peculiarly within the knowledge of the party to be charged, 'and there is a relation of trust or confidence between the parties by reason of which it is the duty of the one to disclose to the other the fact or facts upon which the cause of action or the immediate right to prosecute a particular remedy matures or arises, the omission to disclose what it is the special duty of the defendant to disclose is a fraudulent concealment.'"). |
| Michigan | *Fassihi v. Sommers, Schwartz, Silver, Schwartz & Tyler, P.C.*, 309 N.W.2d 645, 649 (Mich. Ct. App. 1981) ("The elements of fraud are: (1) a material representation which is false; (2) known by defendant to be false, or made recklessly without knowledge of its truth or falsity; (3) that defendant intended plaintiff to rely upon the representation; (4) that, in fact, plaintiff acted in reliance upon it; and (5) thereby suffered injury."); *id.* ("The false material representation needed to establish fraud may be satisfied by the failure to divulge a fact or facts the defendant has a duty to disclose."); *id.* ("An action based on the failure to disclose facts is one for fraudulent concealment."). |
| Missouri | *Reeves v. Keesler*, 921 S.W.2d 16, 19 (Mo. Ct. App. 1996) ("In a fraud action, the claimant must establish the following elements: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity, or his ignorance of its truth, (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the representation being true, (8) his right to rely thereon, and (9) the hearer's consequent and proximately caused injury."); *id.* at 21 ("Concealment of a fact which one has a duty to disclose properly serves as a substitute element for a false representation in the tort of fraudulent misrepresentation."). |
| New Jersey | *Jewish Ctr. of Sussex Cnty. v. Whale*, 397 A.2d 712, 714 (N.J. Ch. Div. 1978), *aff'd*, 411 A.2d 475 (N.J. App. Div. 1980), *aff'd*, 432 A.2d 521 (N.J. 1981) ("Legal fraud consists of a material misrepresentation of a presently existing or past fact made with knowledge of its falsity, with the intention that the other party rely thereon, and he does so rely to his damage."); *id.* at 89 ("The suppression of truth, the withholding of the truth when it should be disclosed, is equivalent to the expression of falsehood."); *Strawn v. Canuso*, 638 A.2d 141, 149 (N.J. Super. Ct. 1994), *aff'd*, 657 A.2d 420 (1995) ("Nondisclosure of a material fact where |

| States | Elements of Fraudulent Concealment, Including Requirement of Duty to Disclose |
|---|---|
| | there is a duty to speak is fraudulent concealment based on suppression of truth, and is equivalent to an expression of a falsehood."). |
| New York | *P.T. Bank Cent. Asia v. ABN AMRO Bank N.V.*, 301 A.D.2d 373, 376 (N.Y. App. Div. 2003) (citation omitted) ("To state a legally cognizable claim of fraudulent misrepresentation, the complaint must allege that the defendant made a material misrepresentation of fact; that the misrepresentation was made intentionally in order to defraud or mislead the plaintiff; that the plaintiff reasonably relied on the misrepresentation; and that the plaintiff suffered damage as a result of its reliance on the defendant's misrepresentation. A cause of action for fraudulent concealment requires, in addition to the four foregoing elements, an allegation that the defendant had a duty to disclose material information and that it failed to do so."). |
| North Carolina | *Eberhardt v. Meletich*, 920 S.E.2d 257, 262–263 (N.C. Ct. App. 2025) ("The elements of fraud are well established: '(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.'"); *id.* at 263 ("A claim for fraud may be based on an affirmative misrepresentation of a material fact, or a failure to disclose a material fact relating to a transaction which the parties had a duty to disclose."); *Friedland v. Gales*, 509 S.E.2d 793, 797 (N.C. Ct. App. 1998) ("To assert a claim for fraudulent concealment, there must be a showing that the opposing party knew a material fact, and failed to fully disclose that fact in violation of a pre-existing duty to disclose."). |
| Ohio | *Jones v. Gilbert*, 210 N.E.3d 689, 695 (Ohio Ct. App. 2023) ("The elements that need to be proven to support a claim for fraudulent concealment are that 1) there was an actual concealment, 2) of a material fact, 3) with knowledge of the concealment, 4) with the intent to mislead another into relying, 5) which causes justifiable reliance by a party with a right to rely, and 6) the relying party suffers damages as a result."); *Schmitz v. Natl. Collegiate Athletic Assn.*, 67 N.E.3d 852, 868 (Ohio Ct. App. 2016), *aff'd sub nom. Schmitz v. Nat'l Collegiate Athletic Ass'n*, 122 N.E.3d 80 (Ohio 2018) ("Although generally captioned simply as a 'fraud claim,' Ohio courts have consistently recognized 'fraud by concealment' or 'fraudulent concealment' when the fraud claim raises the issue of concealing a fact when a duty to disclose exists." ). |
| Oklahoma | *Varn v. Maloney*, 516 P.2d 1328, 1332 (Okla. 1973) ("The essential elements of fraud are well settled. The proof must show a material false representation, made with knowledge of its falsity or recklessly without knowledge as to its truth or falsity, as a positive assertion, with the intention that it be acted upon by another, who does act in reliance thereon, to his injury."); *id.* ("It is equally well settled that the concealment of material facts which one is bound under the circumstances to disclose, may constitute fraud."). |
| Pennsylvania | *Gnagey Gas & Oil Co. v. Pa. Underground Storage Tank Indem. Fund*, 82 A.3d 485, 500 (Pa. Commw. Ct. 2013) ("[T]he elements to prove a claim for fraud or deceit are a misrepresentation, a fraudulent utterance thereof, an intention to induce action thereby, justifiable reliance thereon, and damage as a proximate result."); *Smith v. Renaut*, 564 A.2d 188, 192 (Pa. Super. Ct. 1989) ("[F]raud arises where the misrepresentation is knowingly false, where there is an intentional concealment calculated to deceive, or where there is a nonprivileged failure to disclose."); *id.* ("While a concealment may constitute fraud, mere silence is not sufficient in the absence of a duty to speak."). |

3

| States | Elements of Fraudulent Concealment, Including Requirement of Duty to Disclose |
|---|---|
| Tennessee | *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 625 (Tenn. 2002) ("[T]his Court explained that to establish fraudulent concealment, a plaintiff must prove the following: (1) that the defendant took affirmative action to conceal the cause of action or remained silent and failed to disclose material facts despite a duty to do so; (2) that the plaintiff could not have discovered the cause of action despite exercising reasonable care and diligence; (3) that the defendant had knowledge of the facts giving rise to the cause of action; and (4) that the defendant concealed material facts from the plaintiff by withholding information or making use of some device to mislead the plaintiff, or by failing to disclose information when he or she had a duty to do so."); *Shadrick v. Coker*, 963 S.W.2d 726, 735-36 (Tenn. 1998) ("When there is a relationship involving trust and confidence between the parties which would impose a duty to make a full disclosure of the material facts, mere silence or nondisclosure may constitute concealment."). |
| Texas | *Emerald Texas, Inc. v. Peel,* 920 S.W.2d 398, 403 (Tex. App. 1996) ("The elements of fraud based on misrepresentation are: (1) a material representation was made; (2) it was false; (3) when the representation was made, the speaker knew it was false or the statement was made recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker made the representation with the intent that it should be acted upon by the other party; (5) the other party acted in reliance upon the representation; and (6) the party thereby suffered injury."); *id.* ("Concerning fraudulent concealment, a failure to disclose information is not fraudulent unless one has an affirmative duty to disclose, such as where a confidential or fiduciary relationship exists."). |
| Vermont | *Fuller v. Banknorth Mortg. Co.*, 788 A.2d 14, 16 (Vt. 2001) (emphasis in original) ("Our case law establishes that, in order to state a claim for fraud based on fraudulent concealment, a plaintiff must demonstrate: (1) concealment of facts, (2) affecting the essence of the transaction, (3) not open to the defrauded party's knowledge, (4) by one with knowledge and a *duty to disclose*, (5) with the intent to mislead, and (6) detrimental reliance by the defrauded party."); *id.* ("We have stressed the essential nature of the duty to disclose to a claim for fraudulent concealment in numerous cases."). |
| Virginia | *Doe by & Through Doe v. Baker*, 857 S.E.2d 573, 589 (Va. 2021) (citations omitted) ("To sustain a claim of actual fraud, the plaintiff must prove a false representation, of a material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage. Concealment of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist constitutes actionable fraud."); *id.* at 589–590 ("[I]n Virginia, '[s]ilence does not constitute concealment in the absence of a duty to disclose.'"). |

4

# Appendix F

# APPENDIX F: NEGLIGENT MISREPRESENTATION

| States | Elements of Negligent Misrepresentation, Including Duty Requirement |
|---|---|
| Alabama | "The elements of a misrepresentation claim are 1) a misrepresentation of material fact, 2) made willfully to deceive, recklessly, without knowledge, or mistakenly, 3) which was reasonably relied on by the plaintiff under the circumstances, and 4) which caused damage as a proximate consequence." *Bryant Bank v. Talmage Kirkland & Co.*, 155 So.3d 231, 238 (Ala. 2014). "A negligent misrepresentation constitutes legal fraud." *Id.* at 235; *see also Ray v. Montgomery*, 399 So.2d 230, 232 (Ala. 1980) ("There is no duty to disclose facts when information is not requested, and mere silence does not constitute fraud in the absence of a confidential relationship."). |
| California | "The elements of a negligent misrepresentation are '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" *Borman v. Brown*, 273 Cal.Rptr.3d 868, 879 (Cal. Ct. App. 2021). "Among the fundamental elements of the tort of negligent misrepresentation is that the defendant has made a 'misrepresentation.'" *Levine v. Blue Shield of Cal.*, 117 Cal.Rptr.3d 262, 277 (Cal. Ct. App. 2010). "[T]he 'misrepresentation' element of the tort of negligent misrepresentation may be established by showing 'the suppression of fact by one *bound to disclose it*.'" *Id.* (emphasis in original). |
| Colorado | "We now adopt the rationale of Restatement (Second) Torts § 552 (1976), which sets forth the following elements necessary to state a claim for relief in negligent misrepresentation. '(1) One who, in the course of his business profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'" *First Nat. Bank in Lamar v. Collins*, 616 P.2d 154, 155 (Colo. App. 1980). "The duty underlying the tort of negligent misrepresentation—to refrain from supplying false information to others for guidance in a transaction involving a pecuniary interest—is recognized at common law." *A Good Time Rental, LLC v. First Am. Title Agency, Inc.*, 259 P.3d 534, 541 (Colo. App. 2011). |
| Connecticut | "To establish liability for negligent misrepresentation, a plaintiff must be able to demonstrate by a preponderance of the evidence: '(1) that the defendant made a misrepresentation of fact (2) that the defendant knew or should have known was false, and (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result.'" *Stuart v. Freiberg*, 116 A.3d 1195, 1204 (Conn. 2015). "Liability for negligent misrepresentation may be placed on an individual when there has been 'a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak.'" *Johnnycake Mountain Assocs. v. Ochs*, 932 A.2d 472, 479 (Conn. Ct. App. 2007). |
| Florida | "Florida has adopted the law on negligent misrepresentation as set forth in section 552 of the Restatement (Second) of Torts." *FLA Orthopedics, Inc. v. Am. Ins. Co.*, 896 So.2d 1, 3 (Fla. Dist. Ct. App. 2004). "The Restatement provides that a negligent misrepresentation claim arises where: … One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Id.* |
| Georgia | "[T]he essential elements for a claim of negligent misrepresentation are: (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury |

| States | Elements of Negligent Misrepresentation, Including Duty Requirement |
|---|---|
| | proximately resulting from such reliance." *Coe v. Proskauer Rose, LLP*, 878 S.E.2d 235, 242 (Ga. 2022). "In order to establish negligence or negligent misrepresentation, plaintiff [] had to initially prove that a duty owed to her was breached." *Shaw v. Cook Cnty. Fed. Sav. & Loan Ass'n*, 228 S.E.2d 326, 328 (Ga. Ct. App. 1976). |
| Illinois | "To state a claim for negligent misrepresentation, a plaintiff must allege: (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information." *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 843 N.E.2d 327, 332 (Ill. 2006). "In order to state a cause of action for negligent misrepresentation, plaintiff's complaint must first allege facts establishing a duty owed by the defendant to communicate accurate information." *Brogan v. Mitchell Int'l, Inc.*, 692 N.E.2d 276, 278 (Ill. 1998). |
| Kentucky | "Restatement (Second) of Torts § 552 … outlines the elements of negligent misrepresentation as follows: … One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 580 (Ky. 2004). "Because we find § 552 to be consistent with Kentucky case law, we join the majority of jurisdictions and hereby adopt § 552's standards for negligent misrepresentation claims in this jurisdiction." *Id.* at 582. |
| Michigan | *Alfieri v. Bertorelli*, 813 N.W.2d 772, 775 (Mich. Ct. App. 2012) ("A claim for negligent misrepresentation requires plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care."). |
| Missouri | "The elements of a claim for negligent misrepresentation are: (1) the speaker supplied information in the course of his business; (2) because of a failure by the speaker to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's justified reliance on the information, the listener suffered a pecuniary loss." *Ryann Spencer Grp., Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 288 (Mo. Ct. App. 2008). "Fraudulent misrepresentation and negligent misrepresentation can arise from a person's affirmative misrepresentations or from passive nondisclosure. But nondisclosure is only actionable when the defendant had a duty to disclose the information." *Wengert v. Thomas L. Meyer, Inc.*, 152 S.W.3d 379, 382 (Mo. Ct. App. 2004) (citations omitted). |
| New Jersey | "A 'negligent misrepresentation constitutes [a]n incorrect statement, negligently made and justifiably relied on, [and] may be the basis for recovery of damages for economic loss … sustained as a consequence of that reliance.'" *Singer v. Beach Trading Co.*, 876 A.2d 885, 890-891 (N.J. App. Div. 2005) (cleaned up). "In order to determine whether any statements by defendants were negligently made, it is necessary to determine whether defendants owed plaintiff a duty to exercise reasonable care in |

2

| States | Elements of Negligent Misrepresentation, Including Duty Requirement |
|---|---|
| | communicating facts about her employment to prospective employers and, if so, whether communication of false information was a breach of that duty." *Id.* at 74. |
| New York | *Away Env't, Inc. v. Town of Clarkstown*, 241 A.D.3d 478, 478-479 (N.Y. App. Div. 2025) ("In order to state a cause of action for negligent misrepresentation, a plaintiff must allege '(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect [or withheld]; and (3) reasonable reliance on the information [or omission].'"). |
| North Carolina | *Turpin v. Charlotte Latin Schs., Inc.*, 900 S.E.2d 352, 365 (N.C. Ct. App. 2024), *review on additional issues allowed*, 910 S.E.2d 357 (N.C. 2025) ("The tort of negligent misrepresentation occurs when (1) a party justifiably relies (2) to his detriment (3) on information prepared without reasonable care (4) by one who owed the relying party a duty of care."). |
| Ohio | "The elements of negligent misrepresentation are (1) one who, in the course of his or her business, profession, or employment, or in any other transaction in which he or she has a pecuniary interest; (2) supplies false information for the guidance of others in their business transactions; (3) is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information; and (4) if he or she fails to exercise reasonable care or competence in obtaining or communicating the information." *Austin v. Warrensville Heights*, 176 N.E.3d 67, 73 (Ohio Ct. App. 2021). "[W]here negligent misrepresentation claims have been recognized, the courts have emphasized the existence of a duty to provide accurate information to the plaintiff that goes beyond the common-law duty to exercise reasonable care to prevent foreseeable harm." *Id.* at 75. |
| Oklahoma | *Lopez v. Rollins*, 303 P.3d 911, 916, *as corrected* (Feb. 19, 2013) ("Oklahoma has adopted the Restatement (Second) of Torts § 552 for negligent misrepresentation: One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."). |
| Pennsylvania | "Negligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and; (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999). "Moreover, like any action in negligence, there must be an existence of a duty owed by one party to another." *Id.* |
| Tennessee | *Addaman v. Lanford*, 46 S.W.3d 199, 203 (Tenn. Ct. App. 2000) ("The elements of the tort of negligent misrepresentation are described in Section 552 of the Restatement (Second) of Torts: (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon this information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."). |
| Texas | "The four elements of negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; |

3

| States | Elements of Negligent Misrepresentation, Including Duty Requirement |
|---|---|
|  | and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Tukua Invs., LLC v. Spenst*, 413 S.W.3d 786, 802 (Tex. App. 2013). "Negligent misrepresentation implicates only the duty of *care* in supplying commercial information; honesty or good faith is no defense, as it is to a claim for fraudulent misrepresentation." *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 664 (Tex. 1998) (emphasis in original). |
| Vermont | *Lynn v. Slang Worldwide, Inc.*, 342 A.3d 879, 886 (Vt. 2025) ("This Court has adopted the definition of negligent misrepresentation from the Restatement (Second) of Torts: … 'One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'"). |
| Virginia | "Constructive fraud requires proof, also by clear and convincing evidence, 'that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of … reliance upon the misrepresentation.'" *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998). "The essence of constructive fraud is negligent misrepresentation." *Id.* (holding that "allegations of constructive fraud are nothing more than allegations of negligent performance of contractual duties and are, therefore, not actionable in tort" since "[a] tort action cannot be based solely on a negligent breach of contract"). |

4

# Appendix G

# APPENDIX G: UNJUST ENRICHMENT

| States | Elements of Unjust Enrichment |
|---|---|
| Alabama | *Avis Rent A Car Sys., Inc. v. Heilman*, 876 So.2d 1111, 1122-1123 (Ala. 2003) ("To prevail on a claim of unjust enrichment, the plaintiff must show that the 'defendant holds money which, in *equity and good conscience*, belongs to the plaintiff or holds money which was improperly paid to defendant because of *mistake or fraud.*'") (emphasis in original) (quotation marks omitted). |
| California | *Lyles v. Sangadeo-Patel*, 171 Cal.Rptr.3d 34, 40 (Cal. Ct. App. 2014) ("The elements for a claim of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.'"). |
| Colorado | *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008) ("[A] party claiming unjust enrichment must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation."). |
| Connecticut | *Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.*, 649 A.2d 518, 522 (Conn. 1994) ("Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment."). |
| Florida | *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.*, 352 So.3d 357, 359 (Fla. Dist. Ct. App. 2022) ("The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff."). |
| Georgia | *Phillips v. Blankenship*, 554 S.E.2d 231, 233 (Ga. Ct. App. 2001) ("Unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for."). |
| Illinois | *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 928 (Ill. App. Ct. 2009) ("Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery. 'Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct.' When an underlying claim of fraud, duress or undue influence is deficient, a claim for unjust enrichment should also be dismissed." (citations omitted)). |
| Kentucky | *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. Ct. App. 2009) ("For a party to prevail under the theory of unjust enrichment, they must prove three elements: (1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value."). |
| Michigan | *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006) ("[T]o sustain a claim of quantum meruit or unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant."). |
| Missouri | *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010) ("To establish the elements of an unjust enrichment claim, the plaintiff must prove that (1) he conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances. Even if a benefit is 'conferred' and 'appreciated,' if no injustice results from the defendant's retention of the benefit, then no cause of action for unjust enrichment will lie." (citations omitted)). |

| States | Elements of Unjust Enrichment |
|---|---|
| New Jersey | *Thieme v. Aucoin-Thieme*, 151 A.3d 545, 557 (N.J. 2016) ("To prove a claim for unjust enrichment, a party must demonstrate that the opposing party 'received a benefit and that retention of that benefit without payment would be unjust.'"). |
| New York | *Ryan v. Guadagnino*, 247 A.D.3d 947, 948 (N.Y. App. Div. 2026) ("To establish an unjust enrichment cause of action, a plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) it is against equity and good conscience to permit the other party to retain what is sought to be recovered." (citations and quotation marks omitted)). |
| North Carolina | *Homeq v. Watkins*, 572 S.E.2d 871, 873 (N.C. Ct. App. 2002) ("In order to properly set out a claim for unjust enrichment, a plaintiff must allege that property or benefits were conferred on a defendant under circumstances which give rise to a legal or equitable obligation on the part of the defendant to account for the benefits received."). |
| Ohio | *KN Excavation LLC v. Rockmill Brewery LLC*, 196 N.E.3d 916, 922 (Ohio Ct. App. 2022) ("The elements of an unjust enrichment claim are: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the benefit; and (3) it would be unjust to allow the defendant to retain the benefit without payment to the plaintiff."). |
| Oklahoma | *Randle v. City of Tulsa*, 556 P.3d 612, 620 (Okla. 2024) ("Our jurisprudence has defined unjust enrichment as 'a condition which results from the failure of a party to make restitution in circumstances where it is inequitable, *i.e.*, the party has money in its hands that, in equity and good conscience, it should not be allowed to retain.' … A claim for unjust enrichment requires an allegation of some active wrongdoing on the part of the person against whom recovery is sought such as fraud, abuse of confidence, or unconscionable conduct."). |
| Pennsylvania | *AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. Ct. 2001) ("The elements of unjust enrichment are 'benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.' The most significant element of the doctrine is whether the enrichment of the defendant is unjust; the doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff." (citation omitted)). |
| Tennessee | *Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006) (alteration in original) (quoting *Freeman Indus. v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005)) ("The elements of an unjust enrichment claim are: 1) '[a] benefit conferred upon the defendant by the plaintiff'; 2) 'appreciation by the defendant of such benefit'; and 3) 'acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.'"); *id.* at 756 ("The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust."). |
| Texas | *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) ("A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."). |
| Vermont | *WWSAF Special Partners Grp., LLC v. Costello, Valente & Gentry, P.C.*, 346 A.3d 927, 931 (Vt. 2025) ("To succeed on a claim for unjust enrichment, plaintiff must demonstrate that '(1) a benefit was conferred on defendant; (2) defendant accepted that benefit; and (3) it would be inequitable for defendant not to compensate plaintiff for the value of the benefit.'"). |

2

| States | Elements of Unjust Enrichment |
|---|---|
| Virginia | *Pierce v. Quintal*, 115 Va.Cir. 23 (Va. Cir. Ct. 2025) ("The elements of Unjust Enrichment are: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant was aware of that benefit and should be expected to repay; and (3) it would be unjust under the circumstances to allow the defendant to retain the benefit without paying its value."). |

3

# Appendix H

# APPENDIX H: NEGLIGENCE

| States | Elements of Negligence, Including Duty Requirement | Economic Loss Rule |
|---|---|---|
| Alabama | *Albert v. Hsu*, 602 So.2d 895, 897 (Ala. 1992) ("The elements required for recovery under a negligence theory are: (1) duty, (2) breach of duty, (3) proximate cause, and (4) injury …. '[W]here there is no duty, there can be no negligence.'") (citation omitted). | *Pub. Bldg. Auth. v. St. Paul Fire & Marine Ins. Co.*, 80 So.3d 171, 184 (Ala. 2010) ("The economic-loss rule 'prevents tort recovery when a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself.'"). |
| California | *Melton v. Boustred*, 107 Cal.Rptr.3d 481, 488-489 (Cal. Ct. App. 2010) ("The elements of a cause of action for negligence are duty, breach, causation, and damages …. Duty 'is an essential element' ….") (citation omitted). | *Rattagan v. Uber Techs., Inc.*, 553 P.3d 1213, 1224 (Cal. 2024) ("In general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage."). |
| Colorado | *English v. Griffith*, 99 P.3d 90, 93 (Colo. App. 2004) ("The elements of a negligence claim are a legal duty, a breach of the duty, causation, and damages."). | *Mid-Century Ins. Co. v. HIVE Constr., Inc.*, 567 P.3d 153, 158 (Colo. 2025) ("Under the economic loss rule, 'a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law.'"). |
| Connecticut | *Soares v. George A. Tomasso Constr. Corp.*, 66 Conn.App. 466, 470 (Conn. Ct. App. 2001) ("The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury."). | *McCarter & Eng., LLP v. Jarrow Formulas, Inc.*, 351 Conn. 186, 193 n.2 (Conn. 2025) ("The economic loss doctrine bars negligence claims for commercial losses arising out of the defective performance of contracts."). |
| Florida | *Limones v. Sch. Dist. of Lee Cnty.*, 161 So.3d 384, 389 (Fla. 2015) ("We have long held that to succeed on a claim of negligence, a plaintiff must establish the four elements of duty, breach, proximate causation, and damages."). | *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So.3d 399, 401 (Fla. 2013) ("Simply put, the economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses."). |
| Georgia | *Sheaffer v. Marriott Int'l, Inc.*, 826 S.E.2d 185, 188 (Ga. Ct. App. 2019) ("The essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages."). | *D.J. Powers Co., Inc. v. Peachtree Playthings, Inc.*, 820 S.E.2d 217, 222 (Ga. Ct. App. 2018) ("The 'economic loss rule' generally provides that a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort."). |
| Illinois | *Starr v. Ward*, 681 N.E.2d 1064, 1067 (Ill. Ct. App. 1997) ("[T]o properly set forth a cause of action for negligence, the plaintiffs must allege the existence of a duty owed by the defendant to plaintiffs, a breach of that duty by the defendant, and an injury to plaintiffs proximately caused by defendants breach of the duty."). | *Olson v. Ferrara Candy Co.*, 275 N.E.3d 439, 457, *appeal denied*, 273 N.E.3d 805 (Ill. 2025) ("The *Moorman* doctrine, also known as the economic loss doctrine, states that there can be no recovery in tort for purely economic losses."). |

| States | Elements of Negligence, Including Duty Requirement | Economic Loss Rule |
|---|---|---|
| Kentucky | *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012) ("A common law negligence claim requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury."). | *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 733 (Ky. 2011) ("The 'economic loss rule' prevents the commercial purchaser of a product from suing in tort to recover for economic losses arising from the malfunction of the product itself, recognizing that such damages must be recovered, if at all, pursuant to contract law."). |
| Michigan | *Fultz v. Union-Com. Assocs.*, 683 N.W.2d 587, 590 (Mich. 2004) ("It is well-established that a prima facie case of negligence requires a plaintiff to prove four elements: duty, breach of that duty, causation, and damages …. 'It is axiomatic that there can be no tort liability unless defendants owed a duty to plaintiff.'") (citation omitted). | *Sherman v. Sea Ray Boats, Inc.*, 649 N.W.2d 783, 784-785 (Mich. Ct. App. 2002) ("The economic loss doctrine provides that 'where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses.'"). |
| Missouri | *Parra v. Bldg. Erection Servs.*, 982 S.W.2d 278, 282 (Mo. Ct. App. 1998) ("In order to make a submissible case of negligence against the respondent, the appellant was required to plead and prove: (1) the existence of a duty on the part of the respondent to protect him from injury; (2) a breach of the respondent's duty; and (3) an injury to him directly and proximately resulting from the breach."). | *Acol v. Travers Autoplex & RV, Inc.*, 637 S.W.3d 415, 421 (Mo. Ct. App. 2021) ("The economic loss doctrine prohibits a plaintiff from seeking to recover in tort for economic losses that are contractual in nature."). |
| New Jersey | *Symbiont Sci. Eng'g & Constr., Inc. v. Ground Improvement Servs., Inc.*, 723 F.Supp.3d 363, 377 (D.N.J. 2024) ("Under New Jersey law, to assert a claim for negligence, a plaintiff must demonstrate four elements: '(1) a duty of care, (2) that the defendant breached that duty, (3) that such breach proximately caused harm, and (4) that the plaintiff suffered actual damages.'") (cleaned up). | *Sun Chem. Corp. v. Fike Corp.*, 235 A.3d 145, 150 n.2 (N.J. 2020) ("The economic loss doctrine prohibits the recovery in a tort action of economic losses arising out of a breach of contract."). |
| New York | *Melio v. John T. Mather Mem'l Hosp.*, 239 A.D.3d 725, 726 (N.Y. App. Div. 2025) ("The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach was a proximate cause of the plaintiff's injury. Without a duty running directly to the injured person, there can be no liability.") (internal quotation marks and citations omitted). | *Davies v. S.A. Dunn & Co., LLC*, 200 A.D.3d 8, 16 (N.Y. App. Div. 2021) ("To recover in negligence, a plaintiff must sustain either physical injury or property damage resulting from the defendant's alleged negligent conduct. Economic loss alone will not suffice.") (citations omitted). |

| States | Elements of Negligence, Including Duty Requirement | Economic Loss Rule |
|---|---|---|
| North Carolina | *Fussell v. N.C. Farm Bureau Mut. Ins. Co.*, 695 S.E.2d 437, 440 (N.C. 2010) ("'To state a claim for common law negligence, a plaintiff must allege: (1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach.'") (citation omitted). | *Cummings v. Carroll*, 866 S.E.2d 675, 685 (N.C. 2021) ("[T]he economic loss rule bars recovery in tort by a plaintiff against a promisor for his simple failure to perform his contract, even though such failure was due to negligence or lack of skill."). |
| Ohio | *Madden v. Prod. Concrete, Inc.*, 5 N.E.3d 36, 38 (Ohio Ct. App. 2013) ("The elements of a claim of negligence are: (1) the existence of a legal duty owing from the defendant to the plaintiff; (2) the defendant's breach of that duty; and (3) injury to the plaintiff proximately resulting from such failure."). | *Morris v. Gedraitis*, 221 N.E.3d 182, 198 (Ohio Ct. App. 2023) ("The economic loss rule generally prevents recovery in tort of damages for purely economic loss."). |
| Oklahoma | *Copeland v. Admiral Pest Control*, 933 P.2d 937, 939 (Okla. Ct. App. 1996) ("The essential elements of negligence are (1) a duty owed by defendant to protect plaintiff from injury, (2) a failure to properly exercise or perform that duty, and (3) injuries to plaintiff proximately caused by defendant's failure to exercise his duty of care."). | *Proe v. Diamond Homes*, 574 P.3d 1, 14 (Okla. Ct. App. 2025) ("The economic loss rule is a court-created doctrine that bars recovery under manufacturer's product liability for purely economic injury to the product itself."). |
| Pennsylvania | *Caskey v. Outback Steakhouse of Fla., LLC*, 804 F.Supp.3d 518, 522 (E.D. Pa. 2025) ("Under Pennsylvania law, a negligence claim consists of four elements: (1) an existence of a duty; (2) a breach of that duty; (3) causation; and (4) damages."). | *Dittman v. UPMC*, 196 A.3d 1036, 1054 (Pa. 2018) ("[I]f the duty arises under a contract between the parties, a tort action will not lie from a breach of that duty. However, if the duty arises independently of any contractual duties between the parties, then a breach of that duty may support a tort action."). |
| Tennessee | *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 858 (Tenn. 1985) ("It is axiomatic that three elements are necessary for the existence of a cause of action for negligence: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff which was proximately caused by the defendant's breach of a duty."). | *Com. Painting Co. Inc. v. Weitz Co. LLC*, 676 S.W.3d 527, 532 (Tenn. 2023) ("The economic loss doctrine is a judicially-created rule that 'operates generally to preclude contracting parties from pursuing tort recovery for purely economic or commercial losses associated with the contract relationship.'"). |
| Texas | *Ryan Constr. Servs., LLC v. Robert Half Int'l, Inc.*, 541 S.W.3d 294, 301 (Tex. App. 2017) ("To establish negligence, a party must show a duty, a breach of that duty, | *Bell v. Bay Area RV Parks, L.L.C.*, 722 S.W.3d 176, 212 (Tex. App. 2025) ("Generally, this [economic loss] rule precludes recovery in tort for economic losses resulting from a party's failure to perform |

3

| States | Elements of Negligence, Including Duty Requirement | Economic Loss Rule |
|---|---|---|
| | and damages proximately caused by the breach …. A party who has no duty cannot be liable for negligence."). | under a contract when the harm consists only of the economic loss of a contractual expectancy."). |
| Vermont | *Rubin v. Town of Poultney*, 721 A.2d 504, 506 (Vt. 1998) ("To prevail in a common law negligence action, a plaintiff must demonstrate that the defendant owed a legal duty to the plaintiff, the duty was breached, the breach constituted the proximate cause of plaintiff's harm, and plaintiff suffered actual loss or damage as a result."). | *PeakCM, LLC v. Mountainview Metal Sys., LLC*, 346 A.3d 444, 455 (Vt. 2025) ("Consequently, the economic-loss rule generally 'prohibits recovery in tort for purely economic losses.'"). |
| Virginia | *RGR, LLC v. Settle*, 764 S.E.2d 8, 16 (Va. 2014) ("[N]egligence is the violation of a legal duty which one owes to another, and where there is no legal duty there is no actionable negligence."). | *Tingler v. Graystone Homes, Inc.*, 834 S.E.2d 244, 264-265 (Va. 2019) ("Under this [economic loss] doctrine, claims for 'damages which were within the contemplation of the parties when framing their agreement' — such as economic losses and damage to property that is the subject of the agreement — remain 'the particular province of the law of contracts.'"). |

4

# Appendix I

# APPENDIX I: CIVIL CONSPIRACY

| States | Elements of Civil Conspiracy | Claim Dependent on Underlying Tortious Conduct |
|---|---|---|
| Alabama | *Hooper v. Columbus Reg'l Healthcare Sys., Inc.*, 956 So.2d 1135, 1141 (Ala. 2006) ("Civil conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means."). | *Ex parte Alabama Dep't of Transp.*, 764 So.2d 1263, 1271 (Ala. 2000) ("It is well established that 'liability for civil conspiracy rests upon the existence of an underlying wrong and [that] if the underlying wrong provides no cause of action, then neither does the conspiracy.'"). |
| California | *Rusheen v. Cohen*, 128 P.3d 713, 722 (Cal. 2006) ("The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design."). | *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 459 (Cal. 1994) ("Conspiracy is not an independent tort; it cannot create a duty or abrogate an immunity. It allows tort recovery only against a party who already owes the duty and is not immune from liability based on applicable substantive tort law principles."). |
| Colorado | *Wright v. TEGNA Inc.*, 556 P.3d 333, 345 (Colo. App. 2024), *as modified on reh'g* (July 18, 2024) ("To prove a claim for civil conspiracy, a plaintiff must establish '(1) two or more persons ... ; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof.'"). | *Falcon Broadband, Inc. v. Banning Lewis Ranch Metro. Dist. No. 1*, 474 P.3d 1231, 1244 (Colo. App. 2018) ("[T]he elements for a civil conspiracy claim require that the underlying acts be unlawful and create an independent cause of action."). |
| Connecticut | *Charter Oak Lending Grp., LLC v. August*, 14 A.3d 449, 461 (Conn. Ct. App. 2011) ("Under a civil conspiracy theory, the requisite elements are: '(1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff.'"). | *Macomber v. Travelers Prop. & Cas. Corp.*, 894 A.2d 240, 254 (Conn. 2006) ("There is, however, 'no independent claim of civil conspiracy. Rather, [t]he action is for damages caused *by acts committed pursuant to a formed conspiracy* rather than by the conspiracy itself .... Thus, to state a cause of action, a claim of civil conspiracy must be joined with an allegation of a substantive tort.'") (emphasis in original). |
| Florida | *City of Miami v. Alvarez*, 421 So.3d 802, 806 (Fla. Dist. Ct. App. 2025) ("The elements of civil conspiracy include '(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.'"). | *Tejera v. Lincoln Lending Servs., LLC*, 271 So.3d 97, 103 (Fla. Dist. Ct. App. 2019) ("There is no freestanding cause of action in Florida for 'civil conspiracy.' In order to state a claim for civil conspiracy, a plaintiff must allege an underlying independent tort."). |
| Georgia | *Sweet City Landfill, LLC v. Lyon*, 835 S.E.2d 764, 774 (Ga. Ct. App. 2019) ("To recover damages based on a civil conspiracy, a plaintiff must show that two or more persons combined either to do some act which is a tort, or else to do some lawful act by methods which constitute a tort."). | *Sweet City Landfill*, 835 S.E.2d at 774 ("Absent the underlying tort, there can be no liability for civil conspiracy."). |

| States | Elements of Civil Conspiracy | Claim Dependent on Underlying Tortious Conduct |
|---|---|---|
| Illinois | *Miller v. Hecox*, 969 N.E.2d 914, 924 (Ill. Ct. App. 2012) ("To succeed on such a [civil conspiracy] claim, a plaintiff must prove the following elements: '(1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in furtherance of which one of the conspirators committed an overt tortious or unlawful act.'"). | *Miller*, 969 N.E.2d at 924 ("A cause of action is viable only if a member of the conspiracy commits a tort in furtherance of it."). |
| Kentucky | *James v. Wilson*, 95 S.W.3d 875, 897 (Ky. Ct. App. 2002) ("As a legal term the word 'conspiracy' means a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means."). | *James*, 95 S.W.3d at 897 ("In the absence of such acts done by one or more of the conspirators and resulting in damage, no civil action lies against anyone since the gist of the civil action for conspiracy is the act or acts committed in pursuance of the conspiracy, not the actual conspiracy."). |
| Michigan | *Swain v. Morse*, 957 N.W.2d 396, 409 (Mich. Ct. App. 2020) ("A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means."). | *Mercurio v. Huntington Nat'l Bank*, 16 N.W.3d 748, 764-765 (Mich. Ct. App. 2023) ("A claim of civil conspiracy does not exist in the air; rather, the plaintiff must prove a separate, actionable tort."). |
| Missouri | *Higgins v. Ferrari*, 474 S.W.3d 630, 642 (Mo. Ct. App. 2015) ("To state a claim for civil conspiracy, Appellants must establish the following: '(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby injured.'"). | *Mark VII, Inc. v. Barthol*, 926 S.W.2d 128, 131 (Mo. Ct. App. 1996) ("Civil conspiracy is not a cause of action in and of itself; rather, it extends liability based on an underlying wrongful act."). |
| New Jersey | *LoBiondo v. Schwartz*, 970 A.2d 1007, 1029-1030 (N.J. 2009) (determining that "the well-established elements of a civil conspiracy" are "the 'combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or an injury upon another, and an overt act that results in damage'"). | *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 263 (N.J. 2005) ("Most importantly, the 'gist of the claim is not the unlawful agreement, but the underlying wrong which, absent the conspiracy, would give a right of action.'") (cleaned up). |
| New York | *Kovkov v. L. Firm of Dayrel Sewell, PLLC*, 182 A.D.3d 418, 419 (N.Y. App. Div. 2020) ("To assert a civil conspiracy claim, the complaint must allege a cognizable cause of action, agreement among the conspirators, an overt act in furtherance of the | *Kovkov*, 182 A.D.3d at 418 ("New York does not recognize an independent cause of action for civil conspiracy, which may only be asserted to connect actions of separate defendants to an underlying tort."). |

2

| States | Elements of Civil Conspiracy | Claim Dependent on Underlying Tortious Conduct |
|---|---|---|
| | agreement, intentional participation by the conspirators in furtherance of a plan or purpose, and damages."). | |
| North Carolina | *Piraino Bros., LLC v. Atl. Fin. Grp., Inc.*, 712 S.E.2d 328, 333 (N.C. Ct. App. 2011) ("The elements of a civil conspiracy are: (1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme."). | *Piraino Bros.*, 712 S.E.2d at 333 ("It is well established that 'there is not a separate civil action for civil conspiracy in North Carolina.' Instead, 'civil conspiracy is premised on the underlying act.'") (citation omitted). |
| Ohio | *Davis v. Clark Cty. Bd. of Commrs.*, 994 N.E.2d 905, 909 (Ohio Ct. App. 2013) ("A claim for civil conspiracy requires proof of 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damage.'"). | *Davis*, 994 N.E.2d at 909 ("A claim for conspiracy cannot be made [the] subject of a civil action unless something is done which, in the absence of the conspiracy allegations, would give rise to an independent cause of action."). |
| Oklahoma | *Roberson v. PaineWebber, Inc.*, 998 P.2d 193, 201 (Okla. Ct. App. 1999) ("A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means."). | *Roberson*, 998 P.2d at 201 ("Civil conspiracy itself does not create liability. To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. A conspiracy between two or more persons to injure another is not enough; an underlying unlawful act is necessary to prevail on a civil conspiracy claim."). |
| Pennsylvania | *Marion v. Bryn Mawr Tr. Co.,* 288 A.3d 76, 88 (Pa. 2023) ("In order to state a cause of action for civil conspiracy, a plaintiff must show 'that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means.'"). | *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. Ct. 2004) ("Additionally, 'absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act.'"). |
| Tennessee | *Lane v. Becker*, 334 S.W.3d 756, 763 (Tenn. Ct. App. 2010) ("An actionable civil conspiracy is a combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff."). | *Lane*, 334 S.W.3d at 763 ("A claim for civil conspiracy 'requires an underlying predicate tort allegedly committed pursuant to the conspiracy.' Conspiracy, standing alone, is not actionable where the underlying tort is not actionable.") (citations omitted). |
| Texas | *Agar Corp., Inc. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019) ("[W]e defined the elements of civil conspiracy as: '(1) two or more persons; (2) an object to be accomplished; (3) a | *Agar Corp.*, 580 S.W.3d at 140-141 ("We have repeatedly called civil conspiracy a 'derivative tort,' meaning it depends on some underlying tort or other illegal act. Our use of the |

3

| States | Elements of Civil Conspiracy | Claim Dependent on Underlying Tortious Conduct |
|---|---|---|
| | meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.'"). | word 'derivative' in this context means a civil conspiracy claim is connected to the underlying tort and survives or fails alongside it.") (citation omitted). |
| Vermont | *Manheimer v. Our Ct. Tennis Club*, 2023 WL 5341142, at *5 (Vt. Aug. 18, 2023) ("To make out a claim for conspiracy, a plaintiff must allege the existence of 'a combination of two or more persons to effect an illegal purpose, either by legal or illegal means, or to effect a legal purpose by illegal means.'"). | *Manheimer*, 2023 WL 5341142, at *5 ("In a civil [conspiracy] action, even if there is an illegal purpose, 'there can be no recovery unless illegal means were employed.'"). |
| Virginia | *Citizens for Fauquier Cnty. v. SPR Corp.*, 37 Va.Cir. 44 (Va. Cir. Ct. 1995) ("[A] civil conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object, or a lawful object by unlawful or oppressive means."). | *Citizens for Fauquier Cnty.*, 37 Va.Cir. 44 ("Where there is no actionable claim for the underlying alleged wrong, there can be no action for civil conspiracy based on that wrong."). |