# Exhibit 2

**Exhibit 3.1**

**ARTICLES OF INCORPORATION**
**OF**
**ESQURIE FINANCIAL HOLDINGS, INC.**

The undersigned, Andrew C. Sagliocca, whose address is 320 Old Country Road, Suite 101, Garden City, New York 11530, being at least eighteen years of age, acting as incorporator, does hereby form a corporation under the general laws of the State of Maryland, having the following Articles of Incorporation (the "Articles"):

**ARTICLE 1. Name.** The name of the corporation is Esquire Financial Holdings, Inc. (herein the "Corporation").

**ARTICLE 2. Principal Office.** The address of the principal office of the Corporation in the State of Maryland is c/o CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202.

**ARTICLE 3. Purpose.** The purpose for which the Corporation is formed is to engage in any lawful act or activity for which corporations may be organized under the general laws of the State of Maryland as now or hereafter in force.

**ARTICLE 4. Resident Agent.** The name and address of the registered agent of the Corporation in the State of Maryland is CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202. Said resident agent is a Maryland corporation.

**ARTICLE 5.**

**A.**    **Capital Stock.** The total number of shares of capital stock of all classes which the Corporation has authority to issue is seventeen million (17,000,000) shares, consisting of:

1.  Two million (2,000,000) shares of preferred stock, par value one cent ($0.01) per share (the "Preferred Stock"); and

2.  Fifteen million (15,000,000) shares of common stock, par value one cent ($0.01) per share, which shares may be issued as voting common stock (the "Voting Common Stock") or as non-voting common stock (the "Non-Voting Common Stock").

The aggregate par value of all the authorized shares of capital stock is one hundred fifty thousand dollars ($150,000). Except to the extent required by governing law, rule or regulation, the shares of capital stock may be issued from time to time by resolution approved by a majority of the Whole Board (rounded up to the nearest whole number) without further approval of the stockholders of the Corporation. The Corporation shall have the authority to purchase its capital stock out of funds lawfully available therefor which funds shall include, without limitation, the Corporation's unreserved and unrestricted capital surplus. For the purposes of these Articles, the term "Whole Board" shall mean the total number of directors that the Corporation would have if there were no vacancies on the Board of Directors at the time any such resolution is presented to the Board of Directors for adoption.

1

**B.** **Voting Common Stock and Non-Voting Common Stock.** Except as provided under the terms of any series of Preferred Stock and as limited by Section D of this Article 5, the exclusive voting power shall be vested in the Voting Common Stock, the holders thereof being entitled to one vote for each share of such Voting Common Stock standing in the holder's name on the books of the Corporation. The holders of the Non-Voting Common Stock will have no right to vote such shares whatsoever or to receive notice of meetings of the Corporation's stockholders, unless otherwise required by applicable law. Subject to any rights and preferences of any series of Preferred Stock, holders of Voting Common Stock and the Non-Voting Common Stock shall be identical in all other respects and shall be entitled to such dividends as may be declared by the Board of Directors out of funds lawfully available therefor. Upon any liquidation, dissolution or winding up of the affairs of the Corporation, whether voluntary or involuntary, holders of Voting Common Stock and Non-Voting Common Stock shall be entitled to receive pro rata the remaining assets of the Corporation after payment or provision for payment of all debts and liabilities of the Corporation and payment or provision for payment of any amounts owed to the holders of any series of Preferred Stock having preference over the Voting Common Stock and the Non-Voting Common Stock on distributions on liquidation, dissolution or winding up of the Corporation.

**C.** **Preferred Stock.** The Board of Directors is hereby expressly authorized, subject to any limitations prescribed by law, to provide for the issuance of the shares of Preferred Stock in series, to establish from time to time the number of shares to be included in each such series, and to fix the designation, powers, preferences and rights of the shares of each such series and any qualifications, limitations or restrictions thereof. The number of authorized shares of the Preferred Stock may be increased or decreased (but not below the number of shares thereof then outstanding) by the affirmative vote of the holders of a majority of the Voting Common Stock, without a vote of the holders of the Preferred Stock, or of any series thereof, unless a vote of any such holders is required by law or pursuant to the terms of such Preferred Stock.

**D.** **Majority Vote.** Notwithstanding any provision of law requiring the authorization of any action by a greater proportion than a majority of the total number of shares of all classes of capital stock or of the total number of shares of any class of capital stock, such action shall be valid and effective if authorized by the affirmative vote of the holders of a majority of the total number of shares of all classes outstanding and entitled to vote thereon, except as otherwise provided in these Articles.

**ARTICLE 6. Preemptive Rights.** No holder of the capital stock of the Corporation or series of stock or of options, warrants or other rights to purchase shares of any class or series of stock or of other securities of the Corporation shall have any preemptive right to purchase or subscribe for any unissued capital stock of any class or series, or any unissued bonds, certificates of indebtedness, debentures or other securities convertible into or exchangeable for capital stock of any class or series, or carrying any right to purchase stock of any class or series, except such as may be established by the Board of Directors.

**ARTICLE 7. Directors.** The following provisions are inserted for the management of the business and the conduct of the affairs of the Corporation, and for further definition, limitation and regulation of the powers of the Corporation and of its directors and stockholders:

A.	**Management of the Corporation.** The business and affairs of the Corporation shall be managed under the direction of the Board of Directors. All powers of the Corporation may be exercised by or under the authority of the Board of Directors, except as conferred on or as reserved to the stockholders by law or by these Articles or the Bylaws of the Corporation.

B.	**Number, Class and Terms of Directors; No Cumulative Voting.** The number of directors constituting the Board of Directors of the Corporation shall initially be fourteen (14), which number may be increased or decreased in the manner provided in the Bylaws of the Corporation; provided, however, that such number shall never be less than the minimum number of directors required by the Maryland General Corporation Law (the " MGCL ") now or hereafter in force. The directors, other than those who may be elected by the holders of any series of Preferred Stock, shall be divided into three classes with the term of office of the first class (" Class I ") to expire at the conclusion of the first annual meeting of stockholders, the term of office of the second class (" Class II ") to expire at the conclusion of the annual meeting of stockholders one year thereafter and the term of office of the third class (" Class III ") to expire at the conclusion of the annual meeting of stockholders two years thereafter, with each director to hold office until his or her successor shall have been duly elected and qualified. At each annual meeting of stockholders, directors elected to succeed those directors whose terms expire shall be elected for a term of office to expire at the third succeeding annual meeting of stockholders after their election or for such shorter period of time as the Board of Directors may determine, with each director to hold office until his or her successor shall have been duly elected and qualified.

The names of the individuals who will serve as directors of the Corporation until their successors are elected and qualify are as follows:

| Class I Directors: | Term to Expire in |
|---|---|
| Dennis Shields | 2016 |
| Selig A. Zises | 2016 |
| Christopher Seeger | 2016 |
| John Morgan | 2016 |
| Michael Skoler | 2016 |

| Class II Directors: | Term to Expire in |
|---|---|
| Russ M. Herman | 2017 |
| Robert J. Mitzman | 2017 |
| Kevin C. Waterhouse | 2017 |
| Marc Grossman | 2017 |

| Class III Directors: | Term to Expire in |
|---|---|
| Andrew C. Sagliocca | 2018 |
| Anthony Coelho | 2018 |
| Richard T. Powers | 2018 |
| Angelicque Moreno | 2018 |
| Todd Deutsch | 2018 |

Stockholders shall not be permitted to cumulate their votes in the election of directors.

3

C.        **Vacancies.** Any vacancies in the Board of Directors may be filled in the manner provided in the Bylaws of the Corporation.

D.        **Removal.** Subject to the rights of the holders of any series of Preferred Stock then outstanding, any director, or the entire Board of Directors, may be removed from office at any time, for any reason by the majority vote of the holders of the then-outstanding shares of capital stock of the Corporation entitled to vote generally in the election of directors voting together as a single class.

E.        **Stockholder Proposals and Nominations of Directors.** Advance notice of stockholder nominations for the election of directors and of business to be brought by stockholders before any meeting of the stockholders of the Corporation shall be given in the manner provided in the Bylaws of the Corporation.

**ARTICLE 8. Bylaws.** The Board of Directors is expressly empowered to adopt, amend or repeal the Bylaws of the Corporation. Any adoption, amendment or repeal of the Bylaws of the Corporation by the Board of Directors shall require the approval by a majority of the Whole Board (rounded up to the nearest whole number). The stockholders shall also have power to adopt, amend or repeal the Bylaws of the Corporation. In addition to any vote of the holders of any class or series of stock of the Corporation required by law or by these Articles, the affirmative vote of the holders of at least a majority of the voting power of all of the then-outstanding shares of the capital stock of the Corporation entitled to vote generally in the election of directors, voting together as a single class, shall be required for the adoption, amendment or repeal of any provisions of the Bylaws of the Corporation by the stockholders.

**ARTICLE 9. Maryland Business Combination Statute.** Notwithstanding any contrary provision of law, the provisions of Sections 3-601 through 3-604 of the MGCL, as now and hereafter in force, shall not apply to any "business combination" (as defined in Section 3-601(e) of the MGCL, as now and hereafter in force), of the Corporation. The holders of the stock of the Corporation shall not be entitled to exercise the rights of an objecting stockholder under Section 3-202 of the MGCL, as now and hereafter in force.

**ARTICLE 10. Indemnification, etc. of Directors and Officers.**

A.        **Indemnification.** The Corporation shall indemnify (1) its current and former directors and officers, whether serving the Corporation or at its request any other entity, to the fullest extent required or permitted by the MGCL now or hereafter in force, including the advancement of expenses under the procedures and to the fullest extent permitted by law, and (2) other employees and agents to such extent as shall be authorized by the Board of Directors and permitted by law; provided, however, that, except as provided in Section B hereof with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Board of Directors of the Corporation. The right to indemnification conferred in Section A of this Article 10 shall included the right to be paid by the Corporation the expenses incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that if the MGCL requires an advancement of expenses incurred by an

4

indemnitee in his or her capacity as a director or officers (and not in any other capacity in which service was or is rended by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of a written undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by a final judicial decision from which there is no further right to appeal that such indemnitee is not entitled to be indemnified for such expenses under Section A of this Article 10 or otherwise.

B.        **Procedure.** If a claim under Section A of this Article 10 is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. If successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall also be entitled to be reimbursed the expense of prosecuting or defending such suit. It shall be a defense to any action for advancement of expenses that the Corporation has not received both (i) an undertaking as required by law to repay such advances in the event it shall ultimately be determined that the standard of conduct has not been met and (ii) a written affirmation by the indemnitee of his good faith belief that the standard of conduct necessary for indemnification by the Corporation has been met. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) any suit by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met the applicable standard for indemnification set forth in the MGCL. Neither the failure of the Corporation (including its Board of Directors, independent legal counsel, or its stockholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the MGCL, nor an actual determination by the Corporation (including its Board of Directors, independent legal counsel, or its stockholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this Article 10 or otherwise shall be on the Corporation.

C.        **Non-Exclusivity.** The rights to indemnification and to the advancement of expenses conferred in this Article 10 shall not be exclusive of any other right which any Person may have or hereafter acquire under any statute, these Articles, the Corporation's Bylaws, any agreement, any vote of stockholders or the Board of Directors, or otherwise.

D.        **Insurance.** The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether

5

or not the Corporation would have the power to indemnify such Person against such expense, liability or loss under the MGCL.

**E.        Miscellaneous.** The Corporation shall not be liable for any payment under this Article 10 in connection with a claim made by any indemnitee to the extent such indemnitee has otherwise actually received payment under any insurance policy, agreement, or otherwise, of the amounts otherwise indemnifiable hereunder. The rights to indemnification and to the advancement of expenses conferred in Sections A and B of this Article 10 shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director or officer and shall inure to the benefit of the indemnitee's heirs, executors and administrators.

Any repeal or modification of this Article 10 shall not in any way diminish any rights to indemnification or advancement of expenses of such director or officer or the obligations of the Corporation arising hereunder with respect to events occurring, or claims made, while this Article 11 is in force.

**ARTICLE 11. Limitation of Liability.** An officer or director of the Corporation, as such, shall not be liable to the Corporation or its stockholders for money damages, except (A) to the extent that it is proved that the Person actually received an improper benefit or profit in money, property or services for the amount of the benefit or profit in money, property or services actually received; (B) to the extent that a judgment or other final adjudication adverse to the Person is entered in a proceeding based on a finding in the proceeding that the Person's action, or failure to act, was the result of active and deliberate dishonesty and was material to the cause of action adjudicated in the proceeding; or (C) to the extent otherwise provided by the MGCL. If the MGCL is amended to further eliminate or limit the Personal liability of officers and directors, then the liability of officers and directors of the Corporation shall be eliminated or limited to the fullest extent permitted by the MGCL, as so amended.

Any repeal or modification of the foregoing paragraph by the stockholders of the Corporation shall not adversely affect any right or protection of a director or officer of the Corporation existing at the time of such repeal or modification.

**ARTICLE 12. Amendment of the Articles of Incorporation.** The Corporation reserves the right to amend or repeal any provision contained in these Articles in the manner prescribed by the MGCL, including any amendment altering the terms or contract rights, as expressly set forth in these Articles, of any of the Corporation's outstanding stock by classification, reclassification or otherwise, and no stockholder approval shall be required if the approval of stockholders is not required for the proposed amendment or repeal by the MGCL, and all rights conferred upon stockholders are granted subject to this reservation.

The Board of Directors, pursuant to a resolution approved by a majority of the Whole Board (rounded up to the nearest whole number), and without action by the stockholders, may amend these Articles to increase or decrease the aggregate number of shares of stock or the number of shares of stock of any class or series that the Corporation has authority to issue.

No proposed amendment or repeal of any provision of these Articles shall be submitted to a stockholder vote unless the Board of Directors shall have (1) approved the proposed

6

amendment or repeal, (2) determined that it is advisable, and (3) directed that it be submitted for consideration at either an annual or special meeting of the stockholders pursuant to a resolution approved by the Whole Board (rounded up to the nearest whole number). Any proposed amendment or repeal of any provision of these Articles may be abandoned by the Board of Directors at any time before its effective time upon the adoption of a resolution approved by a majority of the Whole Board (rounded up to the nearest whole number).

The amendment or repeal of any provision of these Articles shall be approved by at least a majority of all votes entitled to be cast by the holders of shares of capital stock of the Corporation entitled to vote on the matter.

**ARTICLE 13. Name and Address of Incorporator.** The name and mailing address of the sole incorporator are as follows:

Andrew C. Sagliocca
320 Old Country Road, Suite 101
Garden City, NY 11530

**I, THE UNDERSIGNED** , being the incorporator, for the purpose of forming a corporation under the laws of the State of Maryland, do make, file and record these Articles, do certify that the facts herein stated are true, and, accordingly, have hereto set my hand this 20th day of July, 2015.

/s/ Andrew C. Sagliocca
Andrew C. Sagliocca, Incorporator

7