**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE CLASS ACTION SETTLEMENT ADMINISTRATION LITIGATION** <br><br> **This Document Relates To:** <br> **ALL CASES** | **Misc. Action No. 25-179 (JDB); MDL Docket No. 3162** |

**CASE MANAGEMENT ORDER NO. 2—
PRE-TRIAL MATTERS INCLUDING EARLY DISCOVERY**

In light of the case management conference held on July 28, 2026, the parties' July 20, 2026, Joint Status Report [ECF No. 151], the Court's Case Management Order No. 1 [ECF No. 118], and the entire record herein, it is hereby **ORDERED**:

1.      SEPTEMBER 2026 CASE MANAGEMENT CONFERENCE—A case management conference in this matter is set for **September 23, 2026, at 10:30 a.m.** in Courtroom 30A of the E. Barrett Prettyman United States Courthouse, 333 Constitution Ave. NW, Washington, D.C.  This conference shall address any outstanding disputes regarding the parties' forthcoming Rule 26(f) report.  The parties may also identify additional items requiring the Court's consideration at the September Management Conference in their September 2026 Joint Status Report.

2.      SEPTEMBER 2026 JOINT STATUS REPORT—The parties shall submit a Joint Status Report to the Court outlining an agenda for the September Management Conference and briefly summarizing the parties' positions on any disputed items, or notifying the Court that there are no issues requiring a conference, by not later than **September 18, 2026 at 5:00 p.m.**

1

3.    DISCOVERY AND CLASS CERTIFICATION SCHEDULE—The Court will defer setting a general discovery and class certification motion schedule in this case pending resolution of the motions to dismiss.  In advance of the September 2026 Joint Status Report, the parties shall discuss a schedule to govern further proceedings following resolution of the motions to dismiss, and the parties shall attach a proposed schedule to the Report.  If the parties cannot agree, separate proposals may be attached.

4.    EARLY DISCOVERY—In Case Management Order No. 1, the Court authorized the parties to take limited, early discovery during the pendency of motion to dismiss briefing. Included in the Court's Order were several substantive limitations on Early Discovery.  The Court clarifies those limitations here.

First, Early Discovery must pertain to (i) underlying class actions expressly identified by their case name or number in the Consolidated Class Action Complaint,[1] (ii) in which a named plaintiff in the cases consolidated in this litigation also participated in an identified underlying class action, and (iii) for which the court with jurisdiction over the underlying class action issued an order granting final approval of settlement prior to March 28, 2026.

Second, Early Discovery must pertain to (i) contracts or agreements entered into by defendants in this litigation—either with another defendant or with a third-party—or by plaintiffs' counsel in the underlying class actions, where such contracts or agreements relate to the handling or disbursement of settlement funds; or (ii) the negotiation of such contracts or agreements.

Third, contracts or agreements that pertain to the handling or disbursement of settlement funds include contracts or agreements concerning the "deposit" or "administration" of such funds. The terms "handling" and "disbursement" should not be construed narrowly, and should not be

---

[1] The Court assumes that the actions identified in the Consolidated Class Action Complaint are coextensive with those identified in the complaints filed in the 12 cases consolidated in this litigation as of March 27, 2026.

2

limited to agreements governing only the act of transmitting payments to class members.  Contracts or agreements pertaining to the "handling" or "disbursement" of settlement funds shall include, but not be limited to, contracts or agreements addressing: (1) where the funds will be deposited, (2) what interest rate the funds will earn, (3) how Settlement Administrators, Banks, or FinTech companies will be compensated for their roles in handling and disbursing the funds, (4) how the funds will be disbursed, (5) how undisbursed funds will be managed and/or allocated, and (6) how disbursed but unredeemed funds will be managed and/or redistributed.

Fourth, Requests for Production[2] pertain to agreements or contracts, or the negotiation of agreements or contracts, subject to early discovery when they seek:

    A. A covered agreement, itself;

    B. Documents attached to a covered agreement, such as amendments, schedules, or riders;

    C. Documents incorporated by reference into a covered agreement;

    D. Documents exchanged with a counterparty while negotiating a covered agreement; or

    E. Documents disclosing a covered agreement to a non-signatory.

Requests for Production do not pertain to agreements or contracts, or the negotiation of agreements or contracts, subject to early discovery when they seek:

    A. Internal memoranda, policies, calculations, or projections created or maintained while negotiating or preparing an agreement, that do not fall within one of the above five categories;

    B. Payment or receipt documents that do not fall within one of the above five categories;

    C. Tax returns that do not fall within one of the above five categories;

    D. Financial reports produced as part of a party's performance of an agreement, as opposed to its negotiation or entry into that agreement.

---

[2] These limitations apply only to requests for production, not interrogatories.  The Court finds that the parties' agreements with respect to Early Discovery interrogatories, which are not in dispute, are proper and proportional.

Fifth, during the Early Discovery period, defendants are not required to conduct third-party discovery to identify disclosures of covered agreements.  Defendants must, however, make reasonable, good-faith efforts to respond to Early Discovery requests seeking documentation of public or nonpublic disclosures of covered agreements, or asking defendants to identify such disclosures.

Sixth, the Early Discovery completion deadline is continued until **October 1, 2026**.

5.    PRESERVATION DUTIES

Plaintiffs' counsel shall preserve documents relating to the administration of settlements at issue in this case in which they were class counsel.  The Court will defer consideration of defense counsel preservation obligations pending briefing on the parties' respective Rule 26(f) obligations.

6.    RULE 26(F) OBLIGATIONS

The July 31, 2026 deadline for the parties to submit a Rule 26(f) report is continued.  The parties shall meet and confer by not later than **August 18, 2026** on any remaining Rule 26(f) issues, to include both the adequacy of disclosures to date and the scope of Rule 26(f) obligations for defendants, plaintiffs, and their respective counsel.[3]  By not later than **August 25, 2026**, the parties shall submit a Joint Status Report either notifying the Court of the parties' agreement on their respective Rule 26(f) obligations and proposing a new Rule 26(f) report deadline or proposing a briefing schedule to address outstanding disputes.

---

[3] Disclosures shall be consistent with the Court's July 10 order.  See Mem. Op. & Order at 8, ECF No. 132 (citing Case Mgmt. Order No. 1 at 7, In re Depo-Provera Prods. Liab. Litig., No. 3:25-MD-3140, MDL No. 3140 (N.D. Fla. Feb. 23, 2025), ECF No. 72).

7.      MOTION TO EXCEED PAGE LIMITS

JND Legal Administration's motion to exceed page limits [ECF No. 150] is granted.  The parties are also reminded that they should work collaboratively with leadership to reach agreements on case management matters without the Court's involvement.

8.      CRIMINAL INVESTIGATIONS OR PROCEEDINGS

Any individual parties with new information on any formal or informal criminal investigations or proceedings relevant to this case shall file updates with the Court ex parte under seal as they become aware of the new information.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Date:  July 29, 2026

5