**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE CLASS ACTION SETTLEMENT ADMINISTRATION LITIGATION**<br><br>**This document relates to: ALL CASES** | **Misc. A. No. 25-179 (JDB)**<br><br>**MDL No. 3162** |

**MEMORANDUM OPINION & ORDER**

Before the Court is the parties' Second Proposed Electronically Stored Information (ESI) Protocol. See 2d Proposed ESI Order [ECF No. 158]. Since the parties submitted their first proposal, see 1st Proposed ESI Order [ECF No. 131], and the Court provided guidance on contested aspects of that proposal, see July 10, 2026 Mem. Op. & Order [ECF No. 132] at 4–10, the parties' disputes have winnowed substantially. Their only remaining disagreement concerns how a party producing documents in discovery must validate that its productions are substantially complete.

Plaintiffs request a three-strata validation approach, including: validation of documents coded as non-responsive, validation of documents coded as responsive, and validation of documents excluded from the universe of ESI material subject to discovery review. 2d Proposed ESI Order at 49–50. They argue that this validation scheme is necessary to ensure the holistic accuracy of discovery productions, including whether the producing party collected all responsive documents for review and accurately coded those documents. Id. at 50–51.

Defendants object to plaintiffs' second and third validation strata. Id. at 53–56. They assert that there is no need to re-review documents marked responsive, because false-positive

productions—i.e., superfluous, nonresponsive document productions—do not violate defendants' discovery obligations. Id. at 54–55. They further argue that validation of documents excluded from the universe of ESI material subject to discovery review after that review is largely complete is unnecessary because the excluded documents were validated at an earlier stage. See id. at 51. The Court largely agrees with defendants' position, and will order the parties to submit a third proposed ESI protocol in line with this Opinion.

## DISCUSSION

Federal Rule of Civil Procedure 26(g) requires that a party responding to a discovery request certify that its response "is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)(A). When applying this directive to requests for production, litigants and courts are principally concerned with completeness because, barring forgery, document productions are inherently "correct" in the sense that they are not false. To ensure that a production is complete, litigants must implement quality control measures sufficient to validate that they have not excluded responsive documents from their productions. See, e.g., City of Rockford v. Mallinckrodt ARD Inc., 326 F.R.D. 489, 494 (N.D. Ill. 2018); see also July 10, 2026 Mem. Op. & Order at 10 (requiring the parties to validate their discovery productions so that "the receiving party can be confident that production is substantially complete"). Rephrased in statistical terms, producing parties must confirm that their false-negative rate falls within acceptable limits.

In their Second Proposed ESI Order, the parties to this multidistrict litigation embrace their obligation to confirm that responsive documents are not erroneously coded as non-responsive and omitted from their productions. See 2d Proposed ESI Order at 50 (agreeing that a "statistically valid random sample" of documents coded as non-responsive must be reviewed for coding accuracy). The parties disagree, however, on whether additional validation steps are necessary.

In particular, plaintiffs assert that the party producing discovery must also verify the accuracy with which it has: (1) designated documents as responsive, and (2) excluded documents from review because the document did not hit upon search terms, was a duplicate of another document, or for any other reason. Id. at 49. The Court considers these two additional validation steps in turn.

Review of documents marked responsive falls outside the bounds of litigants' Rule 26(g) obligations because such review cannot identify whether documents are missing from a production, rendering it incomplete. Confirming that documents designated responsive are truly responsive reveals only the production's false-positive rate, a proxy measure for whether the litigant has overproduced discovery material. But the Federal Rules do not prohibit parties from overproducing documents. Accordingly, this Court will not require defendants to incur additional costs re-reviewing documents that they have previously coded as responsive and intend to produce, barring claims of privilege. Cf. Fed. R. Civ. P. 26(b)(1) (declaring that parties must consider whether the burden or expense of a proposed discovery effort outweighs its likely benefit).

Unlike validation of documents coded as responsive, validation of documents excluded from discovery review altogether (the "Excluded Set") could reveal false-negatives: responsive materials that should be produced but were erroneously omitted from the universe of materials collected for discovery review. Yet the Court is puzzled why plaintiffs request review of the Excluded Set after discovery review is largely complete, given that the parties also intend to review the Excluded Set for responsive material prior to beginning that review.

ESI discovery generally proceeds in two phases: document collection and merits review. In their Second Proposed ESI Protocol, the parties set forth agreed upon parameters for collecting the universe of documents that will be subject to merits review. 2d Proposed ESI Order at 40–48. Already included in these parameters are provisions requiring parties producing discovery to

statistically validate that their document collections do not omit responsive material. For example, if a producing party uses search terms to identify the universe of documents subject to merits review, that party must, at minimum, use a statistical sampling process to validate that the documents that did not hit the agreed search terms are, in fact, nonresponsive. Id. at 43–44. The parties have similarly agreed to meet and confer on "reasonable validation and quality-control measures" should Technology Assisted Review (TAR) be used to collect documents subject to merits review. Id. at 48.

Insofar as the parties have agreed to statistically validate the completeness of the set of documents collected for merits review before even beginning that review, the Court finds that further validation of the Excluded Set after merits review is largely complete would be duplicative and unnecessary. The plaintiffs resist this conclusion by arguing that their proposed validation efforts "answer different questions at different points in time," because search term validation "tests whether agreed terms are performing as intended before review begins," while substantial completeness validation of the Excluded Set "tests whether the entire process — including all downstream coding decisions, review workflow, and production choices — resulted in a complete production at its conclusion." Id. at 51. The Court is unpersuaded by plaintiffs' contention, however, because the Excluded Set is a collection of documents excluded before merits review begins and not subject to downstream coding decisions, review workflows, and production choices.

Moreover, although plaintiffs contend that the prevailing practice is for parties producing discovery to validate the Excluded Set both upon its creation and after merits review, litigants and courts have taken a variety of approaches. See, e.g., In re Broiler Chicken Antitrust Litig., Civ. A. No. 16-8637, 2018 WL 1146371, at *4–5 (N.D. Ill. Jan. 3, 2018) (assuming that the party

producing discovery will establish "the completeness or adequacy" of the documents it collects before beginning merits review, and not requiring further validation of uncollected documents at the substantial completion stage);[1] In re Mercedes-Benz Emissions Litig., Civ. A. No. 16-881, 2020 WL 103975, at *3 (D.N.J. Jan. 9, 2020) (requiring that the plaintiffs only statistically validate their search terms, where defendants agreed to more extensively validate their productions); Pretrial Order No. 19 at 4–8, In re Depo-Provera Prods. Liab. Litig., Misc. A. No. 25-3140, MDL No. 3140 (N.D. Fla. Mar. 27, 2025), ECF No. 212 (requiring both statistical validation of search terms prior to merits review and the three-strata substantial completion validation procedure plaintiffs propose here). Accordingly, the Court will not require producing parties to incur the cost and burden to re-validate the Excluded Set at the substantial completeness stage, provided that they statistically validate that documents excluded from merits review do not contain responsive material before beginning that review. See Fed. R. Civ. P. 26(b)(1).

## CONCLUSION

For the foregoing reasons, the Court generally agrees with defendants as to how ESI discovery productions must be validated for substantial completeness. Although the Court has set out its view on the parties' respective positions, it leaves to the parties the task of revising the ESI protocol in line with the observations and conclusions in this opinion. See EEOC v. George Wash. Univ., Civ. A. No. 17-1978, 2020 WL 3489478, at *11 (D.D.C. June 26, 2020) ("Courts are not normally in the business of dictating to parties the process they should use when responding to discovery." (citation modified)). The Court reminds the parties of their duty to meet and confer in

[1] The ESI Validation Protocol in In re Broiler Chicken Antitrust Litigation also addressed how parties producing discovery must validate their use of TAR. It required parties producing discovery to specially validate documents (1) collected for merits review, (2) designated nonresponsive by TAR, and (3) not subsequently reviewed by a human. Id. at *4–5. This validation effort did not duplicate prior efforts to confirm the completeness and adequacy of the producing party's document collection, because it applied only to documents collected for merits review—not documents excluded from that review.

an effort to resolve disagreements in good faith, as they have done thus far in the litigation. See, e.g., Case Mgmt. Order No. 1 [ECF No. 118] at 4.

* * *

Upon consideration of [158] the parties' Second Proposed ESI Protocol, and the entire record herein, it is hereby ORDERED that the parties shall submit a Third Proposed ESI Protocol revised in accordance with this Opinion by not later than September 2, 2026.

/s/
JOHN D. BATES
United States District Judge

Date: August 19, 2026