UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE CLASS ACTION SETTLEMENT ADMINISTRATION LITIGATION**<br><br>**This Document Relates To: ALL CONSOLIDATED ACTIONS** | **Misc. Action No. 25-179 (JDB); MDL Docket No. 3162** |

**JOINT STATUS REPORT**
**PURSUANT TO CASE MANAGEMENT ORDER NO. 2**

Pursuant to Case Management Order No. 2 [ECF No. 153], the parties submit this Joint Status Report regarding the status of their Rule 26(f) obligations. The parties met and conferred on August 17, 2026, as directed by the Court, and have exchanged correspondence regarding their respective Rule 26(f) obligations. The parties have been unable to reach agreement on the scope of Rule 26(f) obligations applicable to this proceeding. The parties' respective positions will be fully set forth in the briefing proposed below and will be presented to the Court at the September 23, 2026 Case Management Conference.

The parties have also been unable to reach agreement on a briefing schedule and structure for this dispute. The parties provide their competing proposals below for the Court's consideration.

**Plaintiffs' Position Statement**

Defendants assert in their position statement that Plaintiffs provided only a "generalized, non-exhaustive list of purported deficiencies" making it "impossible to determine which issues are genuinely in dispute and as to which Defendants." That characterization requires context. As Plaintiffs described at the July 28, 2026 Case Management Conference, in May, Plaintiffs transmitted 22 detailed ESI Information Requests, 28 draft Requests for Production, and a

proposed conference agenda to each Defendant group. Plaintiffs also exchanged no fewer than a dozen letters with Defendants and held a Rule 26(f) conference on June 15 at which, as Plaintiffs told the Court, "not one single source was disclosed, not one single custodian beyond what was then set that day in defendants' initial disclosures." July 28 Tr. at 44. Following the Court's July 10, 2026 Order directing Defendants to provide custodian and source disclosures, and Plaintiffs' July 13 letter requesting those disclosures in writing, Defendants sat on their response for nearly two weeks and then served their supplemental disclosures after hours of Thursday, July 23, two business days before the Tuesday, July 28 Case Management Conference. At the conference, Mr. Kyle Mach told the Court the dispute was not yet ripe, not because the substance was unclear, but because Defendants had "just" supplemented their disclosures and Plaintiffs had raised concerns "last night shortly before 10 p.m." July 28 Tr. at 41. Mr. Mach urged that the parties needed to "talk about these issues together rather than in here" so Defendants would "know exactly what their complaint is to our disclosures." July 28 Tr. at 42. After Plaintiffs responded to Mr. Mach's comments, the Court observed that Plaintiffs' position "not only has some passion, but it has some merit in terms of the frustration with respect to how this has evolved." July 28 Tr. at 45. On August 6th, Plaintiffs served eight individualized deficiency letters identifying with particularity the deficiencies in each Defendant's disclosures and noting that the overarching and fundamental issue remained Defendants' failure to engage in the transparency and cooperation that Rule 26(f) requires. History is now repeating itself. Defendants again sat on their responses to Plaintiffs' August 6th letters for over two weeks, served seven supplemental disclosures as a "compromise" on August 21, most after business hours, with JND not responding at all, and then on August 24, one business day before this filing was due, asked Plaintiffs to identify every remaining deficiency.

Moreover, Defendants' piecemeal and incomplete supplemental disclosures miss the fundamental point and purpose of a Rule 26(f) conference which is what will be briefed by the parties.

Defendants' proposed briefing schedule should be rejected. Under Defendants' proposal, Plaintiffs open with 15 pages, Defendants respond with a consolidated brief of 15 pages plus up to nine individual supplemental briefs of five pages each, potentially 60 pages total, on issues Defendants have declined to identify. That is not a balanced briefing structure. *First*, Defendants have litigated this dispute collectively from the outset, rejecting separate sessions with each Defendant group, insisting on a single collective meet and confer, sending a single collective email speaking for all Defendants simultaneously, and presenting a single spokesperson on all Rule 26(f) issues. Having chosen to proceed as a collective, Defendants cannot now invoke individual circumstances to multiply their page allotment fourfold. *Second*, a reply is not merely a procedural nicety here; Plaintiffs cannot be expected to anticipate and preemptively address arguments that Defendants themselves say they cannot yet articulate. A reply is the only mechanism that ensures Plaintiffs have a meaningful opportunity to respond to whatever Defendants ultimately choose to argue. Defendants' proposal is an extension of the same conduct that has characterized this proceeding to date: Defendants refuse to disclose their positions, send responses at the last possible moment before a Court-imposed deadline or conference, refuse to engage with the fundamental question of what Rule 26(f) requires of them, and then ask Plaintiffs to identify deficiencies in disclosures made by a party that has never stated what it believes it is obligated to provide in the first place.

Plaintiffs' proposed schedule is directly in line with the Court's directive at the July 28, 2026 Case Management Conference. The Court stated it would structure briefing with plaintiffs filing first as to "what they think the shortcomings are with respect to what defendants have done,"

followed by further briefing, and expressly contemplated a "responsive brief and reply brief." July 28 Tr. at 46-47. Plaintiffs therefore propose the following sequential briefing with a reply:

- **Plaintiffs' Opening Brief**: September 8, 2026, 15 pages, 12-point font
- **Defendants' Consolidated Response**: September 15, 2026, 15 pages, 12-point font
- **Plaintiffs' Reply**: September 18, 2026, 5 pages, 12-point font

**Defendants' Position Statement**

Defendants respectfully submit that Plaintiffs' proposed schedule is neither fair nor workable under the circumstances. In response to individual supplemental disclosures served on August 21 by Defendants, Plaintiffs communicated on August 24, 2026, that they "still have disputes" regarding the custodial and non-custodial disclosures necessary to formulate a discovery plan. Later that day, Defendants requested that Plaintiffs identify the specific disputes they intend to present to the Court so that the parties could meaningfully engage on briefing schedule and structure. Plaintiffs declined to do so, instead providing a generalized, non-exhaustive list of purported deficiencies, making it impossible to determine which issues are genuinely in dispute and as to which Defendants.

Against that backdrop, Plaintiffs propose a schedule that affords them approximately two weeks to prepare an opening brief while requiring nine separate defendants to investigate Plaintiffs' alleged deficiencies, coordinate among themselves, and submit a single consolidated response in only seven days. Plaintiffs' proposal then provides Plaintiffs with an additional three days for a reply brief. In total, Plaintiffs' proposal affords themselves 17 days and 20 pages of briefing, while leaving the nine Defendants with 7 days and 15 pages. Plaintiffs further seek to foreclose any individualized briefing even though they have refused to identify the specific arguments they intend to make, or even whether the deficiencies they allege are applicable to all Defendants or

only certain ones. The remaining issues may affect different Defendants, systems, custodians, and data sources in materially different ways, but, as of now, Defendants are left in the dark as to these questions.

Defendants therefore propose the following briefing schedule:

- **Plaintiffs' Opening Brief: September 8, 2025 (15 pages)**
- **Defendants' Consolidated Opposition: September 18, 2025 (15 pages)**
    - **Individual Defendant Briefs, if necessary: September 18, 2025 (up to 5 pages)**

Defendants' proposal provides both sides with a fair opportunity to present their positions while accounting for the practical realities of coordinating briefing among multiple defendants. Defendants will endeavor to address common issues through a consolidated brief, as they have done before. At the same time, and especially because Plaintiffs have declined to identify with any specificity the issues they intend to raise, Defendants cannot determine at this stage whether individualized briefing will be necessary to address arguments unique to particular Defendants. Defendants schedule accounts for this uncertainty; Plaintiffs' schedule does not. Accordingly, Defendants respectfully submit that their proposed schedule is the more balanced and efficient approach and should be adopted.

* * *

Given the outstanding disputes, the parties respectfully request that the Court continue the deadline for submission of the Rule 26(f) report until after the September 23, 2026 Case Management Conference.

_/s/ Christopher A. Seeger_
Christopher A. Seeger
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 212-584-0700
cseeger@seegerweiss.com

Shauna Itri
Seeger Weiss LLP
325 Chestnut Street
Suite 917
Philadelphia, PA 19106
Telephone: 267-973-4265
sitri@seegerweiss.com

*Plaintiffs' Lead Counsel*

David Boies
Adam Shaw
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
914-749-8201
dboies@bsfllp.com

Bryan F. Aylstock
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ
17 E. Main St
Ste 200
Pensacola, FL 32502
850-202-1010
baylstock@awkolaw.com

Kiley Grombacher
BRADLEY/GROMBACHER, LLP
31365 Oak Crest Drive,
Suite 240
Westlake Village, CA 91361
805-270-7100
kgrombacher@bradleygrombacher.com

_/s/ Albinas Przgintas_
Albinas Przgintas
Wilmer Cutler Pickering
Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: 202-663-6000
albinas.przgintas@wilmerhale.com

Sonal N. Mehta
Wilmer Cutler Pickering
Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-858-6000
sonal.mehta@wilmerhale.com

Denis R. Hurley
Wilmer Cutler Pickering
Hale and Dorr LLP
7 World Trade Center
250 Greenwich St.
New York, NY
Telephone: 202-230-8800
denis.hurley@wilmerhale.com

*Attorneys for Defendants Epiq Systems, Inc. and Epiq Class Action & Claims Solutions, Inc.*

J. Gordon Cooney, Jr.
Franco A. Corrado
William T. McEnroe
Matthew D. Klayman
Morgan, Lewis & Bockius LLP
2222 Market Street
Philadelphia, PA 19103
Telephone: 215-963-5000
gordon.cooney@morganlewis.com
franco.corrado@morganlewis.com
william.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

Eric Lechtzin
EDELSON LECHTZIN LLP
411 S. State Street
Suite N-300
Newtown, PA 18940
(888) 758-5595
elechtzin@edelson-law.com

David S. Stone
STONE & MAGNANINI LLP
400 Connell Drive,
Suite 6200
Berkeley Heights, NJ 07922
(973) 218-1111
dstone@smcomplex.com

*Plaintiffs' Executive Committee*

Randall M. Levine
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202-373-6541
randall.levine@morganlewis.com

*Attorneys for Defendant Angeion Group LLC*

David J. Weiner
Robert J. Katerberg
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: 202-942-5000
david.weiner@arnoldporter.com
robert.katerberg@arnoldporter.com

Eskander Alex Beroukhim
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Telephone:213-243-4059
Alex.Beroukhim@arnoldporter.com

*Attorneys for Defendant JND Legal Administration*

Scott Ahmad
Reid Smith
Winston Taylor LLP
300 N. LaSalle Dr.
Chicago, IL 60654-3406
Telephone: 312-558-5600
scott.ahmad@winstontaylor.com
reid.smith@winstontaylor.com

*Attorneys for Kroll Settlement Administration LLC*

Brendan P. Cullen
Kyle W. Mach
Paul H. Lazarow
Sullivan & Cromwell LLP
550 Hamilton Avenue
Palo Alto, California 94301
Telephone: 650-461-5600
cullenb@sullcrom.com
machk@sullcrom.com
lazarowp@sullcrom.com

*Attorneys for Defendants Western Alliance Bank and Digital Settlement Technologies LLC*

Amanda L. Groves
Winston & Taylor LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213-615-1700
Amanda.Groves@winstontaylor.com

Jeffrey L. Kessler
George E. Mastoris
Tyler M. Dato
Winston & Taylor LLP
200 Park Avenue
New York, New York 10166
Telephone: 212-294-6700
Jeffrey.Kessler@winstontaylor.com
George.Mastoris@winstontaylor.com
Tyler.Dato@winstontaylor.com

Lauren E. Duxstad
Winston & Taylor LLP
200 S. Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: 305-910-0500
Lauren.Duxstad@winstontaylor.com

*Attorneys for The Huntington National Bank*

David J. Lender
Gregory Silbert

Joseph R. Rausch
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
David.Lender@weil.com
Greg.Silbert@weil.com
Joe.Rausch@weil.com

*Counsel for Defendant Blackhawk Network Holdings, Inc.*

Jess M. Krannich
John A. Pearce
Paul J. Sampson
Rebecca J. Nelson
W. Bradford Barber
Wilson Sonsini Goodrich & Rosati
95 S State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329
jkrannich@wsgr.com
jpearce@wsgr.com
psampson@wsgr.com
rnelson@wsgr.com
bbarber@wsgr.com

*Counsel for Defendant Tremendous, LLC*