**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE CLASS ACTION SETTLEMENT ADMINISTRATION LITIGATION** | **Misc. Action No. 25-179 (JDB); MDL Docket No. 3162** |
| **This Document Relates To: ALL CONSOLIDATED ACTIONS** | |

**DECLARATION OF SHAUNA ITRI IN SUPPORT OF PLAINTIFFS' OPENING BRIEF REGARDING DEFENDANTS' RULE 26(f) OBLIGATIONS**

I, Shauna Itri, declare as follows:

1. I am a partner at Seeger Weiss LLP, counsel for Plaintiffs in the above-captioned MDL. I submit this Declaration in support of Plaintiffs' Opening Brief Regarding Defendants' Rule 26(f) Obligations. I have personal knowledge of the facts stated herein based on my direct involvement in the Rule 26(f) process described below, my review of correspondence exchanged between the parties, and my attendance at the conferences referenced herein. If called as a witness, I could and would testify competently to the facts stated herein.

2. On May 28, 2026, Plaintiffs sent to all Defendants twenty-two Informal Information ESI Requests, draft requests for production, and a proposed conference agenda, and proposed in-person substantive sessions with each defendant group. These materials were served in advance of the Rule 26(f) conference required to be completed by June 30, 2026 under Case Management Order No. 1, ECF No. 118.

3. By email dated June 5, 2026, Defendants collectively declined the in-person format proposed by Plaintiffs, and proposed a single ninety-minute videoconference for all nine defendants on June 15, 2026.

4. Plaintiffs sent a letter to Defendants on June 8, 2026 setting forth what Plaintiffs believed the scope of a 26(f) conference was and a legal basis for a substantive Rule 26(f) conference.

5. By letter dated June 11, 2026, Defendants stated that they did not consider the items in Plaintiffs' letter appropriate topics for the Rule 26(f) conference and included a proposed agenda for the 26(f) conference.

6. On June 14, 2026, Plaintiffs' counsel transmitted a letter proposing revised conference agenda.

7. The parties held the initial Rule 26(f) conference on June 15, 2026. The conference lasted ninety minutes. At the conference, each of the nine defendants -- Angeion Group, LLC; Epiq Class Action and Claims Solutions, Inc.; JND Legal Administration; Kroll Settlement Administration LLC; The Huntington National Bank; Western Alliance Bank; Digital Settlement Technologies LLC; Blackhawk Network Holdings, Inc.; and Tremendous LLC -- declined to identify any custodial, non-custodial, or third-party source of discoverable information. Each Defendant declined to identify any custodian beyond those named in its Rule 26(a)(1) initial disclosures, which were also served on June 15, 2026.

8. By letter dated June 18, 2026, Plaintiffs memorialized the June 15 conference, recorded that each Defendant had declined to identify any custodial, non-custodial, or third-party source of discoverable information, and invited correction of any misstatement.

9. On July 13, 2026, Plaintiffs' counsel sent a letter demanding written custodian and source disclosures from each Defendant consistent with the Court's July 10 Order.

10. By letter dated July 16, 2026, Defendants responded to Plaintiffs' June 18 letter and disputed certain aspects of it. Defendants did not dispute the characterization that no Defendant

had identified any custodian or data source at the June 15 conference beyond what appeared in the initial disclosures.

11. On July 23, 2026, eight of the nine defendant groups served disclosures of custodial and non-custodial sources. Blackhawk Network Holdings, Inc. served its disclosures on July 27, 2026.

12. On July 24, 2026, Defendants' liaison counsel sent an email asking whether disputes regarding the 26(f) disclosures remained following the July 23 disclosures.

13. Plaintiffs' counsel responded to Defendants' email on July 25, 2026, advising that a meet and confer alone was unlikely to resolve the outstanding issues and that Plaintiffs intended to raise the Rule 26(f) disclosure disputes at the July 28 case management conference.

14. Defendants' liaison counsel sent an email on July 26, 2026, on behalf of all Defendants stating Defendants disagreed the parties had sufficiently met and conferred or that the Rule 26(f) adequacy dispute was ripe for the Court's attention.

15. On July 27, 2026, Plaintiffs' counsel responded to Defendants email stating, among other things, Plaintiffs intended to raise this dispute with the Court at the July 28 case management conference.

16. On July 29, 2026, the Court entered Case Management Order No. 2, ECF No. 153, directing the parties to confer by August 18, 2026, on any remaining Rule 26(f) issues, including the adequacy of disclosures to date and the scope of Rule 26(f) obligations, and to submit a Joint Status Report by August 25, 2026.

17. On August 6, 2026, Plaintiffs served individualized deficiency letters on each of the following defendant groups: (a) Angeion Group, LLC; (b) Epiq Class Action and Claims Solutions, Inc. and Epiq Systems, Inc.; (c) JND Legal Administration; (d) Kroll Settlement

Administration LLC and Kroll, LLC; (e) The Huntington National Bank; (f) Western Alliance Bank and Digital Settlement Technologies LLC; (g) Blackhawk Network Holdings, Inc.; and (h) Tremendous LLC.

18. On August 10, 2026 Defendants' liaison counsel sent a single group email on behalf of all Defendants acknowledging receipt of Plaintiffs' deficiency letters, stating that while Defendants disagreed that further disclosures were necessary, all Defendants would provide supplemental disclosures as a compromise, and proposing an August 17 meet and confer.

19. Plaintiffs' counsel responded on August 12, 2026, confirming the August 17 conference and requesting written responses to the deficiency letters in advance of the conference.

20. On August 13, 2026, Defendants' liaison counsel confirmed the August 17 conference and declined to provide written responses before the conference.

21. Plaintiffs' counsel sent a follow-up letter on August 14, 2026, reiterating the request for written responses before the conference and requesting the proposed August 17 meet and confer agenda. Separately, on the same day, Defendants' liaison counsel transmitted a proposed meet and confer agenda.

22. The parties held a meet and confer on August 17, 2026.

23. Plaintiffs' counsel sent a letter on August 18, 2026 to Defendants memorializing the August 17 conference and, among other things, requesting that Defendants provide their written positions before August 25.

24. On August 19, 2026, Defendants' liaison counsel responded agreeing to provide supplemental written responses that week.

25. On August 21, 2026, supplemental disclosure letters were served by the following defendant groups: (a) Angeion Group, LLC; (b) Epiq Class Action and Claims Solutions, Inc. and

Epiq Systems, Inc.; (c) Kroll Settlement Administration LLC and Kroll, LLC; (d) The Huntington National Bank; (e) Western Alliance Bank and Digital Settlement Technologies LLC; (f) Blackhawk Network Holdings, Inc.; and (g) Tremendous LLC.

26. On August 27, 2026, JND Legal Administration served a supplemental disclosure letter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of September 2026, in Philadelphia, Pennsylvania.

/s/ Shauna B. Itri
Shauna B. Itri