**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE CLASS ACTION SETTLEMENT ADMINISTRATION LITIGATION**<br><br>**This document relates to: ALL CASES** | **Misc. A. No. 25-179 (JDB)**<br><br>**MDL No. 3162** |

## MEMORANDUM OPINION & ORDER

Now before the Court in this multidistrict litigation ("MDL") are the parties' arguments regarding defendants' obligations under Federal Rule of Civil Procedure 26(f). See Pls.' Opening Br. Regarding Defs.' Rule 26(f) Obligations ("Pls.' Br.") [ECF No. 162]; Defs.' Opp'n Br. Regarding Defs.' Rule 26(f) Obligations ("Defs.' Br.") [ECF No. 171]; Pls.' Reply Brief Regarding Defs.' Rule 26(f) Obligations [ECF No. 173] ("Pls.' Reply Br.").

Rule 26(f) requires the parties to "confer" and to "develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(1)–(2). The parties held an initial Rule 26(f) conference on June 15, 2026. Decl. of Shauna Itri ("Itri Decl.") [ECF No. 162-1] ¶ 7. Plaintiffs sent defendants informal information requests and draft requests for production in advance of the conference, and defendants served Rule 26(a)(1) initial disclosures on the day of the conference.[1] Id. ¶¶ 2, 7. In July, in response to the parties' briefing on the proposed ESI Protocol Order, the Court ordered defendants to "disclose custodians and sources" and noted that "courts in other MDL cases have required that defendants share preliminary information about IT infrastructure, sources of

[1] Rule 26(a)(1) generally requires parties to disclose certain information "at or within 14 days after the parties' Rule 26(f) conference," including the name of "each individual likely to have discoverable information … that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i), (C).

discoverable material, and custodians at the Rule 26(f) conference." July 10, 2026 Mem. Op. & Order [ECF No. 132] at 8. Defendants identified custodial and non-custodial sources later that month. Itri Decl. ¶ 11. The Court then ordered the parties to meet and confer "on any remaining Rule 26(f) issues, to include both the adequacy of disclosures to date and the scope of Rule 26(f) obligations." July 29, 2026 Case Management Order [ECF No. 153] at 4. Plaintiffs served deficiency letters on defendants, Itri Decl. ¶ 17, and the parties met and conferred on August 17 but were "unable to reach agreement on the scope of Rule 26(f) obligations," Joint Status Report [ECF No. 160] at 1. Defendants served supplemental disclosures later that month. Itri Decl. ¶¶ 25–26.

At the Court's direction, the parties subsequently submitted briefs presenting their positions on the scope of defendants' Rule 26(f) obligations. See Aug. 26, 2026 Minute Order. In short, plaintiffs contend that defendants' disclosures to date are deficient in several areas, and they request an order requiring "complete disclosures addressing" those topics. Pls.' Br. at 14. Defendants deny that their disclosures are deficient. Defs.' Br. at 1. The Court addresses each purported deficiency in turn.

## I. Custodial Sources

Plaintiffs contend that defendants have not adequately identified custodians relevant to the allegations in the Consolidated Class Action Complaint. For example, plaintiffs fault "several defendant groups" for not identifying any "custodian from finance, accounting, treasury, records management, or compliance." Pls.' Br. at 10. Defendants respond that plaintiffs have failed to show how defendants' custodial disclosures are deficient at the Rule 26(f) stage. Defs.' Br. at 9–12.

The Court agrees with defendants. Defendants have identified 46 custodians and disclosed, for each one, "the subjects of discoverable information that the custodian is likely to have, the custodian's role and tenure in the company, and the relevant custodial sources." Defs.' Br. at 10; see id. at 12. To be sure, more custodians might exist at some defendants and might need to be designated in the future. But plaintiffs have not shown how any specific custodial disclosure is inadequate at this stage for discovery planning purposes. Nor have plaintiffs explained how the allegations in the Consolidated Class Action Complaint warrant additional custodians for any particular defendant.

The caselaw plaintiffs cite also does not suggest that defendants' custodial disclosures are inadequate for Rule 26(f) purposes. In the EpiPen MDL, the court explained that "absent agreement among the parties, the party who will be responding to discovery requests is entitled to select the custodians it deems most likely to possess responsive information" and that "unless the party's choice is manifestly unreasonable or the requesting party demonstrates that the resulting production is deficient, the court should not dictate the designation of ESI custodians." In re EpiPen Mktg., Sales Pracs. & Antitrust Litig., Case No. 17-md-2785, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018) (citation modified). Here, plaintiffs have not shown that defendants' choices of custodians are "manifestly unreasonable" for discovery planning. And in Griffin v. Johnson & Johnson, the court had "no reason to doubt [the defendants'] assertion" that their "five custodians can respond" to the plaintiff's interrogatories. Civ. A. No. 21-134, 2024 WL 3023600, at *4 (D. Vt. June 17, 2024). Here, the Court likewise has no basis to doubt that defendants' custodial disclosures are adequate at the Rule 26(f) planning stage.

On the current record, then, the Court cannot conclude that the custodial disclosures are deficient. If needed, the parties may litigate the issue of additional custodians during general

discovery, should the case reach that stage following the Court's rulings on defendants' pending motions to dismiss. See Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A., Civ. A. No. 15-293, 2017 WL 2305398, at *2–3 (S.D.N.Y. May 18, 2017) (explaining the standard for compelling defendants to designate more custodians during general discovery).

## II. Subject Matter Descriptions for Non-Custodial Sources

Plaintiffs claim that the "subject matter descriptions provided for non-custodial sources are generic rather than substantive." Pls.' Br. at 11. For instance, "several defendants identified a customer relationship management ['CRM'] platform without stating whether it records vendor compensation terms, referral fee arrangements, or breakage calculations." Id. The Court concludes that defendants' subject matter descriptions suffice for discovery-planning purposes. For example, the Epiq defendants explained that their CRM platform "contains information concerning prospective and existing engagements, client relationships, and sales activities," Epiq Letter [ECF No. 171-14] at 7, and defendant Angeion Group LLC stated that it uses its CRM platform "to maintain and track prospective-client and client contacts, sales opportunities, sales activity, communications, and related business-development information," Angeion Group Letter [ECF No. 171-18] at 4. Plaintiffs cite no authority indicating that Rule 26(f) requires more granular subject matter descriptions than what defendants have provided.[2]

## III. Predecessor Entities, Legacy Systems, and Inherited Data Architectures

Plaintiffs contend that defendants' Rule 26(f) disclosures are deficient because "several defendants underwent acquisitions during or before the relevant period, carrying predecessor entities, legacy systems, and inherited data architectures that have not been disclosed," and "[n]o

[2] Plaintiffs assert that "Rule 26(f)(3)(C) requires identifying sources 'through which relevant information flows.'" Pls.' Br. at 11. But Rule 26(f)(3)(C) provides only that the discovery plan "must state the parties' views and proposals" on "any issues about disclosure, discovery, or preservation of electronically stored information." Plaintiffs do not explain how defendants' subject matter descriptions fail to facilitate this aspect of discovery planning.

defendant has described what happened to data from any predecessor system." Pls.' Br. at 11. Defendants reply that Rule 26(f) does not require "disclosure of Defendants' comprehensive IT history" and that plaintiffs' request "goes far beyond the disclosure of 'preliminary information about IT infrastructure' contemplated in the Court's July 10 Order." Defs.' Br. at 14.

The Court largely agrees with plaintiffs. To the extent defendants carry undisclosed predecessor IT systems from past acquisitions that hold information from the relevant time period (i.e., the time period relevant to the allegations in the Consolidated Class Action Complaint), plaintiffs are entitled at this stage to know what those systems are, which types of data they contain, and whether defendants have migrated data from the predecessor systems to other systems.[3] Disclosing this limited information would facilitate discovery planning by helping the parties identify the systems on which relevant data may be stored. And it would not require defendants to release their "comprehensive IT history" or to provide more than "preliminary information about IT infrastructure." Id. The Court will not, however, require defendants to disclose "what steps have been taken to preserve information from [predecessor] systems." Pls.' Br. at 14. Defendants represent that they are complying with their preservation obligations, see Defs.' Br. at 17, and Rule 26(f) "does not require any particular disclosures relating to preservation protocols," Edlefsen v. IHC Health Servs., Inc., Civ. A. No. 25-167, 2026 WL 1146394, at *1 (D. Utah Apr. 28, 2026).

## IV. How to Locate or Retrieve Relevant Material

Plaintiffs highlight that "[n]o defendant has addressed how relevant material can be located or retrieved from any disclosed source." Pls.' Br. at 12. The Court agrees with defendants that the Stipulated ESI Protocol Order already addresses this issue. For instance, if "a Producing Party elects to use search terms to review and produce Custodial and Non-Custodial Data," the Order

[3] To the extent undisclosed predecessor IT systems from past acquisitions do not contain data from the relevant time period, defendants need not disclose them at this stage.

requires the parties to "cooperate in testing, evaluating, and revising the appropriateness of any search terms or search term methodology." Stipulated ESI Protocol Order [ECF No. 172] § V.C.a.2. And if "a Producing Party elects to use search terms to identify potentially relevant or responsive Short Message Communications, the Parties may meet and confer within a reasonable period of time after the start of general discovery, but prior to collection and processing of Short Message Communications, to separately develop search terms specifically tailored to messaging data." Id. § V.C.a.11 (emphasis added). The Court sees no need to revisit the procedures set forth in the Stipulated ESI Protocol Order for locating or retrieving relevant material.

## V. Volume Estimates

Plaintiffs seek "estimate[s] of the volume of potentially relevant data by source." Pls.' Br. at 12. Without this information, plaintiffs claim, "effective and targeted search terms and [technology-assisted review] protocols cannot be developed," "proportionality cannot be assessed," and "no discovery plan can be built." Id. The Court will not require defendants to provide volume estimates at the Rule 26(f) stage. General discovery has not opened, so any volume estimates defendants compute now based on plaintiffs' anticipated document requests would be overly speculative and unhelpful.[4] As defendants suggest, volume estimates may be appropriate after plaintiffs have served discovery requests during general discovery, should the case proceed to that stage.

## VI. Mobile Device Management Software

Plaintiffs contend that defendants have not provided adequate "[m]obile device disclosures." Pls.' Br. at 12. Specifically, several defendants acknowledge that disclosed

[4] Plaintiffs have sent to defendants "twenty-two Informal Information ESI Requests" and "draft requests for production." Itri Decl. ¶ 2. But it would be premature to require defendants to provide volume estimates in response to these preliminary, pre-general-discovery requests.

custodians "used personal devices for substantive business communications but do not identify whether Mobile Device Management ('MDM') software was in place and when it was implemented." Id. Plaintiffs argue that they need MDM software information "to evaluate whether personal device data has been preserved or can be collected without third-party process." Id. at 13. Plaintiffs thus request disclosures regarding defendants' MDM software, including "whether the disclosed custodians' personal devices are subject to that software." Id. at 14; see Pls.' Reply Br. at 6. Defendants respond that any concern about mobile device data not being preserved is "unfounded" and that they have already "disclosed information regarding mobile devices or preservation obligations where relevant." Defs.' Br. at 17–18.

The Court mostly agrees with plaintiffs. For discovery-planning purposes, plaintiffs are entitled to know (1) whether the disclosed custodians have potentially relevant data on their personal devices and (2) whether defendants have control over that data under an employee technology use policy and any associated MDM software. See Order Regarding Disclosure of Information at 1, 7, In Re Pork Antitrust Litig., Civ. A. No. 18-1776, ECF No. 290 (D. Minn. Feb. 7, 2019) (requiring parties to disclose, before "discovery commences," "policies concerning use by employees of cellphones, notebook computers, and tablets for business purposes"); Order on Discovery Pending Resolution of Motions to Dismiss at 16, In Re Cattle Antitrust Litig., Civ. A. No. 19-1222, ECF No. 196 (D. Minn. Apr. 14, 2020) (similar); Order Regarding Disclosure of Information at 7, In Re Broiler Chicken Antitrust Litig., Civ A. No. 16-8637, ECF No. 264 (N.D. Ill. Dec. 21, 2016) (similar). That information will help plaintiffs determine whether they can obtain relevant data from defendants exclusively or whether they may also need to serve third-party subpoenas on disclosed custodians. The Court will thus require each defendant to disclose, to the extent it has not done so already, whether its disclosed custodians have potentially relevant

data on their personal devices; whether the defendant had Bring Your Own Device ("BYOD") or other similar employee technology use policies during the relevant time period, and when those policies took effect; whether the defendant had MDM software in place for those policies; and whether those policies cover the disclosed custodians' personal devices. But the Court will not require defendants to disclose "what preservation steps have been taken for personal device data." Pls.' Br. at 14; see Edlefsen, 2026 WL 1146394, at *1.

## VII. Transaction Data Rooms

Finally, plaintiffs seek complete disclosures addressing "[t]ransaction data rooms from any acquisition or investment transaction involving the defendant or any predecessor business during the relevant period." Pls.' Br. at 14. The Court declines to order disclosure of this information at this time. Plaintiffs have not shown how transaction data rooms constitute "an independent source of information that cannot be replicated from operational systems." Id. at 13. Nor have plaintiffs explained how the allegations in the Consolidated Class Action Complaint necessitate Rule 26(f) disclosures about so broad a topic as "[t]ransaction data rooms from any acquisition or investment transaction involving the defendant or any predecessor business during the relevant period." Id. at 14 (emphasis added). The parties may, if needed, litigate disclosure issues related to data rooms during general discovery.

* * *

Upon consideration of [162] plaintiffs' opening brief regarding defendants' Rule 26(f) obligations, [171] defendants' opposition brief, [173] plaintiffs' reply brief, and the entire record herein, for the foregoing reasons, it is hereby **ORDERED** that plaintiffs' request for relief is **GRANTED IN PART** and **DENIED IN PART**. It is further **ORDERED** that each defendant shall disclose, to the extent it has not done so already, (1) any predecessor IT systems from past

acquisitions that hold data from the relevant time period (i.e., the time period relevant to the allegations in the Consolidated Class Action Complaint), which types of data these systems contain, and whether the defendant has migrated data from the predecessor systems to other systems; and (2) whether the defendant's disclosed custodians have potentially relevant data on their personal devices, whether the defendant had BYOD or other similar employee technology use policies during the relevant time period, when those policies took effect, whether the defendant had MDM software in place for those policies, and whether those policies cover the disclosed custodians' personal devices. It is further **ORDERED** that defendants shall provide these disclosures to plaintiffs by not later than October 20, 2026. It is further **ORDERED** that the parties shall jointly submit their Rule 26(f) report by not later than November 20, 2026.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: October 5, 2026