**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE CLASS ACTION SETTLEMENT ADMINISTRATION LITIGATION**<br><br>**This Document Relates To:**<br>**ALL CASES** | **Misc. Action No. 25-00179 (JDB)**<br>**MDL Docket No. 3162** |

**<u>JOINT RULE 26(f) REPORT AND GENERAL DISCOVERY PLAN</u>**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3 ("LCvR 16.3"), Case Management Order No. 1 (Dkt. 118) ("CMO No. 1"), and the Court's Memorandum Opinion & Order on Defendants' Rule 26(f) obligations (Dkt. 174), Plaintiffs and Defendants (collectively, the "Parties") have met and conferred and hereby respectfully submit this Joint Rule 26(f) Report and General Discovery Plan, summarizing the Parties' recommendations regarding the terms on which the case should proceed.

## I. NATURE OF CLAIMS

This multidistrict litigation consolidates for pretrial purposes multiple putative class actions alleging that court-appointed class action settlement administrators conspired with banks and FinTech companies to artificially depress the payouts received by class members. In the operative Consolidated Class Action Complaint (Dkt. 123) (the "Complaint"), which supersedes all underlying complaints, Plaintiffs assert claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, aiding and abetting fraud, fraudulent concealment, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), civil conspiracy, negligent misrepresentation, negligence, unjust enrichment, and violations of Section 1 of the

Sherman Act. Defendants — comprised of three categories, (1) the "Administrator Defendants";[1] (2) the "Bank Defendants";[2] and (3) the "FinTech Defendants"[3] — dispute Plaintiffs' allegations and have filed motions to dismiss the Complaint.[4] The motions to dismiss are fully briefed. The American Bankers Association submitted a brief as amicus curiae in support of the Bank Defendants' motion. (Dkt. 188.) The Court granted the Association's motion for leave to file the brief (Dkt. 176) on November 3, 2026. Plaintiffs filed their response to the American Bankers Association's amicus brief on November 13, 2026. (Dkt. 190.)

## II. EARLY DISCOVERY

Case Management Order No. 1 authorized limited Early Discovery by interrogatories and requests for production during motion to dismiss briefing. (Dkt. 118 ¶ 4.) Case Management Order No. 2 clarified the scope of Early Discovery and extended the completion deadline to October 1, 2026. (Dkt. 153 ¶ 4.) The scope of Early Discovery "is not determinative of the scope of general discovery." (Dkt. 118 ¶ 4.) On November 5 and 6, 2026, Plaintiffs sent letters to each Defendant regarding Defendants' Early Discovery productions. On November 13, 2026, Defendants responded jointly and requested a meet and confer.

---

[1] The Administrator Defendants are Angeion Group LLC ("Angeion"); Epiq Class Action & Claims Solutions, Inc. ("ECA") and Epiq Systems, Inc., ECA's corporate parent (collectively, "Epiq"); JND Holdings, LLC d/b/a JND Legal Administration ("JND"); and Kroll Settlement Administration LLC ("KSA") and Kroll, LLC, KSA's corporate parent (collectively, "Kroll").

[2] The Bank Defendants are The Huntington National Bank ("Huntington") and Western Alliance Bank ("Western Alliance").

[3] The FinTech Defendants are Blackhawk Network Holdings, Inc. ("Blackhawk"); Digital Settlement Technologies LLC ("Digital Disbursements"); and Tremendous, LLC ("Tremendous").

[4] On July 17, 2026, Defendants filed three joint motions to dismiss (Dkt. 143 (Administrator Defendants); Dkt. 149 (Bank Defendants); Dkt. 142 (FinTech Defendants)), and four individual motions to dismiss (Dkt. 144 (JND); Dkt. 146 (Epiq); Dkt. 147 (Kroll); Dkt. 148 (Angeion)).

## III. RULE 26(F) CONFERENCE AND CORRESPONDENCE

CMO No. 1, dated April 30, 2026, instructed the Parties to complete their Rule 26(f) conferences by June 30, 2026, and to file a Rule 26(f) Report & General Discovery Plan by July 31, 2026. (Dkt. 118 ¶ 1.) The Parties held a Rule 26(f) conference on June 15, 2026. (Dkt. 174.) In advance of the conference, on May 28, 2026, Plaintiffs provided Defendants with a proposed agenda, informal ESI information requests, and draft requests for production, and the Parties also conferred further, before and after that conference, by letter and through meet-and-confer calls relating to the ESI protocol, protective order, and Rule 26(f) obligations. Defendants provided Rule 26(a)(1) disclosures on June 15, 2026. Following the Court's July 10, 2026 Order, Dkt. 132 at 8, Defendants provided written custodial and non-custodial source disclosures on July 23, 2026 (Blackhawk on July 27, 2026). Case Management Order No. 2 continued the July 31, 2026 deadline for the Rule 26(f) report. (Dkt. 153 ¶ 6.) As directed by Case Management Order No. 2, the Parties met and conferred on August 17, 2026 regarding the adequacy of the disclosures to date and the scope of Rule 26(f) obligations. (Dkt. 153 ¶ 6; Dkt. 162-1 ¶ 22.) Defendants provided supplemental disclosures on August 21, 2026 (JND on August 27, 2026). (Dkt.162-1 ¶¶ 25–26.)

The Parties then briefed the remaining issues regarding Defendants' obligations under Fed. R. Civ. P. 26(f), Dkts. 162, 171, 173, and the Court resolved them and issued an order regarding Defendants' Rule 26(f) obligations on October 5, 2026 (Dkt. 174), and Defendants have since provided updated disclosures to Plaintiffs as described further in Section IV.E below.

## IV. POSITIONS OF THE PARTIES WITH RESPECT TO THE MATTERS LISTED IN LCvR 16.3(C)

The following sets forth the Parties' respective positions and/or agreement as to the matters listed in LCvR 16.3. For items on which the Parties were unable to reach an agreement

during the above-described conferences and correspondence, the Parties' respective positions were set forth in the July 20, 2026 Joint Status Report (Dkt. 151) ("July 20 JSR") and September 18, 2026 Joint Status Report (Dkt. 170) ("September 18 JSR") and are summarized below.

**A. Dispositive Motions and Stay of General Discovery (LCvR 16.3(c)(1), (6))**

Defendants have filed motions to dismiss, which are fully briefed. The Court has deferred setting a general discovery schedule pending their resolution. (Dkt. 153 ¶ 3.) The Parties anticipate filing motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. (*See* Dkt. 73 at 28.) Both proposed schedules set dispositive motions 60 days after the close of expert discovery (with Defendants' proposed deadline without prejudice to any party bringing a dispositive motion earlier), oppositions 60 days later, and replies 30 days after that. (Dkt. 170-1 at 2 ("September 18 JSR Ex. A," Defendants' Proposed Schedule); Dkt. 170-2 at 2 ("September 18 JSR Ex. B," Plaintiffs' Proposed Schedule).)

**B. Joinder of Parties and Amendment of Pleadings (LCvR 16.3(c)(2))**

The Parties have not identified factual or legal issues that can be agreed upon or narrowed at this time.

***Defendants' Position.*** Assuming any claims survive the pending motions to dismiss, Defendants propose that any other parties shall be joined and/or the pleadings shall be amended within 21 days from the Court's ruling on the pending motions to dismiss.

***Plaintiffs' Position.*** Plaintiffs propose that any other parties shall be joined and/or the pleadings shall be amended within 60 days from the Court's ruling on the pending motions to dismiss, unless the Court's ruling provides otherwise. Plaintiffs reserve the right to seek leave to amend or supplement the Consolidated Class Action Complaint and to join additional parties, including defendants, under Federal Rules of Civil Procedure 15(a)(2), 15(d), 20, and 21, and to

seek modification of any deadline for good cause under Rule 16(b)(4), including on the basis of information first produced in discovery.

**C. Assignment to a Magistrate Judge (LCvR 16.3(c)(3))**

At this time, the Parties do not believe it is necessary for the Court to refer any matter to a U.S. magistrate. (*See* Dkt. 73 at 30.)

**D. Possibility of Settlement and Alternative Dispute Resolution (LCvR 16.3(c)(4), (5))**

The Parties have not identified any measures which they currently believe will facilitate resolution of this matter. (*See* Dkt. 73 at 30.)

**E. Rule 26(a) Initial Disclosures and Rule 26(f) Disclosures (LCvR 16.3(c)(7))**

The parties exchanged Rule 26(a) initial disclosures on June 15, 2026, pursuant to CMO No. 1 ¶ 1. Plaintiffs sent Defendants supplemental Rule 26(a) initial disclosures on July 18, 2026. Defendants provided disclosures in accordance with Rule 26(f) between July 23, 2026 and July 27, 2026, between August 21, 2026 and August 27, 2026, and on October 20, 2026.

Defendants' Rule 26(f) disclosures identified a total of 46 custodians and a variety of custodial and non-custodial sources that may contain potentially responsive information. (Dkt. 174 at 3; Dkt. 171 at 1.) The Court has noted that additional custodians may be addressed during general discovery. (Dkt. 174 at 3–4.)

**F. Timing and Extent of and Limitations on Discovery (LCvR 16.3(c)(8)-(10))**

**1. Timing of Discovery**

The Parties' positions regarding discovery timing are set forth in the July 20 JSR and September 18 JSR. (*See* July 20 JSR at 1–18; September 18 JSR at 2; September 18 JSR Ex. A (Defendants' proposed schedule); September 18 JSR Ex. B (Plaintiffs' proposed schedule).)

***Defendants' Position.*** Under Defendants' proposed schedule, "Defendants would answer any surviving claims within 60 days of the Court's motion to dismiss ruling; general discovery would open upon the filing of those answers; and the schedule would then proceed through fact discovery and class-certification briefing, with the deadlines governing expert discovery and additional dispositive motions to be set by an interim joint status report filed within 14 days after the Court's ruling on class certification." (July 20 JSR at 2.) Plaintiffs' insistence on a substantial completion deadline and certification requirement is unnecessary and "likely to become a source of collateral disputes." (*See* July 20 JSR at 7.)

***Plaintiffs' Position.*** Plaintiffs' proposed schedule (September 18 JSR Ex. B) sets out the following sequence, each event keyed to a ruling denying Defendants' motions to dismiss. General discovery opens 14 days after that ruling. (September 18 JSR Ex. B at 1.) Document production must be "substantially complete" 150 days after general discovery opens, and the producing party must serve a written certification of substantial completion on or before that deadline. (*Id.*) Fact depositions are to be completed 180 days after substantial completion. (*Id.*) Plaintiffs' motion for class certification and class-certification expert disclosures and reports are due 90 days after fact depositions are complete; Defendants' opposition and class-certification expert disclosures and reports are due 90 days after Plaintiffs' motion; and Plaintiffs' reply and rebuttal expert disclosures and reports are due 60 days after Defendants' opposition. (*Id.*) Fact discovery closes 90 days after the Court's class certification decision, and merits expert reports are due 90 days after that decision. (*Id.* at 1–2.) Plaintiffs' positions on substantial completion deadline are set forth in the July 20 JSR.

**2. Extent of Discovery**

***Defendants' Position.*** Depending on the resolution of the motions to dismiss and the Court's guidance on a discovery schedule, discovery may be appropriate regarding the

following general categories, in possession of Defendants, Plaintiffs, Plaintiffs' counsel, and third parties:

- Agreements, documents, and/or communications related to the administration, disbursement, and holding of relevant class action settlement funds;
- Documents and communications related to relevant qualified settlement fund accounts;
- Documents, communications, and court records related to relevant settlement agreements;
- Documents and communications related to the provision of digital payment services to class administrators and other financial technology companies; and
- Documents and communications related to Plaintiffs' claims and alleged injuries and damages.

Defendants do not waive the right to seek discovery on other subjects and do not concede that any discovery sought by Plaintiffs is relevant or proportional to the needs of the case.

***Plaintiffs' Position.*** Plaintiffs anticipate seeking discovery on the following subjects: (1) agreements relating to the deposit, handling, administration, and disbursement of settlement funds, including master service agreements, escrow and account agreements, and their negotiation and performance; (2) interest credited on settlement deposits, comparable rates, and the flow of funds into and out of settlement accounts; (3) compensation, revenue sharing, rebates, and referral fees among Defendants, including through affiliated entities; (4) prepaid card and digital disbursement programs, including fees, expiration, breakage, interchange, and the disposition of unredeemed balances; (5) the selection of depository banks and payment providers, including bids and proposals; (6) disclosures to courts, class counsel, class members, and regulators, including settlement notices and distribution plans; (7) claimant payment-selection processes; (8) internal financial analyses, accounting, and tax reporting of the revenue at issue;

(9) industry guidelines and communications among market participants; (10) facts bearing on class certification and damages; and (11) the formation, operation, and concealment of the arrangements alleged in the Consolidated Class Action Complaint, including communications and agreements between and among Defendants and any non-parties relating to the Bank Interest Track and the Digital Disbursement Track. By listing these subjects, Plaintiffs do not waive the right to seek discovery on other subjects or concede that discovery Defendants will be seeking is relevant or proportional.

**3. Protective Order and ESI Protocol Order**

The Court entered the Stipulated Protective Order on July 31, 2026 (Dkt. 156). The Stipulated Protective Order includes the Parties' agreement under Federal Rule of Evidence 502, including a clawback procedure for privileged documents produced in discovery. (Dkt. 156.) The Stipulated Protective Order governs the designation and handling of Confidential and Highly Confidential – Outside Counsel Only material, including material produced by third parties. (Dkt. 156 ¶¶ 1, 3, 12.) When sending a subpoena to or seeking discovery by any other means from a third party, the Parties must include copies of any Protective Order(s) in effect at the time. (*See* Dkt. 156 ¶ 11.)

The Court entered the Stipulated Order Regarding Production of Electronically Stored Information, Electronic Documents or Data, and Hard Copy Documents on September 21, 2026 (Dkt. 172). The Stipulated ESI Protocol Order addresses search methodology, technology-assisted review, and validation process and procedures to establish substantial completion (Dkt. 172 §§ V.C–E); the format of Plaintiffs' productions (*id.* § VI); and third-party document requests (*id.* § VIII).

Under the Stipulated ESI Protocol Order, documents withheld as privileged must be logged within 60 days after each production, using a metadata-based privilege log; categorical

logs are not permitted. (Dkt. 172 § VII.A–B.) The Order also sets the required log format and fields (*id.* § VII.C–E); procedures for requesting further explanation and for challenging privilege claims and redactions (*id.* § VII.F–H); and categories of documents that need not be logged (*id.* § VII.I).

#### 4. Limitations on Discovery

The Parties anticipate conferring on and propose that the Court defer deciding on any modification of the default limits of discovery until after the Court rules on the motions to dismiss.

### H. Expert Discovery, LCvR 16.3(c)(11)

The Parties do not currently anticipate any changes to the content of expert disclosures under Rule 26(a)(2). The only anticipated adjustment relates to timing and sequence of class certification experts under Rule 26(a)(2)(D). Both proposed schedules provide for expert disclosures in two stages: (1) class certification expert disclosures and reports served with the class certification briefs (September 18 JSR Ex. A at 1; September 18 JSR Ex. B at 1); and (2) merits expert reports served after the Court's ruling on class certification, followed by rebuttal reports and the close of expert discovery (September 18 JSR Ex. A at 2; September 18 JSR Ex. B at 2). Plaintiffs propose that each expert be deposed once, for no more than 7 hours absent agreement or leave of Court, during expert discovery, which would close 60 days after rebuttal expert disclosures. (September 18 JSR Ex. B at 2.) Defendants propose the same 60-day cut-off after rebuttal reports, but Defendants believe that it is premature at this time to address the timing, number, or length of expert depositions. (September 18 JSR Ex. A at 2.)

### I. Class Certification Procedures, LCvR 16.3(c)(12)

The Parties' proposed dates for the class certification motion, opposition, reply, and associated expert disclosures are set out in the September 18 JSR Ex. A and September 18 JSR

Ex. B. The Parties' disagreement about class certification timing is addressed in Dkt. 73 at 39–40; July 20 JSR at 5–8, 15–17; and September 18 JSR at 2. Neither proposed schedule addresses oral argument, an evidentiary hearing, or a date for the Court's decision on class certification. Under Initial Procedure Order No. 1, "[h]earings shall not be held on any motions, except by order of the Court upon such notice as the Court may direct," Dkt. 8 ¶ 10, and the Parties defer to the Court on whether to hold oral argument or an evidentiary hearing on the class certification motion and on the timing of its decision.

### J. Bifurcation and Class Action Issues (LCvR 16.3(c)(13))

Defendants' position is that it is premature to determine whether a trial itself should proceed on a single track. Plaintiffs' position is that trial should not be bifurcated and state that neither of the Parties' proposed schedules previously filed with the Court provides for bifurcating the trial. (*See* September 18 JSR Ex. A; September 18 JSR Ex. B.)

The Parties each state that class and merits discovery should proceed on a single track, rather than in bifurcated phases, but they disagree about whether Defendants' proposed schedule achieves that. The Parties' positions are set out in the following filings: (1) the July 20, 2026 Joint Status Report, including Defendants' position, July 20 JSR at 5–8, and Plaintiffs' position, July 20 JSR at 15–17; and (3) the September 18, 2026 Joint Status Report, which attaches each side's proposed schedule and identifies the remaining disputes, September 18 JSR at 2; September 18 JSR Ex. A; and September 18 JSR Ex. B.

### K. Date for Pretrial Conference (LCvR 16.3(c)(14))

The Parties believe that the Court should set the date for pretrial conference, if any, after its ruling on any summary judgment motions.

**J. Trial Date (LCvR 16.3(c)(15))**

The Parties believe that the Court should set a trial schedule, if any, including trial dates, after its ruling on any summary judgment motions.

Dated: November 19, 2026

Respectfully submitted,


/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 212-584-0700
cseeger@seegerweiss.com

Shauna Itri
SEEGER WEISS LLP
325 Chestnut Street
Suite 917
Philadelphia, PA 19106
Telephone: 267-973-4265
sitri@seegerweiss.com

*Plaintiffs' Lead Counsel*

David Boies
Adam Shaw
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
914-749-8201
Email: dboies@bsfllp.com

Bryan F. Aylstock
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ
17 E. Main St
Ste 200
Pensacola, FL 32502
850-202-1010
Email: baylstock@awkolaw.com

Kiley Grombacher
BRADLEY/GROMBACHER, LLP

/s/ Albinas Prizgintas
Albinas Prizgintas
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: 202-663-6000
albinas.prizgintas@wilmerhale.com

Sonal N. Mehta
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-858-6000
sonal.mehta@wilmerhale.com

Denis R. Hurley
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY
Telephone: 202-230-8800
denis.hurley@wilmerhale.com

*Attorneys for Defendants Epiq Systems, Inc. and Epiq Class Action & Claims Solutions, Inc.*

/s/ J. Gordon Cooney, Jr.
J. Gordon Cooney, Jr.
Franco A. Corrado
William T. McEnroe
Matthew D. Klayman
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street

31365 Oak Crest Drive,
Suite 240
Westlake Village, CA 91361
805-270-7100
Email:
kgrombacher@bradleygrombacher.com

Eric Lechtzin
EDELSON LECHTZIN LLP
411 S. State Street
Suite N-300
Newtown, PA 18940
(888) 758-5595
Email: elechtzin@edelson-law.com

David S. Stone
STONE & MAGNANINI LLP
400 Connell Drive,
Suite 6200
Berkeley Heights, NJ 07922
(973) 218-1111
Email: dstone@smcomplex.com

*Plaintiffs' Executive Committee*

Philadelphia, PA 19103
Telephone: 215-963-5000
gordon.cooney@morganlewis.com
franco.corrado@morganlewis.com
william.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

Randall M. Levine
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202-373-6541
randall.levine@morganlewis.com

*Attorneys for Defendant Angeion Group LLC*

*/s/ David J. Weiner*
David J. Weiner
Robert J. Katerberg
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: 202-942-5000
david.weiner@arnoldporter.com
robert.katerberg@arnoldporter.com

Eskander Alex Beroukhim
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Telephone: 213-243-4059
Alex.Beroukhim@arnoldporter.com
*Attorneys for Defendant JND Legal Administration*

*/s/ Scott Ahmad*
Scott Ahmad
Reid Smith
WINSTON TAYLOR LLP
300 N. LaSalle Dr.
Chicago, IL 60654-3406
Telephone: 312-558-5600
scott.ahmad@winstontaylor.com
reid.smith@winstontaylor.com

*Attorneys for Kroll Settlement Administration LLC and Kroll, LLC*

*/s/ Brendan P. Cullen*
Brendan P. Cullen
Kyle W. Mach
Paul H. Lazarow
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, California 94301
Telephone: 650-461-5600
cullenb@sullcrom.com
machk@sullcrom.com
lazarowp@sullcrom.com

*Attorneys for Defendants Western Alliance Bank and Digital Settlement Technologies LLC*

*/s/Amanda L. Groves*
Amanda L. Groves
WINSTON & TAYLOR LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213-615-1700
Amanda.Groves@winstontaylor.com

Jeffrey L. Kessler
George E. Mastoris
Tyler M. Dato
WINSTON & TAYLOR LLP
200 Park Avenue
New York, New York 10166
Telephone: 212-294-6700
Jeffrey.Kessler@winstontaylor.com
George.Mastoris@winstontaylor.com
Tyler.Dato@winstontaylor.com

Lauren E. Duxstad
WINSTON & TAYLOR LLP
200 S. Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: 305-910-0500
Lauren.Duxstad@winstontaylor.com

*Attorneys for The Huntington National Bank*

*/s/ David J. Lender*
David J. Lender
Gregory Silbert
Joseph R. Rausch
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
David.Lender@weil.com
Greg.Silbert@weil.com
Joe.Rausch@weil.com

*Attorneys for Defendant Blackhawk Network Holdings, Inc.*

*/s/ Jess M. Krannich*
Jess M. Krannich
John A. Pearce
Paul J. Sampson
Rebecca J. Nelson
W. Bradford Barber
WILSON SONSINI GOODRICH & ROSATI
95 S State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329
jkrannich@wsgr.com
jpearce@wsgr.com
psampson@wsgr.com
rnelson@wsgr.com
bbarber@wsgr.com

*Attorneys for Defendant Tremendous, LLC*